Jesse C. Trentadue (#4961)
Carl F. Huefner (#1566)
Noah M. Hoagland (#11400)
Britton R. Butterfield (#13158)
**SUITTER AXLAND, PLLC**
8 East Broadway, Suite 200
Salt Lake City, UT  84111
Telephone: (801) 532-7300
Facsimile: (801) 532-7355
E-Mail: jesse32@sautah.com
E-Mail: nhoagland@sautah.com
E-Mail: bbutterfield@sautah.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HONORABLE CLAIR M. POULSON, Judge of the Duchesne County Justice Court; and DEREK DALTON, | |
| Plaintiffs, | **COMPLAINT FOR DECLARATORY and INJUNCTIVE RELIEF** |
| v. | |
| UTE INDIAN TRIBE OF THE UINTAH and OURAY RESERVATION; BUSINESS COMMITTEE FOR THE UTE TRIBE OF THE UINTAH and OURAY RESERVATION; TRIBAL COURT FOR THE UTE TRIBE OF THE UINTAH and OURAY RESERVATION; IRENE C. CUCH, in her official capacity as Chairman of the Business Committee for the Ute Tribe; RONALD J. WOPSOCK, in his official capacity as Vice-Chairman of the Business Committee for the Ute Tribe; | Civil No. 2:12-cv-00497  Judge: Brooke C. Wells |

| | |
|---|---|
| FRANCES M. POOWEGUP, in her official capacity as a Member of the Business for the Ute Tribe; STUART PIKE, SR., in his official capacity as a Member of the Business for the Ute Tribe; RICHARD JENKS, JR., in his official capacity as a Member of the Business for the Ute Tribe; PHILLIP CHIMBURAS, in his official capacity as a Member of the Business for the Ute Tribe; HONORABLE SMILEY ARROWCHIS, in his official capacity as Chief Judge of the Ute Trial Court; DEAN REED; LYNDA KOZLOWICZ; EDSON GARDNER; KOZLOWICZ & GARDNER ADVOCATE, INC., a Ute Indian corporation; and ATHENYA SWAIN | : : : : : : : : : : : : : : : : |
| Defendants. | |

COMES NOW the Honorable Clair M. Poulson and Derek Dalton (collectively "Plaintiffs"), by way of *Complaint* against the Ute Indian Tribe of the Uintah and Ouray Reservation, the Business Committee for the Ute Indian Tribe of the Uintah and Ouray Reservation, the Tribal Court for the Ute Indian Tribe of the Uintah and Ouray Reservation, Irene C. Cuch, Ronald J. Wopsock, Frances M. Poowegup, Stuart Pike, Sr., Richard Jenks, Jr., Phillip Chimburas, the Honorable Smiley Arrowchis, Dean Reed, Lynda Kozlowicz, Edson Gardner, Kozlowicz & Gardner Advocate, Inc., and Athenya Swain.

2

# I.
# NATURE OF THE CASE

1. This action arises out of the arrests of and/or criminal charges being brought against members of the Ute Indian Tribe by Duchesne County, Utah. As a result of these arrests and/or charges, members of the Ute Indian Tribe persist in bringing actions in the Ute Tribal Court against Duchesne County Deputy Sheriffs, Judges of the Duchesne County Justice Court and other Duchesne County officials and/or employees. By these actions, members of the Ute IndianTribe seek an award of damages for alleged civil rights violations and to enjoin their prosecutions for violations of State and/or local laws.

2. By this action, Plaintiffs are seeking to have this Court review the question of the Ute Tribal Court's jurisdiction and lawful authority over them. Specifically, Plaintiffs are asking for a declaratory judgment to the effect that the Ute Tribal Court lacks subject matter jurisdiction to hear the claims being brought against them in the Ute Tribal Court and, based upon that ruling, for an *Order* enjoining the prosecution of these claims in the Ute Tribal Court.

