Edson Gardner, Attorney Pro-Se.
Lynda Kozlowicz, Attorney Pro-Se.
as Kozlowicz & Gardner Advocates, Inc.,
Athenya Swain, Attorney Pro-Se.
Dean Reed, Attorney Pro-Se.
Post Office Box 472
Fort Duchesne, Utah 84026
Telephone; (423) 722-8224 or 722-6707

FILED
U.S. DISTRICT COURT

2012 MAY 29 ⊃ 1: 38

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH CENTRAL DIVISION

Honorable Clar M. Poulson,
Judge of the Duchesne County
Justice Court, and Derek
Dalton,

            Plaintiff(s),

v.

Ute Indian Tribe of the
Uintah and Ouray Reservation,
Business Committee for the Ute
Tribe of the Uintah and Ouray
Reservation, Tribal Court for
the Ute Tribe of the Uintah and
Ouray Reservation, Irene C. Cuch,
in her official capacity as Chairman
of the Business Committee for the
Ute Tribe, Ronald J. Wopsock, in
his official capacity as vice-
chairman of the Business Committee
for the Ute Tribe, Frances Poowewgup,
in her official capacity as a Member
of the Business for the Ute Tribe,
Stuart Pike, Sr., in his official
capacity as a Member of the for the
Ute Tribe, Richard Jenks, Jr., in his
official capacity as a Member of the
Business for the Ute Tribe, Phillip
Chimburas, in his official capacity
as a Member of the Business for the
Ute Tribe, Honorable Tex Arrowchis,

Civil No. 212-CV-00497

INDIAN DEFENDANT'S MOTION
REQUESTING JUDICIAL NOTICE,
AND POINTS AND AUTHORITIES,
AND DECLARATION OF INDIAN
DEFENDANT GARDNER, AND
KOZLOWICZ, AS KOZLOWICZ &
GARDNER ADVOCATE, INC.,
AND SWAIN, AND REED AND
CUCH IN SUPPORT OF MOTION
REQUESTING JUDICIAL NOTICE

Judge, Brooke C. Wells

1

in his official capacity as Chief Judge
of the Ute Trial Court, Dean Reed, and
Janet Cuch, and Lynda Kozlowicz, Edson Gardner,
Kozlowicz & Gardner Advocate, Inc., a
Ute Tribe Business License, and Athenya Swain.

    Defendant(s),

---

   Now Comes, Defendant Edson Gardner, Attorney Pro-Se, and

Lynda Kozlowicz, Attorney Pro-Se, as Kozlowicz & Gardner

Advocate, Inc, and Athenya Swain, Attorney Pro-Se, and Dean

Reed, Attorney Pro-Se, and Janet Cuch, Attorney Pro-Se; files

Defendant's Motion Requesting Judicial Notice, And Points And

Authorities, And Declaration Of Indian Defendant Gardner, And

Kozlowicz, As Kozlowicz & Gardner Advocate, Inc., And Swain,

And Reed And Cuch In Support Of Motion Requesting Judicial

Notice, Pursuant to Federal Rules of Evidence.

  **I.** **TO PLAINTIFFS AND TO THEIR ATTORNEY OF RECORD:**

  1. Pursuant to Federal Rules of Evidence 201(c)(f), the

Duchesne County Plaintiff, Hon. Poulson, Judge of Duchesne

County Justice Court, and Dalton, Duchesne County Sheriff's

Dept., and Defendant Edson Gardner, Uinta Indian Descendant,

Attorney Pro-Se, and Lynda Kozlowicz, Ute Tribal Member,

Attorney Pro-Se, as Kozlowicz & Gardner Advocates, Inc., and

Athenya Swain, Ute Tribal Member, Attorney Pro-Se, and Dean

Reed, Ute Tribal Member, Attorney Pro-Se, and Janet Cuch

Tribal Advocate, are respectfully requesting that in

2

connection with opposing and reply, this Court take judicial
notice of United States District Court records and files from
this case and related cases previously and now pending in
Federal District Court for Central Division of the District of
Utah that involves same real property, same or similar
parties, and issues and contentions that are same or similar
to issues and contentions raised by Defendants. This request
is based upon this written motion and Declaration of
Plaintiff's attorney herein.

