Jesse C. Trentadue (#4961)
Carl F. Huefner (#1566)
Noah M. Hoagland (#11400)
Britton R. Butterfield (#13158)
SUITTER AXLAND, PLLC
8 East Broadway, Suite 200
Salt Lake City, Utah 84111
Tel: (801) 532-7300
Fax: (801) 532-7355
jesse32@sautah.com
chuefner@sautah.com
nhoagland@sautah.com
bbutterfield@sautah.com

Marea A. Doherty (# 7379)
Deputy Duchesne County Attorney
P.O. Box 346
Duchesne, Utah 84021
Tel: (435) 738-1144
Fax: (435) 738-1221
mdoherty@duchesne.utah.gov

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| HONORABLE CLAIR M. POULSON, in his official capacity as Judge of the Duchesne County Justice Court, and DEREK DALTON,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>UTE INDIAN TRIBE OF THE UINTAH and OURAY RESERVATION; BUSINESS COMMITTEE FOR THE UTE TRIBE OF THE UINTAH and OURAY RESERVATION; TRIBAL COURT FOR THE UTE TRIBE OF THE UINTAH and OURAY RESERVATION; IRENE C. CUCH, in her official capacity as Chairman of the Business Committee for the Ute Tribe; RONALD J. WOPSOCK, in his official capacity as Vice-Chairman of the Business Committee for the Ute Tribe; | **PLAINTIFFS' OMNIBUS RESPONSE TO PENDING MOTIONS**<br><br>Civil No. 2:12-cv-00497<br><br>Magistrate Judge: Brooke C. Wells |

| | |
|---|---|
| FRANCES M. POOWEGUP, in her official capacity as a Member of the Business for the Ute Tribe; STUART PIKE, SR., in his official capacity as a Member of the Business for the Ute Tribe; RICHARD JENKS, JR., in his official capacity as a Member of the Business for the Ute Tribe; PHILLIP CHIMBURAS, in his official capacity as a Member of the Business for the Ute Tribe; HONORABLE SMILEY ARROWCHIS, in his official capacity as Chief Judge of the Ute Trial Court; LYNDA KOZLOWICZ; EDSON GARDNER; KOZLOWICZ & GARDNER ADVOCATES, INC., a Ute Indian corporation; ATHENYA SWAIN; DEAN REED and JOHNNY SLIM, Sr., | : : : : : : : : : : : : : : : : : |
| Defendants. | : |

This action arises out of the arrests of and/or criminal charges being brought against members of the Ute Indian Tribe by Duchesne County, Utah.  As a result of these arrests and/or charges, members of the Ute Indian Tribe persist in bringing actions in the Ute Tribal Court against Judges of the Duchesne County Justice Court, Duchesne County Deputy Sheriffs and other Duchesne County officials and/or employees.  Plaintiffs are seeking to have this Court review the question of the Ute Tribal Court's jurisdiction and lawful authority over them and other Duchesne County official and employees who, while acting in their official capacities and while attempting to discharge their official duties, are constantly being summoned into the Ute Tribal Court in response to claims by members of

the Ute Tribe.

Specifically, Plaintiffs are asking for a declaratory judgment to the effect that the Ute Tribal Court lacks subject matter jurisdiction to hear the claims being brought against Plaintiffs and other Duchesne County officials and employees in the Ute Tribal Court and, based upon that ruling, for an *Order* enjoining the prosecution of those claims in the Ute Tribal Court.  In the alternative, if this Court determines that Plaintiffs are subject to suit in the Ute Tribal Court, then Plaintiffs are asking for a declaratory judgment to the effect that the Ute Tribal Court is a "*Federal Actor*" so as to entitle Plaintiffs and other Duchesne County officials and employees to the full protections of the *United States Constitution* in all proceedings before the Ute Tribal Court, and for an *Order* enjoining the Ute Tribal Court from denying Plaintiffs and other Duchesne County officials and employees their rights under the *United States Constitution*.

In response to Plaintiffs' *Complaint*, Defendants Edson Gardner, Lynda Kozlowicz, Kozlowicz & Gardner Advocates, Inc., and/or Athenya Swain (collectively "Defendants") have filed a host of *Motions*.  Defendants have filed a *Motion to Dismiss* under the *Commerce Clause*,[1] apparently contending that

---

[1] Doc. 9.

pursuant to the *Tribal Preemption Doctrine* only the Ute Tribal Court has jurisdiction over this dispute. Defendants have also filed a *Motion for Judicial Notice,*[2] requesting the Court to take note of case law that supposedly defines the jurisdictional limits of Tribal Courts. Defendants have filed a second *Motion to Dismiss*[3] on the basis of their personal "sovereign immunity." Defendants have likewise filed a "*Supplemental Motion*,"[4] asking the Court to enjoin Judge Poulson, Deputy Dalton and the Duchesne County Justice Court from exercising jurisdiction over them. Finally, Defendants have filed a *Motion for Sanctions,*[5] requesting the Court to impose a $5,000 fine upon each Plaintiff for having brought this action in violation of Defendants' personal "sovereign immunity."

