PRO SE

Edson Gardner, Attorney Pro-Se.
Lynda Kozlowicz, Attorney Pro-Se.
Athenya Swain, Attorney Pro-Se.
Johnny Slim, Attorney Pro-Se.
Post Office Box 472
Fort Duchesne, Utah 84026
Telephone; (423) 722-8224 or 722-6707

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JUL 11 2012

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH CENTRAL DIVISION

Honorable Clair M. Poulson,
Judge of the Duchesne County
Justice Court, and Derek
Dalton,
    Plaintiff(s),
v.

Ute Indian Tribe of the
Uintah and Ouray Reservation,
Business Committee for the Ute
Tribe of the Uintah and Ouray
Reservation, Tribal Court for
the Ute Tribe of the Uintah and
Ouray Reservation, Irene C. Cuch,
in her official capacity as Chairman
of the Business Committee for the
Ute Tribe, Ronald J. Wopsock, in
his official capacity as vice-
chairman of the Business Committee
for the Ute Tribe, Frances Poowewgup,
in her official capacity as a Member
of the Business for the Ute Tribe,
Stuart Pike, Sr., in his official
capacity as a Member of the for the
Ute Tribe, Richard Jenks, Jr., in his
official capacity as a Member of the
Business for the Ute Tribe, Phillip
Chimburas, in his official capacity
as a Member of the Business for the
Ute Tribe, Honorable Smiley Arrowchis,
in his official capacity as Chief Judge
of the Ute Trial Court, Dean Reed, and

Civil No. 212-CV-00497 DAY

DEFENDANTS GARDNER AND
KOZLOWICZ AND SWAIN AND
SLIM MOTION TO DISMISS
AND REQUESTS A HEARING

1

Lynda Kozlowicz, Edson Gardner, Kozlowicz
& Gardner Advocate, Inc., a Ute Tribe
Business License, and Athenya Swain.
and Johnny Slim.

                                      Magistrate Judge; E. J. Furse
        Defendant(s),

---

**TO THE HONORABLE MAGISTRATE JUDGE EVELYN J. FURSE;**

    Defendants, Edson Gardner, Attorney Pro-Se, and Lynda Kozlowicz, Attorney Pro-Se, and Athenya Slim, Attorney Pro-Se, and Johnny Slim, Attorney Pro-Se, have entered and filed appearance to contest subject matter jurisdiction of the State (County) Court pursuant to Federal Rule of Civil Procedure Interpleader, 22 and Diversity of citizenship. amount in controversy; costs, 28 U.S. 1332. Defendant KOZLOWICZ AND GARDNER ADVOCATE, INC., Ute Tribal Advocates, object to State jurisdiction and move to dismiss complaint pursuant to Fed.Rul.C.Pro. 12(b)(1) for lack of subject matter jurisdiction, because there is no complete diversity in this action. An Indian is not resident of state of Utah for purposes of diversity.

    1. Moreover, even if there was jurisdiction to hear this action, Defendant as recognized Indians, has sovereign immunity from state laws that deprives them from both existence as sovereign governmental entity, and existence as recognized Indians living within Indian reservation.

2

Defendants Gardner and Kozlowicz and Swain and Slim asking United States District Court to declare filed Complaint has occurred within Indian Country, 18 U.S.C. 1151 and to enjoin ongoing violations of prosecution by Plaintiff Duchesne County Justice Court against Indians. The Plaintiff Duchesne County Justice Court has not proven jurisdiction to file a Complaint, and sue sponte dismissal of Plaintiffs' Complaint for lack of subject matter jurisdiction and to analyze Indian County, 18 U.S.C. 1151 issue.

