Jesse C. Trentadue (#4961)
Carl F. Huefner (#1566)
Noah M. Hoagland (#11400)
Britton R. Butterfield (#13158)
SUITTER AXLAND, PLLC
8 East Broadway, Suite 200
Salt Lake City, Utah 84111
Tel: (801) 532-7300
Fax: (801) 532-7355
jesse32@sautah.com
chuefner@sautah.com
nhoagland@sautah.com
bbutterfield@sautah.com
*Attorneys for Plaintiff*

Marea A. Doherty (# 7379)
Deputy Duchesne County Attorney
P.O. Box 346
Duchesne, Utah 84021
Tel: (435) 738-1144
Fax: (435) 738-1221
mdoherty@duchesne.utah.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| HONORABLE CLAIR M. POULSON, in his official capacity as Judge of the Duchesne County Justice Court, and DEREK DALTON, | : : : : : | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO TRIBAL DEFENDANTS' MOTION TO DISMISS** |
| Plaintiffs, v. | : : : | |
| UTE INDIAN TRIBE OF THE UINTAH and OURAY RESERVATION; et. al., | : : : | Civil No. 2:12-cv-00497-DAK |
| Defendants. | : : : | Judge: Dale A. Kimball Magistrate Judge: Evelyn J. Furse |

Defendants Ute Indian Tribe of the Uintah and Ouray Reservation, the

Business Committee for the Ute Indian Tribe of the Uintah and Ouray

Reservation, the Tribal Court for the Ute Indian Tribe of the Uintah and Ouray

Reservation, Irene C. Cuch, Ronald J. Wopsock, Frances M. Poowegup, Stuart

Pike, Sr., Richard Jenks, Jr., Phillip Chimburas, and Smiley Arrowchis

(collectively "Tribal Defendants"), have moved to dismiss, with prejudice,

Plaintiffs' *Amended Complaint*.[1]  Plaintiffs hereby submit this *Memorandum* in

opposition to Tribal Defendants' *Motion to Dismiss*.

## SUMMARY OF ARGUMENT

Tribal Defendants claim that dismissal is appropriate because they enjoy

common-law *sovereign immunity*.  But *sovereign immunity* does not shield Tribal

Defendants from an action for declaratory and injunctive relief with respect to the

scope of their jurisdiction and authority over Plaintiffs and/or the issue of

Plaintiffs' entitlement to the protections of the United States *Constitution*.

Next, Tribal Defendants claim that dismissal is appropriate because this

---

[1]  Doc. 56.  However, Plaintiffs submit that even if the Court were to grant Tribal Defendants' *Motion to Dismiss*, dismissal would have to be without prejudice.  If for, example, the Court lacks jurisdiction, then there would be no jurisdiction for dismissal other than without prejudice.  Likewise, if dismissal is for failure to exhaust Ute Tribal Court remedies, then the dismissal would be without prejudice.  Otherwise, following exhaustion of their Tribal Court remedies Plaintiffs would not be able to seek any review of the Ute Tribal Court's decision in Federal Court.  The same, too, would be true for any dismissal based upon sovereign immunity because a dismissal with prejudice would foreclose Plaintiffs from proceeding in the Ute Tribal Court.  And it is difficult to see how dismissal for failure to properly serve Tribal Defendants could be anything but without prejudice since Plaintiffs have the right to again attempt to serve Tribal Defendants, and there has been no ruling on the merits of Plaintiffs' claims.

Court lacks subject matter jurisdiction.  But the Courts of the United States have the jurisdiction to determine the limits of tribal authority and to enforce the United States *Constitution*.

Tribal Defendants claim, too, that dismissal is appropriate because Plaintiffs have not exhausted their Tribal Court remedies.  But it is not necessary for Plaintiffs to exhaust the remedies that might otherwise be available to them in the Ute Tribal Court because the actions of the Tribal Defendants are patently violative of express jurisdictional prohibitions against their assertion of any jurisdiction and/or lawful authority over Plaintiffs and/or because requiring Plaintiffs to proceed in the Ute Tribal Court before bringing this matter before the Federal Court would serve no purpose other than delay.

Finally, Tribal Defendants' claim, without any proof, that dismissal is appropriate because the person who accepted service of the *Summons* and *Amended Complaint* on their behalf was not authorized to do so.  However, other Defendants have been served and appeared in this action, including filing *Answers*.  Hence, this is not a situation in which Plaintiffs have made no effort to serve all of the Defendants in a timely manner.  Furthermore, Plaintiffs' claims are not otherwise barred by a lack of subject matter jurisdiction, the statute of

limitations, etc.; and, therefore, even if the person who accepted service on Tribal Defendants' behalf was not authorized to do so, Tribal Defendants can still be properly served. Thus, a *Motion to Quash Service* (which retains the case on the docket and allows a plaintiff to effectuate service) is the proper procedural tool to challenge the sufficiency of service, not a *Motion to Dismiss*, and certainly not a *Motion to Dismiss* with prejudice.

