Edson Gardner, Attorney Pro-Se.
Uintah Indian Descendant.
Post Office Box 472
Fort Duchesne, Utah 84026
Telephone; (423) 722-8224 or 722-6707

U.S. DISTRICT COURT

2012 SEP -5 P 12

DISTRICT OF UTAH

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| Honorable Clair M. Poulson, Judge of the Duchesne County Justice Court, and Derek Dalton, | Civil No. 212-CV-00497 |
| Plaintiff(s), | DEFENDANT GARDNER'S APPLICATION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER |
| v. | Judge, Brooke C. Wells |

Ute Indian Tribe of the
Uintah and Ouray Reservation,
Business Committee for the Ute
Tribe of the Uintah and Ouray
Reservation, Tribal Court for
the Ute Tribe of the Uintah and
Ouray Reservation, Irene C. Cuch,
in her official capacity as Chairman
of the Business Committee for the
Ute Tribe, Ronald J. Wopsock, in
his official capacity as vice-
chairman of the Business Committee
for the Ute Tribe, Frances Poowewgup,
in her official capacity as a Member
of the Business for the Ute Tribe,
Stuart Pike, Sr., in his official
capacity as a Member of the for the
Ute Tribe, Richard Jenks, Jr., in his
official capacity as a Member of the
Business for the Ute Tribe, Phillip
Chimburas, in his official capacity
as a Member of the Business for the
Ute Tribe, Honorable Smiley Arrowchis,
in his official capacity as Chief Judge
of the Ute Trial Court, Dean Reed, and
Lynda Kozlowicz, Edson Gardner,

1

Kozlowicz & Gardner Advocate, Inc., a
Ute Tribe Business License, and Athenya Swain.

      Defendant(s),

---

     Defendant, Edson Gardner, Uintah Indian Descendant,
Attorney Pro-Se, submits Application For Preliminary
Injunction And Temporary Restraining Order pursuant to All
Writs Act, 28 U.S.C. 1651(a) and rule 65 of Federal Rules of
Civil Procedure, as well as Local Rule 65(a)(1), (2) and 65
(b), enjoining Plaintiff Uintah County from undertaking any
further efforts to effectuate, maintain, or complete
foreclosure, acquisition, conveyance or sale of, or transfer
of title to, Defendant Gardner Uintah Indian Descendant owned
properties in Uintah Reservation within Uintah and Duchesne
County and from interfering in any way with Defendant Uintah
Indian Descendant's ownership, possession and occupancy of
said lands, unless restrained as required herein, actions will
result in irreparable deprivation of Defendant Gardner Uintah
Indian Descendants fundamental rights of ownership,
possession, and occupancy of such properties. Defendant
Gardner Uintah Indian Descendant possesses lands in Indian
Country, 18 U.S.C. 1151, including lands to which Plaintiff
Duchesne and Uintah County has assigned following property Tax
identification in <u>Gardner v. State of Utah, Uintah County</u>

Clerk-Auditor, Case No. 2;12-CV-474 Hon. Tena Campbell. dated

August 24, 2012 (Order And Memorandum Decisions)(**attached**

**herein**), as states herein;

> The Defendant have filed a counterclaim in this
> matter, but the court notes that the issues alleged
> in the counterclaim are currently before the Honorable
> Dale Kimball in the matter of Poulson v. Ute Indian
> Tribe of the Uintah and Ouray Reservation, Case No.
> 2;12-CV-497. In order to avoid duplicative litigation,
> the court exercises its discretion to DISMISS WITHOUT
> PREJUDICE the Defendants counterclaim in this case.

This motion is supported by Defendant Gardner Uintah Indian

Descendant, and filed Memorandum For Preliminary Injunction

And Temporary Restraining Order, if permitted by the Court,

Defendant Gardner Uintah Indian Descendants intends to file

and serve reply papers.

Respectfully submitted this day ___4___ of September, 2012.

Edson Gardner, Attorney Pro-Se,
Uintah Indian Descendant.

