J. Preston Stieff, USB #4764
J. PRESTON STIEFF LAW OFFICES
136 East South Temple, Suite 2400
Salt Lake City, UT  84111-2221
Telephone:  (801) 366-6002
Facsimile:  (801) 366-6007
Email: jpslaw@qwestoffice.net

Alvina L. Earnhart (*Pro Hac Vice*)
FREDERICKS PEEBLES & MORGAN, LLP
1900 Plaza Drive
Louisville, CO 80027
Telephone: (303) 673-9600
Facsimile: (303) 673-9155
Email: aearnhart@ndnlaw.com

*Attorneys for Defendants Ute Indian Tribe of the Uintah and Ouray Reservation; Business Committee for the Ute Tribe of the Uintah and Ouray Reservation; Tribal Court for the Ute Tribe of the Uintah and Ouray Reservation; Irene C. Cuch; Ronald J. Wopsock; Frances M. Poowegup; Stewart Pike, Sr.; Richard Jenks, Jr.; Phillip Chimburas; and Honorable Smiley Arrowchis and Defendant Dean Reed*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| HONORABLE CLAIR M. POULSON, in his official capacity as Judge of the Duchesne County Justice Court, and DEREK DALTON,<br><br>Plaintiffs,<br><br>v.<br><br>UTE INDIAN TRIBE OF THE UINTAH and OURAY RESERVATION; BUSINESS COMMITTEE FOR THE UTE TRIBE OF THE UINTAH and OURAY RESERVATION; TRIBAL COURT FOR THE UTE TRIBE OF THE UINTAH and OURAY RESERVATION; IRENE C. CUCH, in her | **REPLY TO DEFENDANT GARDNER AND KOZLOWICZ AND SWAIN AND SLIM MEMORANDUM IN OPPOSITION TO EXHAUSTION OF TRIBAL REMEDY BY MOTION OF DEFENDANT UTE TRIBE AND DEAN REED** |

1

| | |
|---|---|
| official capacity as Chairman of the Business Committee for the Ute Tribe; RONALD J. WOPSOCK, in his official capacity as Vice-Chairman of the Business Committee for the Ute Tribe; FRANCES M. POOWEGUP, in her official capacity as a Member of the Business Committee for the Ute Tribe; STUART PIKE, SR., in his official capacity as a Member of the Business Committee for the Ute Tribe; RICHARD JENKS, JR., in his official capacity as a Member of the Business Committee for the Ute Tribe; PHILLIP CHIMBURAS, in his official capacity as a Member of the Business Committee for the Ute Tribe; HONORABLE SMILEY ARROWCHIS, in his official capacity as Chief Judge of the Ute Trial Court; LYNDA KOZLOWICZ; EDSON GARDNER; KOZLOWICZ & GARDNER ADVOCATES, INC., a Ute Indian corporation; ATHENYA SWAIN; DEAN REED and JOHNNY SLIM, SR., <br><br>Defendants. | Civil No. 2:12-cv-00497-BSJ-EJF <br><br> Judge Bruce S. Jenkins <br><br> Magistrate Judge: Evelyn J. Furse |

COMES NOW, Defendants Ute Indian Tribe of the Uintah and Ouray Reservation, Business Committee for the Ute Indian Tribe of the Uintah and Ouray Reservation, Tribal Court for the Ute Indian Tribe of the Uintah and Ouray Reservation, Irene C. Cuch, Ronald J. Wopsock, Frances M. Poowegup, Stewart Pike, Sr., Richard Jenks, Jr., Phillip Chimburas and Honorable Smiley Arrowchis (collectively referred to herein as "Tribal Defendants"), and Defendant Dean Reed ("Defendant Reed"), and file this *Reply* to *Defendant Gardner and Kozlowicz and Swain and Slim Memorandum in Opposition to Exhaustion of Tribal Remedy by Motion of Defendant Ute Tribe and Dean Reed* ("Response") [Doc. 64].

