Jesse C. Trentadue (#4961)
Carl F. Huefner (#1566)
Noah M. Hoagland (#11400)
Britton R. Butterfield (#13158)
SUITTER AXLAND, PLLC
8 East Broadway, Suite 200
Salt Lake City, Utah 84111
Tel: (801) 532-7300
Fax: (801) 532-7355
jesse32@sautah.com
chuefner@sautah.com
nhoagland@sautah.com
bbutterfield@sautah.com
*Attorneys for Plaintiff*

Marea A. Doherty (# 7379)
Deputy Duchesne County Attorney
P.O. Box 346
Duchesne, Utah 84021
Tel: (435) 738-1144
Fax: (435) 738-1221
mdoherty@duchesne.utah.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HONORABLE CLAIR M. POULSON, in his official capacity as Judge of the Duchesne County Justice Court, and DEREK DALTON, <br><br> Plaintiffs, <br> v. <br><br> UTE INDIAN TRIBE OF THE UINTAH and OURAY RESERVATION; et. al., <br><br> Defendants. | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO TRIBAL DEFENDANTS' MOTION TO DISMISS** <br><br> Civil No. 2:12-cv-00497-DAK <br><br> Judge: Dale A. Kimball <br> Magistrate Judge: Evelyn J. Furse |

Defendant Dean Reed has moved to dismiss, **with prejudice**, Plaintiffs'

*Amended Complaint*.[1]  Plaintiffs hereby submit this *Memorandum* in opposition to

---

[1] Doc. 63.  However, Plaintiffs submit that even if the Court were to grant Mr. Reed's *Motion to Dismiss*, dismissal would have to be without prejudice.  If for, example, the Court lacks jurisdiction, then there would be no jurisdiction for dismissal other than

Mr. Reed's *Motion to Dismiss*.

## <u>SUMMARY OF ARGUMENT</u>

Mr. Reed claims that dismissal is appropriate because this Court lacks subject matter jurisdiction.  But the Courts of the United States have the jurisdiction to determine the limits of tribal authority and to enforce the United States *Constitution*.  Mr. Reed claims, too, that dismissal is appropriate because Plaintiffs have not exhausted their Tribal Court remedies.  But it is not necessary for Plaintiffs to exhaust the remedies that might otherwise be available to them in the Ute Tribal Court because the actions of all of the Defendants, including Mr. Reed,  are patently violative of express jurisdictional prohibitions against their assertion of any jurisdiction and/or lawful authority over Plaintiffs; because requiring Plaintiffs to proceed in the Ute Tribal Court before bringing this matter before the Federal Court would serve no purpose other than delay; and because Defendants' assertion of the exhaustion is motivated by a desire to harass and/or disrupt Duchesne County government.

---

without prejudice.  *See Matosantos Commercial Corp. v. Applebee's Int., Inc.*, 245 F.3d 1203, 1209 (10th Cir. 2001)(dismissal for lack of jurisdiction is without prejudice).  Likewise, if dismissal is for failure to exhaust Ute Tribal Court remedies then, for the same reason, the dismissal would be without prejudice.  If this were not so, following exhaustion of their Tribal Court remedies Plaintiffs would not be able to seek any review of the Ute Tribal Court's decision in Federal Court

## NATURE OF THE CASE

This action arises out of the arrests of and/or criminal charges being brought against members of the Ute Indian Tribe by Duchesne County, Utah.  As a result of these arrests and/or charges, members of the Ute Indian Tribe persist in bringing actions in the Ute Tribal Court against Judges of the Duchesne County Justice Court, Duchesne County Deputy Sheriffs and other Duchesne County officials and/or employees.  Consequently, in this lawsuit Plaintiffs are seeking to have this Court review the question of the Defendants' jurisdiction and lawful authority over them and other Duchesne County official and employees who, while acting in their official capacities and while attempting to discharge their official duties, are constantly being summoned into the Ute Tribal Court in response to claims by members of the Ute Tribe.

Specifically, Plaintiffs are asking for a declaratory judgment to the effect that the Ute Tribal Court lacks subject matter jurisdiction to hear the claims being brought against Plaintiffs and other Duchesne County officials and employees  in the Ute Tribal Court and, based upon that ruling, for an *Order* enjoining the prosecution of those claims in the Ute Tribal Court.  Plaintiffs are likewise asking this Court to enforce their rights under the United States *Constitution*.

In the Ute Tribal Court, the rights guaranteed to Plaintiffs and other persons subject to the jurisdiction of that Court are only those rights set forth in 25 U.S.C. § 1302, which do not include, among others,  the right to a trial by a jury of their peers since in the Ute Tribal Court only members of the Ute Tribe can serve on juries, and the *due process* accorded Plaintiffs before the Ute Tribal Court is defined by the Ute Tribe and not by the *United States Constitution*.  Consequently, if this Court determines that Plaintiffs are subject to suit in the Ute Tribal Court, then Plaintiffs are asking for a declaratory judgment to the effect that the Ute Tribal Court is a "*Federal Actor*" so as to entitle Plaintiffs and other Duchesne County officials and employees  to the full protections of the *United States Constitution* in all proceedings before the Ute Tribal Court, and for an *Order* enjoining the Tribal Defendants from denying Plaintiffs and other Duchesne County officials and employees their rights under the *United States Constitution*.

