J. Preston Stieff, USB #4764
J. PRESTON STIEFF LAW OFFICES
136 East South Temple, Suite 2400
Salt Lake City, UT  84111-2221
Telephone:  (801) 366-6002
Facsimile:  (801) 366-6007
Email: jpslaw@qwestoffice.net

Alvina L. Earnhart (*Pro Hac Vice*)
FREDERICKS PEEBLES & MORGAN, LLP
1900 Plaza Drive
Louisville, CO 80027
Telephone: (303) 673-9600
Facsimile: (303) 673-9155
Email: aearnhart@ndnlaw.com

*Attorneys for Defendants Ute Indian Tribe of the Uintah and Ouray Reservation; Business Committee for the Ute Tribe of the Uintah and Ouray Reservation; Tribal Court for the Ute Tribe of the Uintah and Ouray Reservation; Irene C. Cuch; Ronald J. Wopsock; Frances M. Poowegup; Stewart Pike, Sr.; Richard Jenks, Jr.; Phillip Chimburas; and Honorable Smiley Arrowchis*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| HONORABLE CLAIR M. POULSON, in his official capacity as Judge of the Duchesne County Justice Court, and DEREK DALTON,<br><br>Plaintiffs,<br><br>v.<br><br>UTE INDIAN TRIBE OF THE UINTAH and OURAY RESERVATION; BUSINESS COMMITTEE FOR THE UTE TRIBE OF THE UINTAH and OURAY RESERVATION; TRIBAL COURT FOR THE UTE TRIBE OF THE UINTAH and OURAY RESERVATION; IRENE C. CUCH, in her official capacity as Chairman of the Business Committee for the Ute Tribe; RONALD J. WOPSOCK, in his official capacity as Vice- | **REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO TRIBAL DEFENDANTS' MOTION TO DISMISS** |

| | |
|---|---|
| Chairman of the Business Committee for the Ute Tribe; FRANCES M. POOWEGUP, in her official capacity as a Member of the Business Committee for the Ute Tribe; STUART PIKE, SR., in his official capacity as a Member of the Business Committee for the Ute Tribe; RICHARD JENKS, JR., in his official capacity as a Member of the Business Committee for the Ute Tribe; PHILLIP CHIMBURAS, in his official capacity as a Member of the Business Committee for the Ute Tribe; HONORABLE SMILEY ARROWCHIS, in his official capacity as Chief Judge of the Ute Trial Court; LYNDA KOZLOWICZ; EDSON GARDNER; KOZLOWICZ & GARDNER ADVOCATES, INC., a Ute Indian corporation; ATHENYA SWAIN; DEAN REED and JOHNNY SLIM, SR., <br><br>Defendants. | Civil No. 2:12-cv-00497-BSJ-EJF <br><br> Judge Bruce S. Jenkins <br><br> Magistrate Judge: Evelyn J. Furse |

COMES NOW, Defendants Ute Indian Tribe of the Uintah and Ouray Reservation, Business Committee for the Ute Indian Tribe of the Uintah and Ouray Reservation, Tribal Court for the Ute Indian Tribe of the Uintah and Ouray Reservation, Irene C. Cuch, Ronald J. Wopsock, Frances M. Poowegup, Stewart Pike, Sr., Richard Jenks, Jr., Phillip Chimburas and Honorable Smiley Arrowchis (collectively referred to herein as "Tribal Defendants"), and file this *Reply* to *Plaintiffs' Memorandum in Opposition to Tribal Defendants' Motion to Dismiss* ("Response") [Doc. 65].

## SUMMARY OF THE ARGUMENT

Tribal Defendants incorporate, but do not restate the facts set forth in the *Motion to Dismiss* [Doc. 56]. Dismissal is appropriate for lack of subject matter jurisdiction and lack of personal jurisdiction, which are essential requirements to proceed with any suit. Tribal

2

Defendants are entitled to tribal sovereign immunity. Tribal Defendants seek dismissal of the claims against them for (1) lack of subject matter jurisdiction on the grounds of (*i*) Indian tribal sovereign immunity; (*ii*) lack of federal question jurisdiction under 28 U.S.C. § 1331; and (*iii*) lack of diversity jurisdiction under 28 U.S.C. § 1332; and (2) lack of personal jurisdiction on the grounds of (*i*) insufficient process; and (*ii*) insufficient service of process.

