Jesse C. Trentadue (#4961)
Carl F. Huefner (#1566)
Noah M. Hoagland (#11400)
Britton R. Butterfield (#13158)
SUITTER AXLAND, PLLC
8 East Broadway, Suite 200
Salt Lake City, Utah 84111
Tel: (801) 532-7300
Fax: (801) 532-7355
jesse32@sautah.com
chuefner@sautah.com
nhoagland@sautah.com
bbutterfield@sautah.com

Marea A. Doherty (# 7379)
Deputy Duchesne County Attorney
P.O. Box 346
Duchesne, Utah 84021
Tel: (435) 738-1144
Fax: (435) 738-1221
mdoherty@duchesne.utah.gov

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| HONORABLE CLAIR M. POULSON, in his official capacity as Judge of the Duchesne County Justice Court, and DEREK DALTON,<br><br>Plaintiffs,<br>v.<br><br>UTE INDIAN TRIBE OF THE UINTAH and OURAY RESERVATION; et. al.,<br><br>Defendants. | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT GARDNER'S MOTION FOR INJUNCTIVE RELIEF**<br><br>Civil No. 2:12-cv-00497-BSJ<br><br>Judge: Bruce S. Jenkins<br>Magistrate Judge: Evelyn J. Furse |

Plaintiffs hereby submit this *Memorandum* in opposition to Defendant Edson Gardner's *Motion for Preliminary Injunction and Temporary Restraining Order*.[1]

## STATEMENT OF MATERIAL FACTS

The material facts necessary for the Court to rule on the Mr. Gardner's *Motions* are as follows:

1.  With this *Motion*, Mr. Gardner is seeking an *Order* from the Court enjoining Uintah County, Utah, which is not a party to this action, from the sale of his real property for non-payment of taxes. This dispute between Mr. Gardner was also the subject of another action before the United States District Court for the District of Utah captioned *Gardner v. State of Utah*, Case No. 2:12-CV-474 ("Gardner I").

2.  In *Gardner I,* Mr. Gardner sought to enjoin the State of Utah and Uintah County from taxing the income and property of descendants of the Utah Tribe who are not members of the Tribe. On August 24, 2012, the Court in *Gardner I* entered an *Order* dismissing Mr. Gardner's *Complaint* because the State

---

[1] Doc. 66.

and County's regulatory authority over Mr. Gardner had already been litigated.[2]

3.     It was litigated in *Gardner v. United States of America*, wherein the United States Court of Appeals for the Tenth Circuit stated:

> We accept as true the allegations that Gardner's arrest occurred within the reservation, and that he is a descendent of a terminated mixed-blood Ute. The pertinent inquiry is whether this status subjects him to Utah criminal jurisdiction.
>
> * * *
>
> Plaintiffs argue that the Tribe's lack of consent to the state's assumption that jurisdiction pursuant to Utah Code Ann. §§ 9-9-201 to 9-9-204 precludes the state from exercising jurisdiction over Gardner for crimes committed on the reservation. **We disagree.**[3]

4.     While the Tenth Circuit Court of Appeals was deciding *Gardner v. United States of America, et al.*,[4] the United States Supreme Court decided *Hagan v. Utah*.[5]  In *Hagan*, the United States Supreme Court held that both the State of Utah and its political subdivisions enjoyed governmental jurisdiction and authority

---

[2] *Gardner I*, Doc. 11.  A copy of that *Order* is attached hereto as Exhibit 1.  Mr. Gardner has appealed that *Order*.  See Doc. 13.

[3] *Gardner v. United States*, 25 F.3d 1056 (10th Cir. 1994)(1994 U.S. App. LEXIS 10090, pp. 6 and 8)(Emphasis added).

[4] United States District Court for the District of Utah Case No. Civ. 93-4102.