3. In the alternative, if this Court determines that Plaintiffs are subject to suit in the Ute Tribal Court, then Plaintiffs are asking for a declaratory judgment to the effect that the Ute Tribal Court is a *"Federal Actor"* so as to entitle

Plaintiffs to the full protections of the *United States Constitution* in all proceedings before the Ute Tribal Court, and for an *Order* enjoining the Ute Tribal Court from denying Plaintiffs their rights under the *United States Constitution*.

## II.
## PARTIES

4. At all times relevant to this action, Plaintiff Clair M. Poulson ("Poulson") was a Judge of the Duchesne County Justice Court.

5. At all times relevant to this action, Plaintiff Derek Dalton ("Dalton") was a Duchesne County Deputy Sheriff.

6. Defendant Ute Indian Tribe of the Uintah and Ouray Reservation ("Ute Tribe") is a federally recognized tribe with its headquarters at Fort Duchesne, Utah.

7. Defendant Business Committee of the Ute Indian Tribe of the Uintah and Ouray Reservation ("Ute Business Committee") is the governing body of the Ute Tribe.

8. Defendant Tribal Court for the Ute Indian Tribe of the Uintah and Ouray Reservation ("Ute Tribal Court") is located at Fort Duchesne, Utah. The Ute Tribal Court is controlled by the Ute Business Committee and the Chief Judge of the Ute Tribal Court.

9. Defendant Irene C. Cuch is Chairwoman of the Ute Business Committee. Ms. Cuch is being sued solely in her official capacity as Chairwoman of the Ute Business Committee.

10. Defendant Ronald J. Wopsock is Vice-Chairman of the Ute Business Committee. Ms. Wopsock is being sued solely in his official capacity as Vice-Chairman of the Ute Business Committee.

11. Defendant Frances M. Poowegup is a Member of the Ute Business Committee. Ms. Poowegup is being sued solely in her official capacity as Member of the Ute Business Committee.

12. Defendant Stuart Pike, Sr. is a Member of the Ute Business Committee. Mr. Pike is being sued solely in his official capacity as Member of the Ute Business Committee.

13. Defendant Richard Jenks, Jr. is a Member of the Ute Business Committee. Mr. Jenks is being sued solely in his official capacity as Member of the Ute Business Committee.

14. Defendant Phillip Chimburas is a Member of the Ute Business Committee. Mr. Chimburas is being sued solely in his official capacity as Member of the Ute Business Committee.

15. Defendant Smiley Arrowchis is the Chief Judge of the Ute Tribal Court. The Honorable Smiley Arrowchis is being sued solely in his official capacity as the Chief Judge of the Ute Tribal Court.

16. Defendant Athenya Swain claims to be a member of the Ute Tribe. Swain is currently facing charges in the Duchesne County Justice Court in *State v, Athenya Ray Swain*, Case No. 12500079.

17. Swain has sued the Honorable Clair M. Poulson in the Ute Tribal Court to enjoin her prosecution.[1]

18. Defendant Dean Reed ("Reed") claims to be a member of the Ute Tribe. Reed was arrested by Plaintiff Dalton on or about January 4, 2012 for speeding and driving with a suspended license. Reed is currently facing charges in the Duchesne County Justice Court in *State v. Dean Lynn Reed,* Case No. 12500011.

19. Reed has sued Deputy Dalton in the Ute Tribal Court to enjoin his prosecution for speeding and driving with a suspended license. In that Ute Tribal Court action, Reed also seeks an award of damages from Deputy Dalton for alleged

---

[1] A copy of Swain's Tribal Court *Complaint* is attached hereto as Exhibit 1 and incorporated by reference.

civil rights violations.[2]

20.     Defendant Lynda Kozlowicz ("Kozlowicz") claims to be a member of the Ute Tribe.  Kozlowicz has intervened as *Amicus Curiae* in the Ute Tribal Court action on behalf of Defendant Reed.

21.     Defendant Edson Gardner ("Gardner") is not a member of the Ute Indian Tribe.  Nevertheless, Gardner has also joined with Kozlowicz in intervening as *Amicus Curiae* in the Ute Tribal Court action on behalf of Reed.