## II.   POINTS AND AUTHORITIES

2.  Plaintiff Clair M. Poulson, Judge of Duchesne County
Justice Court, and Derek Dalton, Deputy Sheriff of Duchesne
County officials of Utah, are usual actions annd grounds they
have acted beyond their authority, or under legally invalid
authority. To determine whether they are immune from action,
it is necessary to decide merits of claim. Ute Indian Tribe of
the Uintah and Ouray Reservation v. State of Utah, 114 F. 3d
1513 (10th Cir. 1997).

3.  Defendant Ute Tribal Court exhaustion in this action
is not required, because it is plainly lacking jurisdiction,
as in Ninth Circuit Court of Appeals, decrees, Ricon Mushroom
Coporation of America v. Mazzetti, Case No. 10-56521 (dated
April 20, 2012)(**attached herein**).

4.   Federal Rules of Evidence 201(c) authorizes federal court to take judicial notice of an adjudicative fact upon party's request. Defendants respectfully submits documents as to which judicial notice is being requested are clearly relevant to issues and contentions presented by this Complaint for Declaratory and Injunctive Relief.

5.   Named Defendant, Ute Tribal Court retained Indians inherent power to protect Indian self-government and to control Indian internal relations and affairs, which United States Supreme Court in, <u>Montana v. United States</u>, 450 U.S. 544 (1981), described quite narrowly as including power to punish tribal offenders, .... to determine tribal membership, to regulate domestic relations among members and non-Indians on their reservation, and to prescribe rules of inherence for members. The Court stated:

> exercise of tribal power beyond what is necessary
> to protect tribal self-government or to control internal
> relations is inconsistent with the dependent status of
> the tribes, and so cannot survive without express
> congressional delegation.

6.   Defendant Ute Tribal Court jurisdiction over Native American Indian's civil action against Non-Indian defendant is within action in which Ute Indian Tribe seeks civil penalties and an order of restitution from defendant, <u>Elliott v. White Mountain Apache Tribal Court</u>, 566 F. 3d 842 (9th Cir. 2009),

after signal fire Non-Indian had set on trust land to facilitate her rescue while she was lost grew into substantial fire that caused extensive damages on that reservation. The Uintah and Ouray Reservation natural resources and under principles of comity, the federal courts must decline to entertain Non-Indian defendant's action for injunctive and declaratory relief against Ute Tribal court, and Hon. Tex S. Arrowchis, Ute Tribal Judge, or Ute Tribal Court. Plaintiffs challenging Ute Tribal Court's jurisdiction, the Non-Indian Defendant must exhaust remedies first in Ute tribal Court.

7. In this case, Defendant Tribal Court has jurisdiction over claim by Indian Defendant, the Bank (Non-Indian) South Dakota Corporation and principle place of business outside Indian reservation, discriminated against Indians, based on either Indian ancestry or Tribal affiliation, in terms of loans by Bank made to Indian family-owned Corporation, because claim satisfied requirements for first category of permissible tribal jurisdiction over Non-members recognized as Plains Commerce Bank v. Long Family Land & Cattle Co., 554 U.S. 316 (2008), Non-Indian Bank had formed consensual relationship with Indians, by virtue of loans to Indian Corporation whose overwhelming Indian character clearly benefited Non-Indian Bank (through loan guarantees by Bureau

of Indian Affairs greatly reduced Bank's risk) and Non-Indian
bank's commercial relationship with Indian Corporation to
Individual Indian owners, and tribal tort law invoked by
Indian's is appropriate and other means to regulating
activities of non-Indians have some nexus to consensual
relationship, given discrimination claim arose directly from
pre-existing commercial relationship between Indians and Non-
Indian Bank and sought to hold Non-Indian such as Bank, to
mimimum standard of fairness when voluntarily deal with non-
Indians.

### III.  DECLARATION OF INDIAN DEFENDANT GARDNER, AND KOZLOWICZ, AS KOZLOWICZ & GARDNER ADVOCATE, INC., AND SWAIN, AND REED AND CUCH IN SUPPORT OF MOTION REQUESTING JUDICIAL NOTICE

8.  I, Edson Gardner, and Lynda Kozlowicz, and Athenya
Swain, and Dean Reed, and Janet Cuch declare;

9.  Defendant Gardner, and Kozlowicz, as Kozlowicz &
Gardner Advocates, Inc., and Janet Cuch, Advocate are admitted
to practice law within Ute Indian Tribal Court of Utah and now
before Federal Court as Attorney Pro-Ses.