These *Motions* have one thing in common, they essentially challenge the authority of the United States District Court for the District of Utah to review the jurisdiction and lawful authority of the Ute Tribal Court. Plaintiffs, therefore, hereby submit the *Omnibus Memorandum* in opposition to all of Defendants'

---

[2] Doc. 11.

[3] Doc. 12.

[4] Doc. 15.

[5] Doc. 16.

*Motions.*[6]

## ARGUMENT

This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 because it raises a substantial federal question as to the scope of the Ute Tribal Courts' jurisdiction and/or lawful authority over Plaintiffs and other Duchesne County officials and employees. See *National Farmers Union Ins. Cos. v. Crow Indian Tribe,* 471 U.S. 845, 852, (1985). And this jurisdiction has not been changed by the *Doctrine of Tribal Preemption*.

There are actually two branches of the *Tribal Preemption Doctrine*, neither of which are applicable to this case. One branch involves the exercise of Congress' plenary power over Tribes and their lands pursuant to the *Indian Commerce Clause.*[7] This is a constitutionally mandated power and allows Congress to act by specific legislation to terminate a State's jurisdiction over Tribes, or to confer upon a State jurisdiction over Tribes, their lands and members. *See White Mountain Apache Tribe v. Bracker*, 448 U.S. 136, 142(1980). This branch has no application to the instant case because Congress has not acted to

---

[6] Doc. 9, 11, 12, 15 and 16.

[7] *U.S. Constitution* Art. 1, Clause 8.

remove or take back from Utah any State or local jurisdiction over the Uintah and Ouray Reservation and/or members of the Ute Tribe.

The second branch of the *Tribal Preemption Doctrine* is a Tribe's right to makes its own laws and to be ruled by them. *Id.* Under this branch, State laws that impermissibly interfere with the right of trial self-government are deemed to be preempted. This second branch of the *Tribal Preemption Doctrine* is founded on the notion of Tribal sovereignty being more or less on a par with State sovereignty. *See id.* at 143. In other words, that the Tribe is not otherwise subject to a State's jurisdiction so as to be a lesser sovereign.

But this second branch of the *Tribal Preemption Doctrine* also has no application to the instant case because in *MacArthur v. San Juan County*, 391 F. Supp. 895, 1036 (D. Utah 2005), this Court specifically found that the County officials are immune from suit in Tribal Court:

> The immunity from court action by individuals is a critical constituent of sovereignty, both for the Tribes and the States. It is consistent with the recognition of sovereignty that both the Tribes and the States are immune from uncontested tort actions by individuals in each others courts.

*Id*. at 1036. Under the *MacArthur* holding, therefore, Plaintiffs are not subject to suit in the Ute Tribal Court.

Defendants "sovereign immunity" argument fares no better. To begin with, Defendants are not Ute Tribal officials so as to be entitled to sovereign immunity. However, even if they were this action seeks declaratory and injunctive relief. It is not a claim for civil damages. Hence, the doctrine of sovereign immunity does not apply. *See League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 474 (6th Cir. 2008).

Finally, it is not necessary for Plaintiffs to exhaust the remedies that might otherwise be available to them in Ute Tribal Court because the actions of the Defendants are patently violative of express jurisdictional prohibitions against the Ute Tribal Court's assertion of any jurisdiction and/or lawful authority over Plaintiffs and other Duchesne County officials and employees. *See Nevada v. Hicks*, 533 U.S. 353 (2001); *MacArthur v. San Juan County,* 391 F. Supp. 2d 895, 1037 (D. Utah 2005); *Montana DOT v. King*, 191 F.3d 1108 (9th Cir. 1999); *Montana v. Gilham*, 133 F.3d 1133 (9th Cir. 1997); *Stift v. Lynch*, 267 F.2d 237 (7th Cir. 1959).

## CONCLUSION

For the reasons stated above, Defendants' Motions should be denied in their entirety.

DATED this 18th day of June, 2012.

                              SUITTER AXLAND, PLLC

                              /s/ jesse c. trentadue
                              Jesse C. Trentadue
                              Carl F. Huefner
                              Noah M. Hoagland
                              Britton R. Butterfield
                              *Attorneys for Plaintiff*

*T:\4000\4530\103\PLAINTIFFS' OMNIBUS RESPONSE TO PENDING MOTIONS.wpd*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I caused a copy of the foregoing **OMNIBUS MEMORANDUM** to be served upon the following, via U. S. mail, postage prepaid, on this 18th day of June, 2012.

        Edson Gardner
        P.O. Box 472
        Fort Duchesne, Utah 84026

        Lynda Kozlowicz
        P.O. Box 472
        Fort Duchesne, Utah 84026

        Kozlowicz & Gardner Advocates, Inc.
        P.O. Box 472
        Fort Duchesne, Utah 84026

        Athenya Swain
        P.O. Box 472
        Fort Duchesne, Utah 84026

        Dean Reed
        c/o Janet Cuch
        P.O. Box 404
        LaPoint, Utah 84039

                          /s/ jesse c. trentadue