    2. Plaintiff Uintah County Justice Court ("Non-Indian") filed instant Complaint in federal District Court and Named Defendant Ute Tribal Court for Indian Offenses along with others ("Indians"), involves Plaintiff Duchesne County Justice Court (Non-Indian") who is seeking injunction requiring Defendants Gardner, Kozlowicz, Swain, and Slim, to allow Justice Court to prosecute Indian by filing injunction and requiring Defendant Gardner and Kozlowicz as Ute Tribal Advocates and Defendant Swain and Defendant Slim to consider whether land on which Complaint occurred is in Indian Country, 18 U.S.C. 1151. The District Court should conclude Justice Court lacks subject matter jurisdiction because Defendant Gardner and Kozlowicz as Ute Tribal Advocates were acting with Ute Tribal authority to file complaints for individual Indian

charged and are thus entitled to sovereign immunity. Defendant Gardner and Kozlowicz filed Complaints in Ute Tribal Court for interference in due process and sovereignty. The Court of Indian Offenses is created and empowered by United States Secretary of Interior pursuant to 25 USC 11.100 et seq. In Tillett v. Lujan, 931 F. 2d 636, 639 (10th Cir. 1991), the creation of Courts of Indian Offense is valid exercise of the power of Secretary of the Interior as delegated to him by United States Congress, which holds plenary power over Ute Tribe as Indian tribe. Also these courts were created with permission of sovereign Tribes, as in Kiowa Tribe, Id at 636-40. The Tribal Court Judges are approved by United States Assistant Secretary of Indian Affairs, 25 C.F.R. 11.201. These internal tribal disputes of Indians are well-established rule that one must first exhaust Ute Tribal Court remedies before filing proceedings to federal Court. In Tillet v. Lujan, 931 F. 2d 636 (10th Cir. 1991), by this Court of disposition and control of interpleaded Utah State Law would require this Court delve into internal governance processes of Ute Tribal Court. Federal Courts have no jurisdiction to determine internal tribal disputes. There is no existing emergency requiring an immediate determination of who controls Ute Tribal Courts.

4

3. Its well recognized that as matter of comity, federal Court should not exercise jurisdiction over cases arising under federal question or diversity jurisdiction, if actions are subject to tribal jurisdiction in the first instance, until parties have exhausted their tribal remedies. In U.S. v. Plainbull, 788 F Supp. 1147 (1990), United States has been forced to exhaust remedies when suing Indians for grazing violation penalties. U.S. v. Plainbull, 957 F. 2d 724 (9th Cir. 1992).

WHEREFORE, Finally, Defendant Gardner and Kozlowicz Ute Indian Tribal Advocate will resolve dispute under existing Ute Tribal Court remedies which have not been completed.

Respectfully submitted this day 9 of July 2012.

Edson Gardner, Uintah
Attorney Pro-Se.

Lynda Kozlowicz
Attorney Pro-Se.

Athenya Slim,
Attorney Pro-Se.

Johnny Slim,
Attorney Pro-Se.

## CERTIFICATION OF SERVICE

This is to certify true and correct copy of **DEFENDANTS GARDNER AND KOZLOWICZ AND SWAIN AND SLIM MOTION TO DISMISS AND REQUESTS A HEARING,** foregoing document was delivered by mail, first class, postage prepaid and addressed as follows on this 9 , day of July, 2012.

Jesse C. Trentadue
SUITTER AXLAND, PLLC
8 East Broadway, Suite 200
Salt Lake City, Utah 84111

United States Secretary of
the Interior, Kenneth Salazar,
1849 C Street, NW
Washington, DC 20240

Lynda Kozlowicz, Attorney Pro-Se.

Edson Gardner, Attorney Pro-Se.
Lynda Kozlowicz, Attorney Pro-Se.
Athenya Swain, Attorney Pro-Se.
Johnny Slim, Attorney Pro-Se.
Post Office Box 472
Fort Duchesne, Utah 84026
Telephone; (423) 722-8224 or 722-6707

July  9 , 2012.

U.S. District Court
Office of the Clerk
350 South Main Street, Suite 150
Salt Lake City, Utah 84101-2180

> Re;  Poulson v. Ute Indian Tribe, Case No. 2;12-CV-00497
> Magistrate Judge Evelyn J. Furse

The following **DEFENDANTS GARDNER AND KOZLOWICZ AND SWAIN AND SLIM MOTION TO DISMISS AND REQUEST A HEARING,** is submitted for filing and review with United States District Court of Utah. Please stamp and file.

Respectfully submitted;

Edson Gardner,
Attorney Pro-Se.

Lynda Kozlowicz,
Attorney Pro-Se.

Athenya Swain,
Attorney Pro-Se.

Johnny Slim,
Attorney Pro-Se.

cc: United States Secretary of the Interior,
Kenneth Salazar.

1