## NATURE OF THE CASE

This action arises out of the arrests of and/or criminal charges being brought against members of the Ute Indian Tribe by Duchesne County, Utah. As a result of these arrests and/or charges, members of the Ute Indian Tribe persist in bringing actions in the Ute Tribal Court against Judges of the Duchesne County Justice Court, Duchesne County Deputy Sheriffs and other Duchesne County officials and/or employees. Consequently, in this lawsuit Plaintiffs are seeking to have this Court review the question of the Tribal Defendants' jurisdiction and lawful authority over them and other Duchesne County official and employees who, while acting in their official capacities and while attempting to discharge their official duties, are constantly being summoned into the Ute Tribal Court in response to claims by members of the Ute Tribe.

4

Specifically, Plaintiffs are asking for a declaratory judgment to the effect that the Ute Tribal Court lacks subject matter jurisdiction to hear the claims being brought against Plaintiffs and other Duchesne County officials and employees in the Ute Tribal Court and, based upon that ruling, for an *Order* enjoining the prosecution of those claims in the Ute Tribal Court.  Plaintiffs are likewise asking this Court to enforce their rights under the United States *Constitution*.

In the Ute Tribal Court, the rights guaranteed to Plaintiffs and other persons subject to the jurisdiction of that Court are only those rights set forth in 25 U.S.C. § 1302, which do not include, among others,  the right to a trial by a jury of their peers since in the Ute Tribal Court only members of the Ute Tribe can serve on juries, and the *due process* accorded Plaintiffs before the Ute Tribal Court is defined by the Ute Tribe and not by the *United States Constitution*. Consequently, if this Court determines that Plaintiffs are subject to suit in the Ute Tribal Court, then Plaintiffs are asking for a declaratory judgment to the effect that the Ute Tribal Court is a "*Federal Actor*" so as to entitle Plaintiffs and other Duchesne County officials and employees  to the full protections of the *United States Constitution* in all proceedings before the Ute Tribal Court, and for an *Order* enjoining the Tribal Defendants from denying Plaintiffs and other Duchesne

5

County officials and employees their rights under the *United States Constitution*.

## ARGUMENT

When, as in the instant case, Plaintiffs are not seeking monetary damages but only declaratory and injunctive relief with respect to both the scope of Tribal Defendants' jurisdiction and authority over them and the enforcement of the rights guaranteed to Plaintiffs  under the United States *Constitution*, sovereign immunity is not applicable[2] to the Tribal Defendants.  If the law were otherwise, there could never be Federal Court review of the jurisdiction and authority asserted by tribal governments over non-members and/or tribal government's deprivation of the civil rights of non-members.

Similarly, this Court also has jurisdiction over the subject matter of Plaintiffs' claims pursuant to 28 U.S.C. § 1331.  Subject matter jurisdiction exists because the issues before the Court in this case raise substantial federal questions both as to the scope of the Tribal Defendants' jurisdiction and/or lawful authority

---

[2]  *See National Farmers Union Ins. Cos. v. Crow Indian Tribe*, 471 U.S. 845, 853, (1985) (holding that "a federal court may determine . . . whether a tribal court has exceeded the lawful limits of its jurisdiction"); *Nevada v. Hicks*, 533 U.S. 353 (2001); *Burton v. Wilmington Parking Authority*, 365 U.S. 715 (1961); *Montana DOT v. King*, 191 F.3d 1108 (9th Cir. 1999); *Montana v. Gilham*, 133 F.3d 1133 (9th Cir. 1997); *Santa Clara Pueblo v. Martinez*, 436 U.S. 49 (1978); *Arizona Public Service Co. v. Aspaas*, 77 F. 3d 1128, 1133-334 (9th Cir. 1995).

over Plaintiffs, and the rights guaranteed to Plaintiffs under the *Constitution* as a result of Tribal Defendants' assertion of jurisdiction over Plaintiffs.[3]

It is also not necessary for Plaintiffs to exhaust the remedies that might otherwise be available to them in the Ute Tribal Court.  Exhaustion of Ute Tribal Court remedies is not required when the actions of an Indian Tribe and its officials are patently violative of express jurisdictional prohibitions,[4] as are the actions of the Tribal Defendants in asserting jurisdiction and/or authority over Plaintiffs.[5] Exhaustion of Ute Tribal Court remedies is likewise not required when it would

------

[3] *See National Farmers Union Ins. Cos.*, 471 U.S. at 853; *Hicks*, 533 U.S. at 353; *Montana DOT*, 191 F.3d at1108; *Gilham*, 133 F.3d at1133; *Santa Clara Pueblo v. Martinez*, 436 U.S. at 49.

[4] *See National Farmers Union Ins. Cos.*, 471 U.S. at 857 n.21 (noting that exhaustion of trial court remedies is not required "where the action is patently violative of express jurisdictional prohibitions").