3

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDSON GARDNER,<br><br>                    Plaintiff,<br><br>vs.<br><br>STATE OF UTAH and MICHAEL W.<br>WILKINS, Uintah County Clerk-Auditor,<br><br>                    Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:12-cv-474 |

Plaintiff Edson Gardner has filed a large number of cases in the United States District

Court for the District of Utah in which he contends that the State of Utah and various counties

have no authority over him or his property.  Now, in the above-captioned matter, Mr. Gardner

seeks a declaratory judgment stating that his lands are located within the Uintah and Ouray

Reservation and that he, and other Uintah Indian descendants, are not subject to taxation by the

State of Utah or Uintah County.  Mr. Gardner also requests the court to enjoin the Defendants

from collecting any taxes from the descendants of Uintah Indians who earn income and reside

within the geographical boundaries of the Uintah and Ouray Reservation.

But these matters have already been litigated.  The Tenth Circuit considered the issues of

state authority over Mr. Gardner after he was prosecuted by the State of Utah and Uintah County

for a speeding violation that occurred within the Uintah and Ouray Reservation.  The Tenth

Circuit stated: "We accept as true the allegations that Gardner's arrest occurred within the

reservation, and that he is a descendant of a terminated mixed-blood Ute. The pertinent inquiry is whether this status subjects him to Utah's criminal jurisdiction." Gardner v. United States, 1994 WL 170780, at *3 (10th Cir. May 5, 1994). The Tenth Circuit found that it did. The court held that when Congress terminated federal supervision over certain mixed-blood Utes, see 25 U.S.C. § 677-677aa, it also intended to terminate federal supervision of the descendants of terminated mixed-blood Utes. Gardner, 1994 WL 170780, at *4. The Congressional act provided that once federal supervision of a member of a tribe had been terminated, "the laws of the several States shall apply to such member in the same manner as they apply to other citizens within their jurisdiction." 25 U.S.C. § 677v. As a result, the Tenth Circuit held that Mr. Gardner was subject to the authority of the State of Utah.

Just as the Defendants have the authority to prosecute Mr. Gardner, they also have the authority to collect taxes from him. Mr. Gardner cannot demonstrate that this taxation will irreparably harm either him or other descendants of terminated mixed-blood Utes. As a result, the court GRANTS Defendants' Motion for Judgment on the Pleadings (Dkt. No. 7) and DENIES Mr. Gardner's Motion for a Permanent Injunction (Dkt. No. 5).

The Defendants have filed a counterclaim in this matter. But the court notes that the issues alleged in the counterclaim are currently before the Honorable Dale Kimball in the matter of Poulson v. Ute Indian Tribe of the Uintah and Ouray Reservation, Case No. 2:12-cv-497. In order to avoid duplicative litigation, the court exercises its discretion to DISMISS WITHOUT PREJUDICE the Defendants' counterclaim in this case.

The court orders the clerk of the court to close the case. The court also warns Mr. Gardner that any further attempt to relitigate these issues will result in sanctions.

2

SO ORDERED this 24th day of August, 2012.

BY THE COURT:

TENA CAMPBELL
United States District Judge

3

## CERTIFICATION OF SERVICE

This is to certify true and correct copy of **DEFENDANT GARDNER'S APPLICATION FOR PRELIMINARY INJUNCTIOIN AND TEMPORARY RESTRAINING ORDER,** foregoing document was delivered to following on this ___4___ , day of September, 2012.

Jesse C. Trentadue
Carl F. Huefner
Noah M. Hoagland
Britton R. Butterfield
Sutter Axland, PLLC
8 East Broadway, Suite 200
Salt Lake City, Utah 84111

Marea A. Doherty
Deputy Duchesne County Attorney
P.O. Box 346
Duchesne, Utah 84021

J Preston Stieff
Attorney for Dean Reed
136 East South Temple, Suite 2400
Salt Lake City, Utah 84111-2221

Edson Gardner, Attorney Pro-Se,
Uintah Indian Descendant.

1