**SUMMARY OF THE ARGUMENT**

Tribal Defendants' and Defendant Reed's Motions to Dismiss, [Docs. 56 and 63], were presented on behalf of the parties specifically identified therein. The arguments raised in both Motions to Dismiss do not concern or involve Party-Defendants Lynda Kozlowicz, Edson Gardner, Kozlowicz & Gardner Advocates, Inc., Athenya Swain or Johnny Slim, Sr. Party-Defendants Lynda Kozlowicz, Edson Gardner, Kozlowicz & Gardner Advocates, Inc., Athenya Swain, Dean Reed or Johnny Slim, Sr., do not represent the Ute Indian Tribe, the Business Committee, the Tribal Court, individual members of the Business Committee or the Chief Judge of the Tribal Court in any capacity. Tribal Defendants and Defendant Reed disclaim any and all arguments asserted to this Court by Party-Defendants Lynda Kozlowicz, Edson Gardner, Kozlowicz & Gardner Advocates, Inc., Athenya Swain or Johnny Slim, Sr., that were alleged to be brought forth on behalf of the Ute Indian Tribe, the Business Committee, the Tribal Court, individual members of the Business Committee, the Chief Judge of the Tribal Court or Dean Reed. The Motions to Dismiss, [Docs. 56 and 63] pertain only to those claims presented in Plaintiffs' *Amended Complaint for Declaratory and Injunctive Relief* [Doc. 17].

    **I.    DEFENDANTS KOZLOWICZ, GARDNER, SWAIN AND SLIM FAIL TO ACKNOWLEDGE OR REBUT THE CONTENTS OF TRIBAL DEFENDANTS' MOTION TO DISMISS.**

    A.  No Acknowledgement or Rebuttal for Lack of Personal Jurisdiction

Tribal Defendants cited to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4(d)(1)(A) of the Utah Rules of Civil Procedure, which outlines the process for obtaining personal service of an *individual,* and Rule 4(d)(2) of the Utah Rules of Civil Procedure, which also outlines the process for obtaining service by mail, as authority for the insufficient service of

3

process for individuals identified as Tribal Defendants by Plaintiffs. Tribal Defendants also cited to Rule 4(h) of the Federal Rules of Civil Procedure and Rule 4(d)(1)(E) of the Utah Rules of Civil Procedure, which outlines the process for obtaining personal service and Rule 4(d)(2)(B) of the Utah Rules of Civil Procedure as authority for the insufficient service of process of the Tribe, Business Committee and Tribal Court as a *corporation, partnership or association* within a judicial district of the United States by Plaintiffs.

Defendants Kozlowicz, Gardner, Swain and Slim did not address these matters as they relate to the Tribal Defendants' argument for lack of personal jurisdiction, and therefore, dismissal is appropriate.

      B. <u>No Acknowledgement or Rebuttal for Lack of Subject Matter Jurisdiction in the Absence of a Valid Waiver of Sovereign Immunity</u>

Furthermore, Tribal Defendants cited to *Kiowa Tribe of Oklahoma v. Mfg. Tech., Inc.*, 523 U.S. 751, 760 (1998), which provided that waivers of immunity cannot be implied, but must be unequivocally expressed. "Absent, an effective waiver or consent, a state court may not exercise jurisdiction over a recognized Indian tribe." *Payallup Tribe, Inc. v. Dept. of Game of the State of Washington,* 433 U.S. 165, 172 (1977). "State law has no bearing on who has the authority to waive the Tribe's sovereign Immunity." *The Stillaguamish Tribe of Indians v. Pilchuck Group II, L.L.C.*, 2011 WL 4001088 at 6, Case No. C10-995RAJ at p. 10 ¶ 17 (W. D. Wash. 2011). However, as discussed in *Pilchuck*, this Court is required to apply Ute Tribal law in determining whether there has been a waiver of sovereign immunity.