## REBUTTAL TO DEFENDANT REED'S STATEMENT OF FACTS

In support of his *Motion to Dismiss*, Defendant Reed presents with Court with 14 paragraphs of facts.  However, the only relevant facts are:

1.    Defendant Reed sued Deputy Dalton in the Ute Tribal Court for

alleged violations of his civil rights.[2]

      2.      The purpose of Defendant Reed's Tribal Court suit against Deputy Dalton and the purpose of similar suits brought by the Individual Defendants against Judge Poulson and other Duchesne County officials is to harass them by disrupting the County's governmental authority.[3]

## ARGUMENT

      Defendant Reed makes three arguments in favor of his *Motion to Dismiss*.[4]  First, Defendant Reed argues that this Court lacks jurisdiction over the

---

[2] Doc. 63-1, ¶ 12.

[3] Doc. 17, ¶ 26.

[4] Defendant Reed essentially advances all of the arguments raised by the Tribal Defendants in support of their *Motion to Dismiss*, except for one.  He does not argue sovereign immunity.  Not being a tribal official, Defendant Reed is not entitled to sovereign immunity and, for difference reasons, neither are the Tribal Defendants.  When, as in the instant case, Plaintiffs are not seeking monetary damages but only declaratory and injunctive relief with respect to both the scope of Tribal Defendants' jurisdiction and authority over them and the enforcement of the rights guaranteed to Plaintiffs  under the United States *Constitution*, sovereign immunity is not applicable to the Tribal Defendants. If this were not the state of the law, there could never be Federal Court review of the jurisdiction and authority asserted by tribal governments over non-members and/or tribal government's deprivation of the civil rights of non-members.  Since Federal Courts do have that jurisdiction, sovereign immunity does not apply to these situations.  *See National Farmers Union Ins. Cos. v. Crow Indian Tribe*, 471 U.S. 845, 853, (1985) (holding that "a federal court may determine . . . whether a tribal court has exceeded the lawful limits of its jurisdiction"); *Nevada v. Hicks*, 533 U.S. 353 (2001); *Montana DOT v. King*, 191 F.3d 1108 (9th Cir. 1999); *Montana v. Gilham*, 133 F.3d 1133 (9th Cir. 1997);

subject matter of Plaintiffs' claims pursuant to 28 U.S.C. § 1331.  Subject matter

jurisdiction exists  because the issues before the Court in this case raise substantial

federal questions both as to the scope of the Defendants' jurisdiction and/or lawful

authority over Plaintiffs, and the rights guaranteed to Plaintiffs under the

*Constitution* as a result of Defendants' assertion of jurisdiction over Plaintiffs.[5]

Next, Defendant Reed argues that Plaintiffs must exhaust their remedies in

Ute Tribal Court, including "appellate review within the tribal court system."[6]

But, it is not necessary for Plaintiffs to exhaust the remedies that might otherwise

be available to them in the Ute Tribal Court.  Exhaustion of Ute Tribal Court

remedies is not required, for example, when the actions of an Indian Tribe and its

---

*Santa Clara Pueblo v. Martinez*, 436 U.S. 49 (1978); *Arizona Public Service Co. v. Aspaas*, 77 F. 3d 1128, 1133-334 (9th Cir. 1995).  *Cf.*, *Burton v. Wilmington Parking Authority*, 365 U.S. 715 (1961)(sovereign immunity is obviously no impediment to civil rights cases).

[5]  *See National Farmers Union Ins. Cos.*, 471 U.S. at 853; *Hicks*, 533 U.S. at 353; *Montana DOT,* 191 F.3d at1108; *Gilham*, 133 F.3d at1133; *Santa Clara Pueblo v. Martinez*, 436 U.S. at 49; *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 15 (1987); *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 483 (1999);  *Enlow v. Moore*, 134 F.3d 993, 995 (10th Cir. 1998).

[6]  Doc. 63-1, p. 12.  In credibly, Defendant Reed makes this argument when the United States Supreme Court has already held that tribal courts do not have the jurisdiction to hear civil rights actions brought by tribal members against state an/or local officials.  See Hicks, 533 U.S. at 369.

officials are patently violative of express jurisdictional prohibitions,[7] as are the

actions of the Tribal Defendants in asserting jurisdiction and/or authority over

Plaintiffs;[8] or when, as in the instant case, it is otherwise clear that there has been

no federal grant to the Ute Tribal Court of jurisdiction over the conduct of non-

members, such as Deputy Dalton, Judge Poulson and other County officials.[9]

Exhaustion of Ute Tribal Court remedies is likewise not  required when it serves

no purpose other than delay,[10] as would be the situation in the present case given

the decisional law holding that jurisdiction does not exist in the Ute Tribal Court;[11]

---

[7]  *See National Farmers Union Ins. Cos.*, 471 U.S. at 857 n.21 (noting that exhaustion of trial court remedies is not required "where the action is patently violative of express jurisdictional prohibitions").