Tribal Defendants are entitled to sovereign immunity in the absence of a clear, express and unequivocal waiver of such immunity. Plaintiffs have provided no evidence to suggest that the Tribal Defendants have waived such immunity in accordance with the requirements of Tribal law. The Court lacks subject matter jurisdiction over the Tribal Defendants in the absence of such a valid waiver.

Plaintiffs are required to exhaust their tribal court remedies for those cases that have not been addressed by the Tribal Court. The U.S. Supreme Court stated, "[o]ur cases have often recognized that Congress is committed to a policy of supporting tribal self-government and self-determination. That policy favors a rule that will provide the forum whose jurisdiction is being challenged the first opportunity to evaluate the factual and legal bases for the challenge. Moreover the orderly administration of justice in the federal court will be served by allowing a full record to be developed in the Tribal Court before either the merits or any question concerning appropriate relief is addressed." *National Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845, 856-857 (1985), emphasis added. The law of the Tenth Circuit is that a federal court should not hear a challenge to tribal court jurisdiction until tribal court remedies have been exhausted. *Tillett v. Lujan*, 931 F.2d 636, 640-41 (10th Cir. 1991); *Superior Oil Co. v. United States*, 798 F.2d 1324, 1328-29 (10th Cir. 1986). The Supreme Court has defined exhaustion of

3

tribal court remedies to include appellate review within the tribal court system. *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 17 (1987). As the Tribal Court has yet to address the question of whether or not it has jurisdiction over cases identified and referenced in Plaintiffs' *Amended Complaint*, this Court lacks subject matter jurisdiction over those cases to assess whether or not the Tribal Court does in fact have such jurisdiction to proceed accordingly.

Despite Plaintiffs' assertions concerning insufficient proof of service, the burden for obtaining sufficient proof of service falls on the Plaintiffs. *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010); *Khan v. Khan*, 360 Fed. Appx. 202, 203 (2d Cir. 2010) ("On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient."); *In re Katrina Canal Breaches Litigation*, 309 Fed. Appx. 833 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 803 (2009); *Holly v. Metropolitan Transit Authority*, 213 Fed. Appx. 343 (5th Cir. 2007); *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383 (8th Cir. 1995).

Until the Tribal Defendants are properly served in accordance with (1) Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4(d)(1)(A) of the Utah Rules of Civil Procedure, which outlines the process for obtaining personal service of an *individual,* and/or Rule 4(d)(2) of the Utah Rules of Civil Procedure, which outlines the process for obtaining service of an *individual* by mail, and (2) Rule 4(h) of the Federal Rules of Civil Procedure and Rule 4(d)(1)(E) of the Utah Rules of Civil Procedure, which outlines the process for obtaining personal service of a *corporation, partnership or association* within a judicial district of the United States, and/or Rule 4(d)(2)(B) of the Utah Rules of Civil Procedure, which outlines the process for obtaining

service of a *corporation, partnership or association* by mail; Tribal Defendants are not considered parties to this case.

Although Plaintiffs attempt to confuse the issues and assert that other parties have appeared in this case and have been properly served, those parties do not represent the interests of the Ute Indian Tribe of the Uintah and Ouray Reservation, the Business Committee of the Ute Indian Tribe or the Tribal Court of the Tribe. Tribal Defendants do not include Party-Defendants Lynda Kozlowicz, Edson Gardner, Kozlowicz & Gardner Advocates, Inc., Athenya Swain, Dean Reed or Johnny Slim, Sr., who have each separately appeared before this Court and acknowledged sufficient service of process. Tribal Defendants have not been properly served and as such, this suit must be dismissed as it relates to the claims asserted against the Tribal Defendants.