[5] 510 U.S. 399 (1994)..

over non-members and non-tribal lands within the Uintah and Ouray Reservations.[6]

## MR. GARDNER HAS NOT MADE THE NECESSARY SHOWING FOR AN INJUNCTION

Mr. Gardner is not entitled to injunctive relief because Uintah County is not a party to this action[7] and, more importantly, because the question of Uintah County's governmental authority over non-members and non-tribal lands, including Mr. Gardner and his property, has been clearly and finally decided by the United States District Court for the District of Utah, by the Tenth Circuit Court of Appeals and by the Supreme Court of the United States. Mr. Gardner has also not made the requisite showing for such relief.

Injunctions are extraordinary remedies designed to "preserve the relative positions of the parties until a trial on the merits can be held." [8] In order to obtain the injunctive relief he seeks, Mr. Gardner must allege and prove: (1) that if his

---

[6] *See Hagan*, 510 U.S. 399.

[7] *See Additive Controls & Measurement Systems, Inc. V. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996)("[C]ourts of equity have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it"). In the instant case Plaintiffs, who are a Duchesne County Justice Court Judge and a Deputy Duchesne County Sheriff, have no involvement with or connection to Uintah County.

[8] *Univ. Of Texas v. Camenisch*, 4451 U.S. 309, 395 (1981).

property is subject to a tax sale because of his refusal to pay taxes that he will somehow suffer an irreparable injury; (2) that the injury he will suffer by the loss of his property outweighs the harm to the County in not being able to levy and collect taxes against non-Indians and non-Indian property within the Uintah and Ouray Reservation boundaries; (3) that prohibiting Uintah County from collecting these taxes would not be adverse to the public's interest in having a fiscally sound County government so as to provide services such as law enforcement; and (4) that he has a substantial likelihood of success on the merits of his claim despite the existing case law.[9]  This Mr .Gardner has not done.[10]  Mr. Gardner's *Motion* for injunctive relief, therefore, should be denied.

---

[9]  *Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009).

[10]  It is understood that pleadings and other documents prepared by *pro se* litigants are held to "less stringent standards than formal pleadings." *Haines v. Kerner, et al.*, 404 U.S. 519, 520 (1972).  *See also Gillihan v. Shillinger et al.*, 872 F.2d 935, 938 (10th Cir. 1989) (construing *pro se* pleadings liberally and holding their pleadings to less stringent standards).  However, this does not allow *pro se* litigants to run roughshod over the rules of civil procedure and the rights of opposing parties.  "While we of course liberally construe *pro se* pleadings, an appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the *Federal Rules of Civil and Appellate Procedure*." *Ogden v. San Juan County, et al.*, 32 F.3d 452, 455 (10th Cir. 1994).  *See also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (*pro se* parties must comply with same procedural rules that govern all other litigants).

DATED this 17th day of September, 2012.

                                          SUITTER AXLAND, PLLC
                                          /s/ jesse c. trentadue
                                          Jesse C. Trentadue
                                          *Attorneys for Plaintiff*

*T:\4000\4530\103\OPPOSITION GARDNER MOTION TRO.wpd*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of September, 2012, I electronically filed the foregoing document with the U.S. District Court for the District of Utah.  Notice will automatically be electronically mailed to the following individual(s) who are registered with the U.S. District Court CM/ECF System:

> J. Preston Stieff
> J. Preston Stieff Law Offices
> 136 East South Temple, Suite 2400
> Salt Lake City, Utah 84111
>
> Alvina L. Earnhart
> Fredericks Peebles & Morgan, LLP
> 1900 Plaza Drive
> Louisville, Colorado 80027

In addition, I hereby certify that I also caused a copy of the foregoing    to be served upon the following, via U. S. mail, postage prepaid, on this  day of  2012:

> Edson Gardner
> P.O. Box 472
> Fort Duchesne, Utah 84026
>
> Lynda Kozlowicz
> P.O. Box 472
> Fort Duchesne, Utah 84026
>
> Kozlowicz & Gardner Advocates, Inc.
> P.O. Box 472
> Fort Duchesne, Utah 84026
>
> Athenya Swain
> P.O. Box 472
> Fort Duchesne, Utah 84026

/s/ jesse c. trentadue