22.     Defendant Kozlowicz & Gardner Advocate, Inc. claims to be a corporation organized under the laws of the Ute Tribe.  Upon information and belief, Defendants Kozlowicz and Gardner own Defendant Kozlowicz & Gardner Advocate, Inc., and use that corporation as a front to bring lawsuits against Duchesne County officials and employees in the Ute Tribal Court.

23.     Claiming to be "Ute Tribal Advocates," Defendants Kozlowicz and Gardner make a practice of suing Duchesne County officials and employees in the Ute Tribal Court.

24.     These actions being brought in the Ute Tribal Court against Duchesne County officials and employees, by Defendants Kozlowicz and Gardner, which

---

[2] A copy of Reed's Tribal Court *Complaint* is attached hereto as Exhibit 2 and incorporated by reference.

own Defendant Kozlowicz & Gardner Advocate, Inc., are disruptive of County law enforcement efforts.

25.     Unless otherwise indicated, the Ute Tribe, Ute Business Committee, Ute Tribal Court, Irene C. Cuch, Ronald J. Wopsock, Frances M. Poowegup, Stuart Pike, Sr., Richard Jenks, Jr., Phillip Chimburas, the Honorable Smiley Arrowchis, Athenya Swain, Dean Reed, Lynda Kozlowicz, Edson Gardner and Kozlowicz & Gardner Advocate, Inc. shall be collectively referred to as "Defendants."

### III.
### JURISDICTION and VENUE

26.     This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 because it raises a substantial federal question as to the scope of the Ute Tribal Courts' jurisdiction over Plaintiffs.[3]

27.     Venue is proper under 28 U.S.C. § 1391, and the remedies-relief sought by Plaintiffs are authorized under 28 U.S.C. §§ 2201 and 2202.

28.     It is not necessary for Plaintiffs to exhaust the remedies that might otherwise be available to them in Ute Tribal Court because the actions of the Defendants are patently violative of express jurisdictional prohibitions against the

---

[3] *See National Farmers Union Ins. Cos. v. Crow Indian Tribe*, 471 U.S. 845, 852, (1985).

Ute Tribal Court's assertion of any jurisdiction over Plaintiffs.[4]

## IV.
## **GENERAL ALLEGATIONS**

29. The Ute Tribal Court is housed in a building constructed upon land held in trust for the Ute Tribe by the United States of America, and overseen by the Bureau of Indian Affairs. The Ute Tribal Court provides Ute judicial services to the Ute Tribe that would otherwise have to be provided by the United States of America through the Bureau of Indian Affairs.

30. Pursuant to 25 U.S.C. §§ 3611 through 3631, the Ute Tribal Court is funded and supported by the United States of America. Pursuant to *Public Law* 93-638, the Ute Tribe has contracted with the Bureau of Indian Affairs to operate the Ute Tribal Court.

31. Pursuant to the Ute Tribe's *Public Law* 93-638 contract with the Bureau of Indian Affairs, Ute Tribal Court personnel, including the Judges in that Court, are federal employees.

32. Plaintiffs and other Duchesne County officials or employees who are

---

[4] *See Nevada v. Hicks*, 533 U.S. 353 (2001); *MacArthur v. San Juan County,* 391 F. Supp. 2d 895, 1037 (D. Utah 2005); *Montana DOT v. King*, 191 F.3d 1108 (9th Cir. 1999); *Montana v. Gilham*, 133 F.3d 1133 (9th Cir. 1997); *Stift v. Lynch*, 267 F.2d 237 (7th Cir. 1959).

subject to the jurisdiction of the Ute Tribal Court are not entitled to the *due process* and/or other rights normally guaranteed to them under the *United States Constitution* in Federal and State judicial proceedings.[5]

33.     In the Ute Tribal Court, the only rights guaranteed to Plaintiffs are those rights set forth in 25 U.S.C. § 1302, which do not include, among others, the right to a jury trial, the right to a trial by a jury of their peers since in the Ute Tribal Court only members of the Ute Tribe can serve on juries, and the *due process* accorded Plaintiffs before the Ute Tribal Court is defined by the Ute Tribe and not by the *United States Constitution*.