10.  Defendant Kozlowicz & Gardner Advocates, Inc., and
Janet Cuch are Ute Tribal Advocates of record in Ute Tribal
Court and now are Attorney Pro-ses in federal Court.

11.  Indian Defendants in this Action requests this
United States District Court to take Judicial Notice of

6

following related declarations pleading, motion, and order filed and issued by Federal District Court for Central Division of Utah.

12.   DECLARATION OF DEFENDANTS IN OPPOSITION TO DEFENDANTS AND TO DISMISS COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR LACK OF JURISDICTION AND FAILURE TO EXHAUST TRIBAL REMEDIES, filed in United States District Court, and Ute Tribal Court actions, as true and correct thereof being and fully stated by this reference.

Respectfully submitted this day 29 of May 2012.

Edson Gardner,
Attorney Pro-Se.

Lynda Kozlowicz,
Attorney Pro-Se.

Athenya Swash,
Attorney Pro-Se.

Dean Reed,
Attorney Pro-Se.

Janet Cuch,
Attorney Pro-Se.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RINCON MUSHROOM CORPORATION OF AMERICA, a California corporation,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>BO MAZZETTI; JOHN CURRIER; VERNON WRIGHT; GILBERT PARADA; STEPHANIE SPENCER; CHARLIE KOLB; DICK WATENPAUGH,<br><br>Defendants - Appellees. | No. 10-56521<br><br>D.C. No. 3:09-cv-02330-WQH-POR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted April 12, 2012
Pasadena, California

---

*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: SILVERMAN and RAWLINSON, Circuit Judges, and TUNHEIM, District Judge.**

Appellant Rincon Mushroom Corporation of America (RMCA) challenges the district court's dismissal of RMCA's Complaint for failure to exhaust tribal remedies. RMCA argues that exhaustion is not required in this case because the tribal court plainly lacks jurisdiction. We agree, and reverse the district court.

In this case, exhaustion is not required because "it is 'plain' that tribal court jurisdiction is lacking, so that the exhaustion requirement 'would serve no purpose other than delay.'" *Elliott v. White Mountain Apache Tribal Court*, 566 F.3d 842, 847 (9th Cir. 2009) (quoting *Nevada v. Hicks*, 533 U.S. 353, 369 (2001)). A tribal court plainly lacks jurisdiction where the basis of jurisdiction is not "colorable" or "plausible." *Id.* at 848 (citation omitted).

"As a general rule, . . . the tribe has no authority itself, by way of tribal ordinance or actions in the tribal courts, to regulate the use of fee land." *Plains Commerce Bank v. Long Family Land & Cattle Co.*, 554 U.S. 316, 329 (2008) (citation and internal quotation marks omitted). In this case, it is *Montana*'s second exception to this general rule that is at issue. *See Montana v. United States*, 450 U.S. 544, 566 (1981). Under *Montana*'s second exception, "a tribe may

---

** The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

2

exercise 'civil authority over the conduct of non-Indians on fee lands within the reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe. . . .'" *Plains Commerce*, 554 U.S. at 329-30 (quoting *Montana*, 450 U.S. at 566). In evaluating whether this case plainly falls outside of the scope of *Montana*'s second exception, we must keep in mind that "[t]hese exceptions are limited ones, and cannot be construed in a manner that would swallow the rule, or severely shrink it . . ." *Id.* at 330 (citations and internal quotation marks omitted).

The Tribe argues that the non-member fee land at issue could potentially contaminate the Tribe's water supply, or exacerbate a future fire that might damage the Rincon Casino. However, these possibilities do not fall within *Montana*'s second exception, which requires actual actions that have significantly impacted the tribe. *Compare id.* at 341 ("The sale of formerly Indian-owned fee land to a third party . . . cannot fairly be called 'catastrophic' for tribal self-government. . . .") (citation omitted); *and Strate v. A-1 Contractors*, 520 U.S. 438, 458-59 (1997) (ruling that tribal court jurisdiction over tort suits is not "needed to preserve the right of reservation Indians to make their own laws and be ruled by them") (citation and internal quotation marks omitted), *with Elliott*, 566 F.3d at 844, 849-

3

50 (holding that the tribal court had colorable jurisdiction where a non-Indian started a forest fire on reservation land).