[5] *See Hicks*, 533 U.S. at 369 (tribal courts have no jurisdiction over state officials for causes of action arising out of the performance of their official duties); *MacArthur v. San Juan County,* 391 F. Supp. 2d 895, 1037 (D. Utah 2005); *MacArthur v. San Juan County,* 497 F.3d 1057 (10th Cir. 2007); *Montana DOT,* 191 F.3d at 1115-116; *Gilham*, 133 F.3d at 1133.

serve no purpose other than delay,[6] as would be the situation in the present case.[7]

Furthermore, exhaustion of tribal court remedies is not a prerequisite to *Federal Question* jurisdiction.[8]  Nor should it be when constitutional rights are involved.[9]   Finally, there is Tribal Defendants' claim that Plaintiffs' *Amended Complaint* should be dismissed for lack of personal jurisdiction, namely because of allegedly defective service.  Plaintiffs have been diligent in serving and attempting to serve all of the named defendants.  In fact, the non Tribal Defendants have been served and answered Plaintiffs' *Amended Complaint*.[10]

Tribal Defendants acknowledge that service by mail is appropriate, and that Plaintiffs sent to each of them a copy of the *Summons* and *Amended Complaint*.

---

[6]  *See Strate v. A-1 Contractors*, 520 U.S. 438, 459 n. 14 (1981) (determining that "when tribal-court jurisdiction over an action such as this one is challenged in federal court, the otherwise applicable exhaustion requirement . . . must give way, for it would serve no purpose other than delay").

[7]   *See Hicks*, 533 U.S. at 369(holding since it is clear that tribal courts lack jurisdiction over state officials for causes of action relating to their performance of official duties, adherence to the tribal exhaustion requirement in such cases would serve no purpose other than delay.)

[8]  *See Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16 n. 8 (1987) (stating that tribal court exhaustion is not a jurisdiction prerequisite); *Strate*, 520 U.S. at 454.

[9]  *Cf. Ellis v. Dyson*, 421 U.S. 426, 433 (1975) (Exhaustion generally not required in 42 U.S.C. § 1983 suits).

[10]  *See* Doc. 21.

8

Tribal Defendants have also been served.  But, according to Tribal Defendant, that service was defective because the person who executed the "*Domestic Return Receipt Signature Cards*" was "L. Tahreep," who Tribal Defendants contend was not authorized to accept service on their behalf.

Tribal Defendants present no evidence that L. Tahreep was not authorized to accept service on their behalf.  They simply make that unsupported claim about L. Tahreep's lack of authority in their *Motion to Dismiss*.  Yet, even if Tribal Defendants representations about "L. Tahreep's" alleged lack of authority to accept service are true, there is still no basis for dismissal of Plaintiffs' *Amended Complaint*, much  less a dismissal "with prejudice."

The proper procedure is for Tribal Defendants to bring a *Motion to Quash Service*, not a *Motion to Dismiss*.  If the an attempt at service of process is ineffective, the Court must treat a *Motion to Dismiss* as a *Motion to Quash Service.*  This procedure allows the case to remain on the docket pending a plaintiff's subsequent attempt at effective service upon the defendant.[11]

---

[11]  *See Bailey v. Boilermakers Local 667*, 480 F. Supp. 274, 278 (N.D. W.Va. 1979) ("If the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service"); *Frederick Company v. Hydro-Aluminum*, 153 F.R.D. 120, 123 (E.D. Mich.

## CONCLUSION

For the reasons stated, Tribal Defendants' *Motion to Dismiss* [12] should be denied in its entirety.

DATED this 27th day of August, 2012.

SUITTER AXLAND, PLLC

/s/ Noah M. Hoagland
Jesse C. Trentadue
Carl F. Huefner
Noah M. Hoagland
Britton R. Butterfield

Marea A. Doherty
Deputy Duchesne County Attorney
*Attorneys for Plaintiffs*

---

1994); *Stern v. Beer*, 200 F.2d 794, 795 ((6th Cir. 1952). *Accord, Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 122 (Fed. Cir. 2010) (dismissal is not appropriate when there is a reasonable prospect that service may yet be obtained).

[12] Doc. 56.

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2012, I electronically filed the foregoing **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO TRIBAL DEFENDANTS' MOTION TO DISMISS** with the U.S. District Court for the District of Utah.  Notice will automatically be electronically mailed to the following individual(s) who are registered with the U.S. District Court CM/ECF System:

J. Preston Stieff
J. Preston Stieff Law Offices
136 East South Temple, Suite 2400
Salt Lake City, Utah 84111

Alvina L. Earnhart
Fredericks Peebles & Morgan, LLP
1900 Plaza Drive
Louisville, Colorado 80027

In addition, I hereby certify that I also caused a copy of the foregoing **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO TRIBAL DEFENDANTS' MOTION TO DISMISS** to be served upon the following, via U. S. mail, postage prepaid, on this 27th day of 2012:

Edson Gardner
P.O. Box 472
Fort Duchesne, Utah 84026

Lynda Kozlowicz
P.O. Box 472
Fort Duchesne, Utah 84026

Kozlowicz & Gardner Advocates, Inc.
P.O. Box 472
Fort Duchesne, Utah 84026

Athenya Swain
P.O. Box 472
Fort Duchesne, Utah 84026

/s/ Noah M. Hoagland

T:\4000\4530\J03\PLAINTIFFS OPP TRIBAL MOTION TO DISMISS.wpd