The Ute Indian Tribe's Law and Order Code explicitly describes the specific process that must be followed in order to effectuate a waiver of the Tribe's sovereign immunity. Section 1-8-5 provides:

> Except as required by federal law, or the Constitution and Bylaws of the Ute Indian Tribe, or as specifically waived by a resolution or ordinance of the Business Committee specifically referring to such, the Ute Indian Tribe shall be immune from suit in any civil action, and its officers and employees immune from suit for any liability arising from the performance of their official duties.

*See* U.L.O.C. §1-8-5. Therefore, under Tribal law, only the Ute Tribal Business Committee may waive immunity by passing a resolution or ordinance that specifically refers to the express waiver. The Tribe's sovereign immunity also extends to its officers and employees arising from the performance of their official duties. No resolution or ordinance waiving sovereign immunity exists to subject Tribal Defendants to suit in this action.

Defendants Kozlowicz, Gardner, Swain and Slim have not refuted these dispositive cases nor have they provided any evidence to demonstrate that the Ute Tribal Business Committee has waived the Tribe's sovereign immunity. Dismissal is appropriate.

C. <u>No Acknowledgement or Rebuttal for Lack of Subject Matter Jurisdiction in the Absence of a Federal Question</u>

Tribal Defendants cited to Article III, Section 2 of the U.S. Constitution as authority for limiting federal court jurisdiction to cases "arising under" the Constitution and laws of the United States. Federal question jurisdiction only exists if federal law is a direct element in the plaintiff's claim; it is not enough for federal law to be implicated indirectly or peripherally. *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1267 (2009), *quoting Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

In *National Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845, 856 (1985), the Supreme Court held that the question of whether tribal courts have jurisdiction over non-Indians in civil cases should *first* be addressed in tribal court. The Supreme Court reasoned: "[o]ur cases have often recognized that Congress is committed to a policy of supporting tribal self-

5

government and self-determination. That policy favors a rule that will provide the forum whose jurisdiction is being challenged the *first opportunity to evaluate the factual and legal bases for the challenge*. Moreover the orderly administration of justice in the federal court will be served by allowing a full record to be developed in the Tribal Court before either the merits or any question concerning appropriate relief is addressed." *Id.* at 856-57.

The law of the Tenth Circuit dictates that a federal court should not hear a challenge to tribal court jurisdiction until tribal court remedies have been exhausted. *Tillett v. Lujan*, 931 F.2d 636, 640-41 (10th Cir. 1991); *Superior Oil Co. v. United States*, 798 F.2d 1324, 1328-29 (10th Cir. 1986). The Supreme Court has defined exhaustion of tribal court remedies to include appellate review within the tribal court system. *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 17 (1987).

Defendants Kozlowicz, Gardner, Swain and Slim have not refuted these dispositive cases nor have they provided any evidence to demonstrate that exhaustion of tribal court remedies would be futile. Dismissal is appropriate.

D. <u>No Acknowledgement or Rebuttal for Lack of Subject Matter Jurisdiction in the Absence of Diversity</u>

It is not enough to simply cite to 28 U.S.C. §1332 to establish diversity jurisdiction. It is well settled that Indian tribes are not citizens of any state for purposes of diversity jurisdiction. *Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993) (no diversity jurisdiction when there was no evidence that defendant entity was corporation separate from the Mescalero Apache Tribe); *see generally* COHEN'S HANDBOOK OF FEDERAL INDIAN LAW, § 7.04[1][c], pp. 618-620 (5th Ed.).

Defendants Kozlowicz, Gardner, Swain and Slim have not refuted this dispositive case nor have they provided any evidence to demonstrate that the Tribal Defendants are citizens of a state other than the state of Utah. Dismissal is appropriate.

## II. DEFENDANTS KOZLOWICZ, GARDNER, SWAIN AND SLIM FAIL TO ACKNOWLEDGE OR REBUT THE CONTENTS OF DEFENDANT REED'S MOTION TO DISMISS.