[8]  *See Hicks*, 533 U.S. at 369 (tribal courts have no jurisdiction over state officials for causes of action arising out of the performance of their official duties); *MacArthur v. San Juan County,* 391 F. Supp. 2d 895, 1037 (D. Utah 2005); *MacArthur v. San Juan County,* 497 F.3d 1057 (10th Cir. 2007); *Montana DOT,* 191 F.3d at 1115-116; *Gilham*, 133 F.3d at 1133.

[9]  *See Strate v. A-1 Contractors*, 520 U.S. 438, 459 n. 14 (1981)

[10]  *See Strate*, 520 U.S. at 459 n. 14 (1981) (determining that "when tribal-court jurisdiction over an action such as this one is challenged in federal court, the otherwise applicable exhaustion requirement . . . must give way, for it would serve no purpose other than delay").

[11]  *See Hicks*, 533 U.S. at 369(holding since it is clear that tribal courts lack jurisdiction over state officials for causes of action relating to their performance of official duties, adherence to the tribal exhaustion requirement in such cases would serve no purpose other than delay).

and/or when the assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith, such as disrupting the authority and/or functioning of the Duchesne County government..[12]  Furthermore, exhaustion of tribal court remedies is not a prerequisite to the existence of *Federal Question* jurisdiction.[13]  Nor should it be when constitutional rights are involved.[14]

Finally, Defendant Reed argues that there is no case or controversy since the Ute Tribal Court has yet to take any action on his case.  However, there is an actual controversy with respect to that Court's jurisdiction over Deputy Dalton, Judge Poulson and other Duchesne County officials, and that controversy suffices for purposes of this declaratory judgment action.  Again, if this were not so, then there could never be any review of tribal court jurisdiction and authority until AFTER tribal court remedies were exhausted, but the law clearly allows for pre-exhaustion review of a tribal court's jurisdiction, which can only mean that an

---

[12] *National Farmers*, 471 U.S. at 857, n. 21.  *See also Burrell v. Armijo*, 456 F.3d 1159, 1168 (10th Cir. 2006).

[13] *See Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16 n. 8 (1987) (stating that tribal court exhaustion is not a jurisdiction prerequisite); *Strate*, 520 U.S. at 454.

[14] *Cf. Ellis v. Dyson*, 421 U.S. 426, 433 (1975) (Exhaustion generally not required in 42 U.S.C. § 1983 suits).

actual case and/or controversy does exist in these situations.[15]

## **CONCLUSION**

For the reasons stated, Defendant Reed's *Motion to Dismiss*[16] should be

denied in its entirety.

DATED this 11th day of September, 2012.

SUITTER AXLAND, PLLC

 /s/ jesse c. trentadue
Jesse C. Trentadue
Carl F. Huefner
Noah M. Hoagland
Britton R. Butterfield

Marea A. Doherty
Deputy Duchesne County Attorney
*Attorneys for Plaintiffs*

---

[15] *See* anti-exhaustion cases, *supra*. at footnotes through 12.

[16] Doc. 63.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of September, 2012, I electronically

filed the foregoing **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO**

**DEFENDANT REED'S MOTION TO DISMISS** with the U.S. District Court

for the District of Utah.  Notice will automatically be electronically mailed to the

following individual(s) who are registered with the U.S. District Court CM/ECF

System:

J. Preston Stieff                           Alvina L. Earnhart
J. Preston Stieff Law Offices               Fredericks Peebles & Morgan, LLP
136 East South Temple, Suite 2400           1900 Plaza Drive
Salt Lake City, Utah 84111                  Louisville, Colorado 80027

In addition, I hereby certify that I also caused a copy of the foregoing
**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT
REED'S MOTION TO DISMISS**  to be served upon the following, via U. S.
mail, postage prepaid, on this 27th day of  2012:

Edson Gardner                               Lynda Kozlowicz
P.O. Box 472                                P.O. Box 472
Fort Duchesne, Utah 84026                   Fort Duchesne, Utah 84026

Kozlowicz & Gardner Advocates, Inc.         Athenya Swain
P.O. Box 472                                P.O. Box 472
Fort Duchesne, Utah 84026                   Fort Duchesne, Utah 84026

                                            /s/ jesse c. trentadue

T:\4000\4530\J03\PLAINTIFFS OPP REED MOTION TO DISMISS.wpd