Pursuant to Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure, the Court has the discretion to quash or dismiss the suit for ineffective service or process. *Cardenas v. City of Chicago,* 646 F.3d 1001, 1005 (7th Cir. 2011); *Hilaturas Miel, S.L. v. Republic of Iraq,* 573 F. Supp. 2d 781, 796 (S.D.N.Y. 2008); *Ramirez De Arellano v. Colloides Naturels Intern.*, 236 F.R.D. 83, 85 (D.P.R. 2006). There is no "proper procedural tool to challenge the sufficiency of service" as Plaintiffs allege, rather it is within Tribal Defendants' right to assert and request whatever relief they feel is appropriate in light of the circumstances of the case. As it has been over ninety (90) days since this case was commenced by Plaintiffs without obtaining sufficient service or process, Tribal Defendants are fully within their right to seek dismissal of this case as requested and outlined in their *Motion to Dismiss.*

    **I.**    **PLAINTIFFS FAIL TO ACKNOWLEDGE OR REBUT THE CONTENTS OF TRIBAL DEFENDANTS' MOTION TO DISMISS.**

### A. <u>No Acknowledgement or Rebuttal for Lack of Personal Jurisdiction</u>

Tribal Defendants cited to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4(d)(1)(A) of the Utah Rules of Civil Procedure, which outlines the process for obtaining personal service of an *individual,* and Rule 4(d)(2) of the Utah Rules of Civil Procedure, which also outlines the process for obtaining service of an *individual* by mail, as authority for the insufficient service of process for individuals identified as Tribal Defendants by Plaintiffs. Tribal Defendants also cited to Rule 4(h) of the Federal Rules of Civil Procedure and Rule 4(d)(1)(E) of the Utah Rules of Civil Procedure, which outlines the process for obtaining personal service of a *corporation, partnership or association* within a judicial district of the United States and Rule 4(d)(2)(B) of the Utah Rules of Civil Procedure, which also outlines the process for obtaining service of a *corporation, partnership or association* within a judicial district of the United States by mail, as authority for the insufficient service of process of the Tribe, Business Committee and Tribal Court.

Plaintiffs did not address these matters as they relate to the Tribal Defendants' argument for lack of personal jurisdiction, and therefore, dismissal is appropriate.

### B. <u>No Acknowledgement or Rebuttal for Lack of Subject Matter Jurisdiction in the Absence of a Valid Waiver of Sovereign Immunity</u>

Furthermore, Tribal Defendants cited to *Kiowa Tribe of Oklahoma v. Mfg. Tech., Inc.*, 523 U.S. 751, 760 (1998), which provided that waivers of immunity cannot be implied, but must be unequivocally expressed. "Absent, an effective waiver or consent, a state court may not exercise jurisdiction over a recognized Indian tribe." *Puyallup Tribe, Inc. v. Dept. of Game of the State of Washington,* 433 U.S. 165, 172 (1977). "State law has no bearing on who has the

authority to waive the Tribe's sovereign Immunity." *The Stillaguamish Tribe of Indians v. Pilchuck Group II, L.L.C.*, 2011 WL 4001088 at 6, Case No. C10-995RAJ at p. 10 ¶ 17 (W. D. Wash. 2011). However, as discussed in *Pilchuck*, this Court is required to apply Ute Tribal law in determining whether there has been a valid waiver of sovereign immunity.

The Ute Indian Tribe's Law and Order Code explicitly describes the specific process that must be followed in order to effectuate a waiver of the Tribe's sovereign immunity. Section 1-8-5 provides:

> Except as required by federal law, or the Constitution and Bylaws of the Ute Indian Tribe, or as specifically waived by a resolution or ordinance of the Business Committee specifically referring to such, the Ute Indian Tribe shall be immune from suit in any civil action, and its officers and employees immune from suit for any liability arising from the performance of their official duties.

*See* U.L.O.C. §1-8-5. Therefore, under Tribal law, only the Ute Tribal Business Committee may waive immunity by passing a resolution or ordinance that specifically refers to the express waiver. The Tribe's sovereign immunity also extends to its officers and employees arising from the performance of their official duties, which includes the members of the Business Committee and the Chief Judge of the Tribal Court. No resolution or ordinance waiving sovereign immunity exists to subject Tribal Defendants to suit in this action.