## V.
## FIRST CLAIM FOR RELIEF
**(Review or Tribal Court Jurisdiction)**

34.     Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs.

35.     An existing and actual controversy within this Court's jurisdiction exists between Plaintiffs and the Defendants concerning the Ute Tribal Court's jurisdiction over the claims being asserted against Plaintiffs in the Ute Tribal

---

[5] *See Talton v. Mayes,* 163 U.S. 376 (1986)*; Trans-Canada Enter. v. Muckleshoot Indian Tribe*, 634 F.2d 474, 476 (9th Cir. 1980); *Settler v. Lameer*, 507 F.2d 231, 241-47(9th Cir. 1974).

Court.

36. By this *Complaint*, Plaintiffs seek a declaration pursuant to 28 U.S.C. §§2201 and 2202 that the Ute Tribal Court has exceeded the lawful limits of its jurisdiction and/or otherwise lacks subject matter jurisdiction over the claims being asserted against Plaintiffs by Defendants Swain, Reed, Kozlowicz, Gardner and Kozlowics & Gardner Advocate, Inc.

37. By this *Complaint*, Plaintiffs likewise seek an *Order* from this Court enjoining the Ute Tribal Court from proceeding to hear the matters being asserted against them by Defendants Swain, Reed, Kozlowicz, Gardner and Kozlowicz & Gardner Advocate, Inc.; and further enjoining these Defendants from continuing to prosecute those claims.

## VI.
## SECOND CLAIM FOR RELIEF
### (Alternative Claim Enforcement of Constitutional Right)

38. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs.

39. Because of the United States of America's funding, support, oversight and control of the Ute Tribal Court, the Ute Tribal Court and its personnel are *Federal Actors* so as to entitle Plaintiffs and others who are subject to the

jurisdiction of the Ute Tribal Court to the full protections of the *United States Constitution*.

40.　In the event that the Court determines that Plaintiffs are subject to the jurisdiction of the Ute Tribal Court, then Plaintiffs are entitled to the *due process* and other rights that would be accorded to them under the *United States Constitution* if Defendants Swain, Reed, Kozlowicz, Gardner and Kozlowics & Gardner Advocate, Inc. were proceeding in the United States District Court for the District of Utah or a Utah State Court.

## VII.
## PRAYER

WHEREFORE, Plaintiffs pray for *Judgment* against the Defendants as follows:

1.　For a declaration under 28 U.S.C. §§ 2201 and 2202 that the Ute Tribal Court is without subject matter jurisdiction to hear the claims being asserted against Plaintiffs in that forum and by doing so has exceeded the lawful limits of its authority; and based upon that declaration, for an *Order* enjoining the Ute Tribal Court from proceeding to hear those claims, and further enjoining Defendants Swain, Reed, Kozlowicz, Gardner and Kozlowicz & Gardner Advocate, Inc. from continuing to prosecute those claims in the Ute Tribal Court.

2.	In the alternative, if the Court determines that the Ute Tribal Court does have subject matter jurisdiction over the claims being asserted against Plaintiffs in that forum, then Plaintiffs seek a declaration under 28 U.S.C. §§ 2201 and 2202 that the Ute Tribal Court is a *Federal Actor* so as to entitle Plaintiffs to the full protections of the *United States Constitution* in all proceedings before the Ute Tribal Court and, based upon that declaration, for an *Order* enjoining the Ute Tribal Court from denying Plaintiffs their rights under the *United States Constitution*.

3.	For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 21st day of May, 2012.

>SUITTER AXLAND, PLLC
>
> /s/ jesse c. trentadue
>Jesse C. Trentadue
>Carl F. Huefner
>Noah M. Hoagland
>Britton R. Butterfield
>*Attorneys for Plaintiffs*

*T:\4000\4530\103\FEDERAL COURT COMPLAINT.wpd*