To hold that the potential threats of harm presented on this record[1] give rise to tribal jurisdiction under *Montana*'s second exception would allow the exception to swallow the rule; any property within the Rincon Reservation faces similar potential threats. *See Plains Commerce*, 554 U.S. at 330. Because the potential threats did not create a plausible basis for tribal court jurisdiction, the district court erred when it dismissed RMCA's Complaint for failure to exhaust tribal remedies. *See Elliott*, 566 F.3d at 848.[2]

**REVERSED and REMANDED.**

---

[1]At oral argument, counsel for the Tribe urged us to send this case to the tribal court to afford the Tribe an opportunity to produce additional evidence in support of tribal jurisdiction. However, the Tribe had the burden to show tribal jurisdiction in the district court proceedings. *See Plains Commerce*, 554 U.S. at 330 ("The burden rests on the tribe to establish one of the exceptions to Montana's general rule that would allow an extension of tribal authority to regulate nonmembers on non-Indian fee land. . . .") (citation omitted).

[2]Our ruling here renders moot the district court's decision to dismiss the case rather than staying it.

4

## CERTIFICATION OF SERVICE

This is to certify true and correct copy of **INDIAN DEFENDANT'S MOTION REQUESTING JUDICIAL NOTICE, AND POINTS AND AUTHORITIES, AND DECLARATION OF INDIAN DEFENDANT GARDNER, AND KOZLOWICZ, AS KOZLOWICZ & GARDNER ADVOCATES, INC., AND SWAIN, AND REED AND CUCH IN SUPPORT OF MOTION REQUESTING JUDICIAL NOTICE**, foregoing document was delivered by mail first class, postage prepaid and addressed as follows on this _29_ , day of May, 2012.

Jesse C. Trentadue
Carl F. Huefner
Noah M. Hoagland
Britten R. Butterfield
SUITTER AXLAND, PLL
8 EAST BROADWAY, SUITE 200
Salt Lake City, Utah 84111

Ute Tribal Business
Committee Members
Post Office Box 190
Fort Duchesne, Utah 84026

Ute Tribal Court
Judge Tex Arrowchis
P.O. Box 190
Fort Duchesne, Utah 84026

Lynda Kozlowicz, Ute Tribal Member,
Attorney Pro-Se.

1

RECEIVED CLERK
MAY 2 9 2012
U.S. DISTRICT COURT

                    Edson Gardner, Attorney Pro-Se.
                  Lynda Kozlowicz, Attorney Pro-Se.
              as Kozlowicz & Gardner advocates, Inc.,
                  Athenya Swain, Attorney Pro-Se.
                     Dean Reed, Attorney Pro-Se.
                    Janet Cuch, Attorney Pro-Se
                     Post Office Box 472
                    Fort  Duchesne, Utah 84026
                 Telephone; (423) 722-8224 or 722-6707

                        May 29, 2012.

U.S. District Court
Office of the Clerk
350 South Main Street, Suite 150
Salt Lake City, Utah 84101-2180

        Re;   Poulson v. Ute Indian Tribe, Case No. 2;12-CV-00497

        The following **INDIAN DEFENDANT'S MOTION REQUESTING JUDICIAL
NOTICE, AND POINTS AND ATHORITIES, AND DECLARATION OF INDIAN
DEFENDANT GARDNER, AND KOZLOWICZ, AS KOZLOWICZ & GARDNER
ADVOCATES, INC., AND SWAIN, AND REED AND CUCH IN SUPPORT OF
MOTION REQUESTING JUDICIAL NOTICE,** is submitted for filing and
review with United States District Court of Utah. Please stamp
and filing.

Respectfully submitted.

_____          _____
Edson Gardner,                     Lynda Kozlowicz,
Attorney Pro-Se.                   Attorney Pro-Se.

_____          NA
Athenya Swain,                     _____
Attorney Pro-Se.                   Dean Reed,
                                   Attorney Pro-Se.

_____
Janet Cuch,
Attorney Pro-Se.

                              1