### A. No Acknowledgement or Rebuttal for Lack of Subject Matter Jurisdiction in the Absence of a Federal Question

Defendant Reed cited to Article III, Section 2 of the U.S. Constitution as authority for limiting federal court jurisdiction to cases "arising under" the Constitution and laws of the United States. Federal question jurisdiction only exists if federal law is a direct element in the plaintiff's claim; it is not enough for federal law to be implicated indirectly or peripherally. *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1267 (2009), *quoting Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Defendant Reed also cited to *National Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845, 856 (1985), as authority for the exhaustion of Tribal court remedies whereby the Supreme Court held that the question of whether tribal courts have jurisdiction over non-Indians in civil cases should *first* be addressed in tribal court.

The law of the Tenth Circuit is that a federal court should not hear a challenge to tribal court jurisdiction until tribal court remedies have been exhausted. *Tillett v. Lujan*, 931 F.2d 636, 640-41 (10th Cir. 1991); *Superior Oil Co. v. United States*, 798 F.2d 1324, 1328-29 (10th Cir. 1986). The Supreme Court has defined exhaustion of tribal court remedies to include appellate review within the tribal court system. *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 17 (1987).

The Tribal Court has yet to address the issues raised in the case concerning Defendant Reed and Plaintiff Dalton which the Plaintiffs have cited in their *Amended Complaint.* Plaintiff

Dalton has not attempted to appear in the tribal court system to present the arguments he is asserting here. Rather, Plaintiffs are attempting to circumvent the process by seeking federal court review before allowing the Tribal Court to address the issue of jurisdiction and hear the matters asserted in the Tribal Court cases at issue in this case. As stated in *National Farmers*, *Tillett*, and *Superior Oil*, jurisdictional arguments should first be heard in tribal court before the federal court can assert jurisdiction.

Defendants Kozlowicz, Gardner, Swain and Slim have not refuted these dispositive cases nor have they provided any evidence to demonstrate that exhaustion of tribal court remedies would be futile. Dismissal is appropriate.

### B. No Acknowledgement or Rebuttal for Lack of Subject Matter Jurisdiction in the Absence of Diversity

It is not enough to simply cite to 28 U.S.C. §1332 to establish diversity jurisdiction. For purposes of diversity jurisdiction, Defendant Reed is not a citizen of a state other than the state of Utah. Defendants Kozlowicz, Gardner, Swain and Slim have not provided any evidence to demonstrate that Defendant Reed is a citizen of a state other than the state of Utah. Dismissal is appropriate.

### C. No Acknowledgement or Rebuttal for Lack of Jurisdiction Because the Case is Not Ripe for Review

Defendant Reed cited to Article III of the Constitution as authority that cases be "ripe" for adjudication. It is a constitutional limitation on the power of federal courts, not just a statutory limitation as contained in 28 U.S.C. §§ 1331 and 1332. *See New Mexicans for Richardson v. Gonzales*, 64 F.3d 1495, 1498-99 (10th Cir. 1995) (stating that the ripeness

inquiry "bears on the court's subject matter jurisdiction under the case or controversy clause of Article III of the Constitution).

This case is not ripe for review because it has not been adjudicated by the Tribal Court. As the Tribal Court has not considered the arguments presented in Defendant Reed's *Civil Complaint*, the outcome of the Tribal Court case may not occur as Plaintiffs anticipate or may not occur at all and, the likelihood of harm is speculative. Designed to avoid "premature adjudication," ripeness is a justiciability doctrine that both implements Article III's case-or-controversy requirement and reflects additional, prudential considerations that require the federal courts to refrain from premature intervention in a nascent legal dispute. *Nat'l Park Hospitability Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003) (citing *Abbott Labs v. Gardner,* 387 U.S. 136, 148-49 (1967)). Even in its prudential form, ripeness is a doctrine that the Court may invoke on its own initiative, regardless of whether it has been raised and decided below. *Id.*

Defendants Kozlowicz, Gardner, Swain and Slim have not refuted these dispositive cases nor have they provided any evidence to demonstrate that the case concerning Defendant Reed is ripe for judicial review. Dismissal is appropriate.