Plaintiffs have not refuted these dispositive cases nor have they provided any evidence to demonstrate that the Ute Tribal Business Committee has waived the Tribe's sovereign immunity. Dismissal is appropriate.

### C. No Acknowledgement or Rebuttal for Lack of Subject Matter Jurisdiction in the Absence of a Federal Question

Tribal Defendants cited to Article III, Section 2 of the U.S. Constitution as authority for limiting federal court jurisdiction to cases "arising under" the Constitution and laws of the

7

United States. Federal question jurisdiction only exists if federal law is a direct element in the plaintiff's claim; it is not enough for federal law to be implicated indirectly or peripherally. *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1267 (2009), *quoting Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

In *National Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845, 856 (1985), the Supreme Court held that the question of whether tribal courts have jurisdiction over non-Indians in civil cases should <u>first</u> be addressed in tribal court. The Supreme Court reasoned: "[o]ur cases have often recognized that Congress is committed to a policy of supporting tribal self-government and self-determination. That policy favors a rule that will provide the forum whose jurisdiction is being challenged the <u>first opportunity to evaluate the factual and legal bases for the challenge. Moreover the orderly administration of justice in the federal court will be served by allowing a full record to be developed in the Tribal Court before either the merits or any question concerning appropriate relief is addressed</u>." *Id.* at 856-57, emphasis added.

The law of the Tenth Circuit dictates that a federal court should not hear a challenge to tribal court jurisdiction until tribal court remedies have been exhausted. *Tillett v. Lujan*, 931 F.2d 636, 640-41 (10th Cir. 1991); *Superior Oil Co. v. United States*, 798 F.2d 1324, 1328-29 (10th Cir. 1986). The Supreme Court has defined exhaustion of tribal court remedies to include appellate review within the tribal court system. *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 17 (1987).

Plaintiffs assert that tribal court exhaustion is not required pursuant to *National Farmers,* "where the action is patently violative of express jurisdiction prohibitions" and reference *Nevada v. Hicks,* 533 U.S., 353, 3639 (2001), as authority to assert that the U.S. Supreme Court has held

8

that "tribal courts have no jurisdiction over state officials for causes of action arising out of their official duties." However, in *Hicks,* the U.S. Supreme Court's reasoning was based on violations which occurred off reservation and states in pertinent part as follows:

> We conclude today, in accordance with these prior statements, that tribal authority to regulate state officers in <u>executing process related to the violation, off reservation, of state laws</u> is not essential to tribal self-government or internal relations – to "the right to make laws and be ruled by them."

*Nevada v. Hicks*, 533 U.S. 353, 364 (2001). Thus, the determination that tribal courts have no jurisdiction over state officials is limited to actions occurring off reservation.

The U.S. Supreme Court further states in closing:

> [W]e acknowledge that tribal ownership [over lands] is a factor in the *Montana* analysis, and a factor significant enough that it "may sometimes be ... dispositive," *supra,* at 2310. <u>We simply do not find it dispositive in the present case, when weighed against the State's interest in pursuing off-reservation violations of its laws</u>. See *supra,* at 2312 (concluding that "[t]he State's interest in execution of process is considerable" enough to outweigh the tribal interest in self-government "even when it relates to Indian-fee lands").

*Hicks*, 533 U.S. at 370, emphasis added. The cases pending before the Tribal Court concern actions that allegedly occurred within the Tribe's jurisdiction. As such, the Tribal Court must be given the opportunity to assess whether or not such violations occurred within the Tribe's jurisdiction and determine whether or not the Tribal Court has jurisdiction over the parties in those cases.

Plaintiffs have not refuted these dispositive cases. The Tribal Court has yet to determine whether or not it does in fact have jurisdiction over the parties. The Tribal Court must be given the opportunity to evaluate the factual and legal bases for the challenge. Dismissal is appropriate.