## CONCLUSION

Based on the facts and legal authorities cited herein, there is no waiver of tribal sovereign immunity in this case.  There is also no federal question jurisdiction under 28 U.S.C. § 1331, nor diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs have not met their burden of establishing subject-matter jurisdiction.

Based on the facts and legal authorities cited herein, Plaintiffs did not comply with the requirements of Rule 4(e) and (h) of the Federal Rules of Civil Procedure. There is proof of

insufficient process and insufficient service of process. Plaintiffs have not met their burden of establishing personal jurisdiction.

WHEREFORE, the Tribal Defendants' respectfully request that this honorable Court dismiss the claims against them with prejudice under Federal Rule 12(b)(1), (2), (4) and (5).

WHEREFORE, Defendant Reed respectfully requests that this honorable Court dismiss the claims against him with prejudice under Federal Rule 12(b)(1) .

Dated this 10th day of September, 2012.

FREDERICKS PEEBLES & MORGAN, LLP

*/s/ Alvina L. Earnhart*
Alvina L. Earnhart (*Pro Hac Vice*)
1900 Plaza Drive
Louisville, CO 80027
Telephone: (303) 673-9600
Facsimile: (303) 673-9155
Email: aearnhart@ndnlaw.com

J. PRESTON STIEFF LAW OFFICES

*/s/ J. Preston Stieff*
*(Signed by Filing Attorney with permission of Attorney)*
J. Preston Stieff, USB #4764
136 East South Temple, Suite 2400
Salt Lake City, UT 84111-2221
Telephone: (801) 366-6002
Facsimile: (801) 366-6007
Email: jpslaw@qwestoffice.net

*Attorneys for Defendants Ute Indian Tribe of the Uintah and Ouray Reservation; Business Committee for the Ute Tribe of the Uintah and Ouray Reservation; Tribal Court for the Ute Tribe of the Uintah and Ouray Reservation; Irene C. Cuch; Ronald J. Wopsock; Frances M. Poowegup; Stewart Pike, Sr.; Richard Jenks, Jr.; Phillip Chimburas; and Honorable Smiley Arrowchis and Defendant Dean Reed*

### CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September, 2012, I electronically filed the foregoing **REPLY TO DEFENDANT GARDNER AND KOZLOWICZ AND SWAIN AND SLIM MEMORANDUM IN OPPOSITION TO EXHAUSTION OF TRIBAL REMEDY BY MOTION OF DEFENDANT UTE TRIBE AND DEAN REED,** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all parties of record as follows:

| | | |
|---|---|---|
| Jesse C. Trentadue<br>Carl F. Huefner<br>Noah M. Hoagland<br>Britton R. Butterfield<br>SUITTER AXLAND, PLLC<br>8 East Broadway, Suite 200<br>Salt Lake City, UT 84111<br>*Attorneys for Plaintiff*<br><br>Marea A. Doherty<br>Deputy Duchesne County Attorney<br>P.O. Box 346<br>Duchesne, UT 84021<br>*Attorneys for Plaintiff* | Edson Gardner<br>P.O. Box 472<br>Fort Duchesne, UT 84026<br>*Defendant*<br><br>Lynda Kozlowicz<br>P.O. Box 472<br>Fort Duchesne, UT 84026<br>*Defendant*<br><br>Kozlowicz & Gardner Advocates, Inc.<br>P.O. Box 472<br>Fort Duchesne, UT 84026<br>*Defendant* | Athenya Swain<br>P.O. Box 472<br>Fort Duchesne, UT 84026<br>*Defendant*<br><br>Johnny Slim, Sr.<br>P.O. Box 472<br>Fort Duchesne, UT 84026<br>*Defendant* |

*/s/ Alvina L. Earnhart*
Alvina L. Earnhart