    D. <u>No Acknowledgement or Rebuttal for Lack of Subject Matter Jurisdiction in the Absence of Diversity</u>

It is not enough to simply cite to 28 U.S.C. §1332 to establish diversity jurisdiction. It is well settled that Indian tribes are not citizens of any state for purposes of diversity jurisdiction. *Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993) (no diversity jurisdiction when there was no evidence that defendant entity was corporation separate from the Mescalero Apache Tribe); *see generally* COHEN'S HANDBOOK OF FEDERAL INDIAN LAW, § 7.04[1][c], pp. 618-620 (5th Ed.).

Plaintiffs have not refuted this dispositive case nor have they provided any evidence to demonstrate that Tribal Defendants are citizens of a state other than the state of Utah. Dismissal is appropriate.

## CONCLUSION

Based on the facts and legal authorities cited herein, there is no waiver of tribal sovereign immunity in this case.  There is also no federal question jurisdiction under 28 U.S.C. § 1331, nor diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs have not met their burden of establishing subject-matter jurisdiction.

Based on the facts and legal authorities cited herein, Plaintiffs did not comply with the requirements of Rule 4(e) and (h) of the Federal Rules of Civil Procedure. There is proof of insufficient process and insufficient service of process. Plaintiffs have not met their burden of establishing personal jurisdiction.

WHEREFORE, the Tribal Defendants' respectfully request that this honorable Court dismiss the claims against them with prejudice under Federal Rule 12(b)(1), (2), (4) and (5).

Dated this 13th day of September, 2012.

FREDERICKS PEEBLES & MORGAN, LLP

*/s/ Alvina L. Earnhart*
Alvina L. Earnhart (*Pro Hac Vice*)
1900 Plaza Drive
Louisville, CO 80027
Telephone:  (303) 673-9600
Facsimile:  (303) 673-9155
Email: aearnhart@ndnlaw.com

J. PRESTON STIEFF LAW OFFICES

*/s/ J. Preston Stieff*
*(Signed by Filing Attorney with permission of Attorney)*
J. Preston Stieff, USB #4764
136 East South Temple, Suite 2400
Salt Lake City, UT  84111-2221
Telephone:  (801) 366-6002
Facsimile:  (801) 366-6007
Email: jpslaw@qwestoffice.net

*Attorneys for Defendants Ute Indian Tribe of the Uintah and Ouray Reservation; Business Committee for the Ute Tribe of the Uintah and Ouray Reservation; Tribal Court for the Ute Tribe of the Uintah and Ouray Reservation; Irene C. Cuch; Ronald J. Wopsock; Frances M. Poowegup; Stewart Pike, Sr.; Richard Jenks, Jr.; Phillip Chimburas; and Honorable Smiley Arrowchis*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of September, 2012, I electronically filed the foregoing **REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO TRIBAL DEFENDANTS' MOTION TO DISMISS,** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all parties of record as follows:

| | | |
|---|---|---|
| Jesse C. Trentadue<br>Carl F. Huefner<br>Noah M. Hoagland<br>Britton R. Butterfield<br>SUITTER AXLAND, PLLC<br>8 East Broadway, Suite 200<br>Salt Lake City, UT 84111<br>*Attorneys for Plaintiff* | Edson Gardner<br>P.O. Box 472<br>Fort Duchesne, UT 84026<br>*Defendant* | Athenya Swain<br>P.O. Box 472<br>Fort Duchesne, UT 84026<br>*Defendant* |
| | Lynda Kozlowicz<br>P.O. Box 472<br>Fort Duchesne, UT 84026<br>*Defendant* | Johnny Slim, Sr.<br>P.O. Box 472<br>Fort Duchesne, UT 84026<br>*Defendant* |
| Marea A. Doherty<br>Deputy Duchesne County Attorney<br>P.O. Box 346<br>Duchesne, UT 84021<br>*Attorneys for Plaintiff* | Kozlowicz & Gardner Advocates, Inc.<br>P.O. Box 472<br>Fort Duchesne, UT 84026<br>*Defendant* | Dean Reed<br>c/o Janet Cuch<br>P.O. Box 404<br>LaPoint, UT 84039<br>*Defendant* |

*/s/ Alvina L. Earnhart*
Alvina L. Earnhart