J. Preston Stieff, USB #4764
J. PRESTON STIEFF LAW OFFICES
136 East South Temple, Suite 2400
Salt Lake City, UT  84111-2221
Telephone:  (801) 366-6002
Facsimile:  (801) 366-6007
Email: jpslaw@qwestoffice.net

Alvina L. Earnhart (*Pro Hac Vice*)
FREDERICKS PEEBLES & MORGAN LLP
1900 Plaza Drive
Louisville, CO 80027
Telephone: (303) 673-9600
Facsimile: (303) 673-9155
Email: aearnhart@ndnlaw.com

*Attorneys for Defendants Ute Indian Tribe of the Uintah and Ouray Reservation; Business Committee for the Ute Tribe of the Uintah and Ouray Reservation; Irene C. Cuch; Ronald J. Wopsock; Frances M. Poowegup; Stewart Pike, Sr.; Richard Jenks, Jr.; and Phillip Chimburas*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HONORABLE CLAIR M. POULSON, in his official capacity as Judge of the Duchesne County Justice Court, and DEREK DALTON,<br><br>Plaintiffs,<br><br>v.<br><br>UTE INDIAN TRIBE OF THE UINTAH and OURAY RESERVATION; BUSINESS COMMITTEE FOR THE UTE TRIBE OF THE UINTAH and OURAY RESERVATION; TRIBAL COURT FOR THE UTE TRIBE OF THE UINTAH and OURAY RESERVATION; IRENE C. CUCH, in her official capacity as Chairman of the Business Committee for the Ute Tribe; RONALD J. WOPSOCK, in his official capacity as Vice-Chairman of the Business Committee for the Ute Tribe; FRANCES M. POOWEGUP, in her | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT UNDER FED. R. 12(b)(1), (2), (4) AND (5) BY DEFENDANTS UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION; BUSINESS COMMITTEE OF THE UTE TRIBE OF THE UINTAH AND OURAY RESERVATION; IRENE C. CUCH; RONALD J. WOPSOCK; FRANCES M. POOWEGUP; STEWART PIKE, SR.; AND PHILLIP CHIMBURAS** |

official capacity as a Member of the Business
Committee for the Ute Tribe; STUART PIKE,
SR., in his official capacity as a Member of the
Business Committee for the Ute Tribe;
RICHARD JENKS, JR., in his official capacity
as a Member of the Business Committee for
the Ute Tribe; PHILLIP CHIMBURAS, in his
official capacity as a Member of the Business
Committee for the Ute Tribe; HONORABLE
SMILEY ARROWCHIS, in his official
capacity as Chief Judge of the Ute Trial Court;
LYNDA KOZLOWICZ; EDSON GARDNER;
KOZLOWICZ & GARDNER ADVOCATES,
INC., a Ute Indian corporation; ATHENYA
SWAIN; DEAN REED and JOHNNY SLIM,
SR.,

Defendants.

Civil No. 2:12-cv-00497

Judge Bruce S. Jenkins

Magistrate Judge: Evelyn J. Furse

**<u>ORAL ARGUMENT REQUESTED</u>**

# TABLE OF CONTENTS

I.  STATEMENT OF FACTS ........................................................................................ 4

II. STANDARD OF REVIEW ...................................................................................... 7

    a.  Lack of Subject Matter Jurisdiction. ............................................................... 7

        1.  Factual Standard of Review. ..................................................................... 8

        2.  Facial Standard of Review. ....................................................................... 9

    b.  Lack of Personal Jurisdiction. ......................................................................... 9

III. ARGUMENT ........................................................................................................ 10

    a.  THE COURT LACKS SUBJECT MATTER JURISDICTION IN THE ABSENCE OF A VALID WAIVER OF SOVEREIGN IMMUNITY, LACK OF FEDERAL QUESTION JURISDICTION AND LACK OF DIVERSITY JURISDICTION. ...................................... 10

        1.  Factual Attack:  Subject-Matter Jurisdiction Does Not Exist Because the Ute Indian Tribe's Sovereign Immunity Bars the Plaintiffs' Amended Complaint. .................... 10

        a.  *The Court Must Decide Tribal Sovereign Immunity By Reference To Ute Tribal Law.* 11

        b.  *The Ute Tribal Business Committee Must Clearly and Unequivocally Waive Tribal Sovereign Immunity.* ......................................................................................... 12

        2.  Facial Attack: The Plaintiff Fails To Sufficiently Plead A Proper Basis For Federal Subject-Matter Jurisdiction. ............................................................................... 12

        3.  There Is No Federal Question Jurisdiction. ............................................... 13

        4.  There Is No Diversity Jurisdiction. ............................................................ 15

        B.  THE COURT LACKS JURISDICTION BECAUSE THE CASE IS NOT RIPE FOR REVIEW. ............................................................................................................... 15

        C.  THE COURT LACKS PERSONAL JURISDICTION DUE TO INSUFFICENT PROCESS AND INSUFFICIENT SERVICE OF PROCESS. .................................. 17

        1.  There Has Been No Service of Process on the Tribal Defendants. ............ 17

        a.  *Service of Process Requirements for Serving an Individual.* ..................... 17

        b.  *Service of Process Requirements for Serving a Corporation, Partnership or Association.* ......................................................................................................... 19

IV. CONCLUSION ..................................................................................................... 21

i

# TABLE OF AUTHORITIES

## Federal Cases

*Abbott Labs v. Gardner,* 387 U.S. 136, 148-49 (1967) ................................................................ 17

Alleman v. United States, 372 F. Supp. 2d 1212, 1225 (D. Or. 2005) .......................................... 9

*Baker v. Carr,* 369 U.S. 186, 198 (1962)..................................................................................... 14

*Bank of Okla. v. Muscogee (Creek) Nation,* 972 F.2d 1166, 1169-1170 (10th Cir. 1992) ........... 15

*C & L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 532 U.S. 411
(2001) ...................................................................................................................................... 12

*Campbell v. Bartlett,* 975 F.2d 1569, 1574-75 (10th Cir.1992)................................................... 10

*D.G. Rung Indus. v. Tinnerman*, 626 F. Supp. 1062, 1063 (W.D. Wash. 1986) ......................... 14

*Gaines v. Ski Apache,* 8 F.3d 726, 729 (10th Cir. 1993) ............................................................. 16

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995)..................................................... 9, 10

*Imperial Granite Co. v. Pala Band of Mission Indians*, 940 F.2d 1269 (9th Cir. 1991) .............. 11

*Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 17 (1987) ............................................................... 15

*Kiowa Tribe of Oklahoma v. Manuf. Technologies, Inc.*, 523 U.S. 751, 754 (1988) ............. 11, 12

Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).................... 9, 13, 14

*Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)........................................... 14

*Memphis Biofuels, LLC v. Chickasaw Indian Indus., Inc.*, 585 F.3d 917 (6th Cir. 2009)........... 12

*Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25 n. 32 (1983).................. 16

*Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003).......................... 17

*National Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845, 856 (1985) ........................ 14, 15

*Native American Distributing v. Seneca-Cayuga Tobacco, Co.*, 491 F.Supp. 2d 1056 (N.D. Okla
2007)........................................................................................................................................ 9

*Native American Distributing*, 491 F. Supp. 2d at 1061............................................................. 10

*New Mexicans for Richardson v. Gonzales*, 64 F.3d 1495, 1498-99 (10th Cir. 1995)............... 16

*Oklahoma City Assocs. v. Wal-Mart Stores, Inc.*, 923 F.2d 791, 793 (10th Cir. 1991)............... 16

*Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987)...................... 10

*Paper, Allied-Industrial, Chemical And Energy Workers Intern. Union v. Continental Carbon
Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005) .............................................................................. 10

*Poe v. Ullman,* 367 U.S. 497, 508 (1961).................................................................................... 17

*Ramey Construction Co., Inc. v. The Apache Tribe of the Mescalero Reservation*, 673 F.2d 315,
318 (10th Cir. 1982)................................................................................................................. 11

*Regional Rail Reorg. Act Cases*, 419 U.S. 102, 580-81 (1974)................................................... 17

*Reno v. Catholic Social Servs., Inc.,* 509 US. 43, 59 n. 20 (1993) ............................................. 17

*Sanderline v. Seminole Tribe*, 243 F.3d 1282, 1288 (11th Cir. 2001) ......................................... 12

*Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978)............................................................ 12

*Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) ............................................ 16

*Stock West, Inc. v. Confederated Tribes*, 873 F2d 1221, 1225 (9th Cir. 1989) ........................ 14

*Superior Oil Co. v. United States*, 798 F.2d 1324, 1328-29 (10th Cir. 1986) ............................ 15

*Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007) ............................................................ 14

*Texas v. U.S.*, 523 U.S. 296, 300 (1998) ............................................................................................ 17

*The Stillaguamish Tribe of Indians v. Pilchuck Group II, L.L.C.*, 2011 WL 4001088 at 6, Case
    No. C10-995RAJ at p. 10 ¶ 17 (W. D. Wash. 2011) ................................................................ 12

*Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985) .............................. 17

*Thompson v. Jackson*, 743 P.2d 1230, 1232 (Utah Ct. App. 1987) ............................................... 8

*Tillett v. Lujan*, 931 F.2d 636, 640-41 (10th Cir. 1991) ................................................................ 15

*Toilet Goods Ass'n v. Gardner*, 387 U.S. 158, 164 (1967) ............................................................ 17

*Trans Chem. Ltd. v. China Nat. Mach. Imp. & Exp. Corp.,* 161 F.3d 314, 319 (5th Cir.1998) ... 10

*Ute Dist. Corp. v. Ute Indian Tribe*, 149 F.3d 1260, 1267 (10th Cir. 1998) ............................... 12

*Vaden v. Discover Bank*, 129 S. Ct. 1262, 1267 (2009) .................................................................. 14

## State Cases

25 C.F.R. § 83.2 ...................................................................................................................................... 5

28 U.S.C. § 1331 ..................................................................................................................... 5, 14, 16, 22

28 U.S.C. § 1332 ......................................................................................................................... 5, 16, 22

28 U.S.C. § 2201 ................................................................................................................................... 16

28 U.S.C. §1332 .................................................................................................................................... 16

## Cases

Article III, Section 2 of the U.S. Constitution ............................................................................ 13

*Constitution and By-Laws of the Ute Indian Tribe of the Uintah and Ouray Reservation* ("Ute
    Const."), art. III, § 1 ...................................................................................................................... 4

U.L.O.C. § 1-8-5 ................................................................................................................................ 5, 12

Ute Const., art. III, § 2 ......................................................................................................................... 5

## Federal Statutes

Federal Rule 12(b)(1), (2), (4) and (5) ........................................................................................... 21

Rule 12(b)(1) .............................................................................................................................. 8, 12, 13

Rule 4(d)(1)(A) of the Utah Rules of Civil Procedure ......................................................... 17, 18

Rule 4(e) of the Federal Rules of Civil Procedure ......................................................... 17, 18, 21

Rule 56 ...................................................................................................................................................... 9

Defendants Ute Indian Tribe of the Uintah and Ouray Reservation, Business Committee for the Ute Indian Tribe of the Uintah and Ouray Reservation, Irene C. Cuch, Ronald J. Wopsock, Frances M. Poowegup, Stewart Pike, Sr., Richard Jenks, Jr., and Phillip Chimburas (collectively referred to herein as "Tribal Defendants"), file this memorandum in support of their motion to dismiss the claims brought against them by Plaintiffs Honorable Clair M. Poulson and Derek Dalton.

Tribal Defendants are entitled to tribal sovereign immunity. Tribal Defendants seek dismissal of the claims against them for (1) lack of subject matter jurisdiction on the grounds of (*i*) Indian tribal sovereign immunity; (*ii*) lack of federal questions jurisdiction under 28 U.S.C. § 1331; and (*iii*) lack of diversity jurisdiction under 28 U.S.C. § 1332; and (2) lack of personal jurisdiction on the grounds of (*i*) insufficient process; and (*ii*) insufficient service of process.

Tribal Defendants do not include Party-Defendants Lynda Kozlowicz, Edson Gardner, Kozlowicz & Gardner Advocates, Inc., Athenya Swain, Dean Reed or Johnny Slim, Sr.

## I.   STATEMENT OF FACTS

1.     The Ute Indian Tribe of the Uintah and Ouray Reservation ("Tribe") is a federally recognized Indian tribe and is thereby entitled "to the immunities and privileges available to . . . federally acknowledged Indian tribes by virtue of their government-to-government relationship with the United States."  25 C.F.R. § 83.2.

2.     The Business Committee is the governing body of the Ute Indian Tribe of the Uintah and Ouray Reservation. *Constitution and By-Laws of the Ute Indian Tribe of the Uintah and Ouray Reservation* ("Ute Const."), art. III, § 1 (1989).

3. The Business Committee consists of six (6) members, two (2) members duly elected from each of the three (3) bands of the Tribe. Ute Const., art. III, § 2.

4. Irene C. Cuch is the duly elected Chairwoman of the Business Committee. Ronald J. Wopsock is the duly elected Vice-Chairman of the Business Committee. Frances M. Poowegup, Stewart Pike, Sr., Richard Jenks, Jr., and Phillip Chimburas are duly elected members of the Business Committee.

5. Pursuant to Section 1-8-5 of the Law and Order Code of the Ute Indian Tribe, *only the Business Committee may waive immunity* by passing a resolution or ordinance that specifically refers to the express waiver. *See* U.L.O.C. §1-8-5 (emphasis added). The Tribe's sovereign immunity extends to its officers and employees arising from the performance of their official duties. *Id.*

6. The Business Committee has not waived the Tribe's sovereign immunity, nor has it consented to this action.

7. The Business Committee has not waived the Business Committee's sovereign immunity, nor has it consented to this action.

8. The Business Committee has not waived Irene C. Cuch's sovereign immunity, nor has it consented to this action.

9. The Business Committee has not waived Ronald J. Wopsock's sovereign immunity, nor has it consented to this action.

10. The Business Committee has not waived Frances M. Poowegup's sovereign immunity, nor has it consented to this action.

11.     The Business Committee has not waived Stewart Pike, Sr.'s sovereign immunity, nor has it consented to this action.

12.     The Business Committee has not waived Richard Jenks, Jr.'s sovereign immunity, nor has it consented to this action.

13.     The Business Committee has not waived Phillip Chimburas' sovereign immunity, nor has it consented to this action.

14.     Congress has not waived the Tribe's sovereign immunity nor has Congress consented that the action be brought against the Tribe.

15.     Party-Defendants Lynda Kozlowicz, Edson Gardner, Kozlowicz & Gardner Advocates, Inc., Athenya Swain, Dean Reed or Johnny Slim, Sr., do not represent the Ute Indian Tribe, the Business Committee, or individual members of the Business Committee in any capacity.

16.     Tribal Defendants disclaim any and all arguments asserted to this Court by Party-Defendants Lynda Kozlowicz, Edson Gardner, Kozlowicz & Gardner Advocates, Inc., Athenya Swain, Dean Reed or Johnny Slim, Sr., that were alleged to be brought forth on behalf of the Ute Indian Tribe, the Business Committee or individual members of the Business Committee.

17.     Tribal Defendants have not been properly served with the *Amended Complaint for Declaratory and Injunctive Relief* [Doc. 17] in accordance with Rule 4(e) and (h) of the Federal Rules of Civil Procedure.

18.     The Return of Service presented to the Court as proof of service for each of the named Tribal Defendants were personally served by Sargent J.C. Hansen, a police officer with the Roosevelt City Police Department without effectuating service through the Tribal Court in

accordance with tribal law. *See Summons Returned Executed for Ronald J. Wopsock* [Doc. 87], *Summons Returned Executed for Irene C. Cuch* [Doc. 91], *Summons Returned Executed for Phillip Chimburas* [Doc. 93], *Summons Returned Executed for Richard Jenks, Jr.* [Doc. 94], and *Summons Returned Executed for Frances Poowegup* [Doc. 95][1]. Sargent J.C. Hansen was not authorized by the Tribal Court to effectuate service on the Uintah and Ouray Reservation.

19.     The Return of Service presented to the Court as proof of service upon the Business Committee of the Ute Indian Tribe and the Ute Indian Tribe were served on Defendant Irene C. Cuch, Chairwoman of the Tribe. *See Summons Returned Executed for the Business Committee of the Ute Indian Tribe* [Doc. 90], *Summons Returned Executed for Irene C. Cuch* [Doc. 91] and *Summons Returned Executed for the Ute Indian Tribe* [Doc. 92]. However, pursuant to tribal law, proper service of the Business Committee and the Ute Indian Tribe requires service upon all six (6) members of the Business Committee.

## II.   STANDARD OF REVIEW

### A.  LACK OF SUBJECT MATTER JURISDICTION.

A court's first obligation is to determine whether it has subject matter jurisdiction. "The fundamental and initial inquiry of a court is always to determine its own jurisdictional authority over the subject matter of the claims asserted." *Thompson v. Jackson*, 743 P.2d 1230, 1232 (Utah Ct. App. 1987).

In reviewing a F. R. Civ. P 12(b)(1) substantive challenge to subject matter jurisdiction, "a district court *may not* presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to

---

[1] No Summons Returned Executed has been filed for Stewart Pike, Sr. as of October 5, 2012.

resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted; emphasis added). Piercing the pleadings is particularly appropriate in considering governmental immunity. *See Id.* "When subject matter jurisdiction is challenged, the court presumes lack of subject matter jurisdiction until the plaintiff proves otherwise." *Alleman v. United States,* 372 F. Supp. 2d 1212, 1225 (D. Or. 2005) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)).

   **1.  Factual Standard of Review.**

   In *Holt v. United States,* the Tenth Circuit categorized Rule 12(b)(1) motions into one of two categories: either a "facial attack on the complaint's allegations as to subject matter jurisdiction" (i.e., a facial challenge) or "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter depends" (i.e., a factual challenge). *Holt v. United States*, 46 F.3d 1000, 1002-1003 (10th Cir. 1995).  Thus, when the defense of tribal sovereign immunity is asserted, a court "may rely on evidence outside the pleadings in resolving the issue of tribal sovereign immunity without converting the motion to one for summary judgment." *Native American Distrib. v. Seneca-Cayuga Tobacco, Co.*, 491 F.Supp. 2d 1056 (N.D. Okla 2007).

   In *Native American Distributing*, the district court applied *Holt* and concluded that if the parties look to materials outside of the pleadings when litigating tribal sovereignty, the motion to dismiss is considered a factual attack, meaning that "a district court may not presume the truthfulness of the complaint's factual allegations."  *Holt*, 46 F.3d at 1003.  "Instead, a court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rules 12(b)(1)."  *Native American Distributing*, 491 F. Supp.

2d at 1061, *citing Holt*, 46 F.3d at 1003 (internal citations omitted).  "In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Id*.

### 2.  Facial Standard of Review.

In contrast to a factual challenge, a facial challenge to subject-matter jurisdiction simply looks to the four corners of the complaint in determining whether the plaintiff's allegations are sufficient, if taken as true.  *See Paper, Allied-Industrial, Chemical and Energy Workers Intern. Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005).  In this case Tribal Defendants challenge both the existence of subject-matter jurisdiction (i.e., a factual challenge), and the sufficiency of the pleading of subject-matter jurisdiction (i.e., a facial challenge).

### B.  LACK OF PERSONAL JURISDICTION.

In order to confer upon a federal court personal jurisdiction over a defendant, among other requirements, the procedural requirement for proper service of summons must first be satisfied. *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987). For service of process to be effective to confer personal jurisdiction, it must satisfy both due process and the applicable statutory requirements. *See Campbell v. Bartlett,* 975 F.2d 1569, 1574-75 (10th Cir. 1992). Where there is ineffective service of process, the court must dismiss defendant for lack of jurisdiction. *See Omni Capital,* 484 U.S. at 110-111. Plaintiff bears the burden of proving that service was properly made. *Trans Chem. Ltd. v. China Nat. Mach. Imp. & Exp. Corp.,* 161 F.3d 314, 319 (5th Cir. 1998).

### III. ARGUMENT

### A. THE COURT LACKS SUBJECT MATTER JURISDICTION IN THE ABSENCE OF A VALID WAIVER OF SOVEREIGN IMMUNITY, LACK OF FEDERAL QUESTION JURISDICTION AND LACK OF DIVERSITY JURISDICTION.

This Court lacks subject-matter jurisdiction over this case on multiple grounds.  First, Tribal Defendants have sovereign immunity against all claims for relief because there has been no waiver of the Tribe's sovereign immunity.  Second, despite Plaintiffs' asserted questions of federal law, there is no federal question jurisdiction for determining whether or not the Tribal Court has jurisdiction over Plaintiffs' in the Tribal Court actions as requested by Plaintiffs' in the *Amended Complaint for Declaratory Relief and Injunctive Relief* ("*Amended Complaint*") [Doc. 17] as the Tribal Court has not taken any action with respect to the cases cited in Plaintiffs' *Amended Complaint*. Finally, there is no diversity jurisdiction because Indian tribes are not citizens of any state and the individually named Tribal Defendants are not citizens of any state other than the state of Utah.

### 1. Factual Attack:  Subject-Matter Jurisdiction Does Not Exist Because the Ute Indian Tribe's Sovereign Immunity Bars the Plaintiffs' Amended Complaint.

As a matter of law, Indian tribes are not subject to suit unless a tribe has waived its sovereign immunity or Congress has expressly authorizes the action.  *Kiowa Tribe of Oklahoma v. Manuf. Technologies, Inc.*, 523 U.S. 751, 754 (1988).  The issue of sovereign immunity is jurisdictional.  *Ramey Construction Co., Inc. v. The Apache Tribe of the Mescalero Reservation*, 673 F.2d 315, 318 (10th Cir. 1982).  Tribal immunity applies to suits for damages as well as those for declaratory and injunctive relief.  *E.g.*, *Imperial Granite Co. v. Pala Band of Mission Indians*, 940 F.2d 1269 (9th Cir. 1991).  While Tribes can waive sovereign immunity, a court

cannot find waivers of tribal immunity by inference or implication.  Instead, to be enforceable a Tribe's waiver of immunity must be clear, explicit and unambiguous."  *C & L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 532 U.S. 411 (2001); *see also Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978).  In determining the issue of waiver, a court cannot consider perceived inequities under the facts of the particular case.  *See Ute Dist. Corp. v. Ute Indian Tribe*, 149 F.3d 1260, 1267 (10th Cir. 1998).

> a. *The Court Must Decide Tribal Sovereign Immunity By Reference To Ute Tribal Law.*

"Tribal immunity is a matter of federal law and is not subject to diminution by the States."  *Kiowa Tribe v. Mfg. Techs. Inc.*, 523 U.S. 751, 756 (1998).  As such, "state law has no bearing on who has the authority to waive the Tribe's sovereign Immunity."  *The Stillaguamish Tribe of Indians v. Pilchuck Group II, L.L.C.*, 2011 WL 4001088 at 6, Case No. C10-995RAJ at p. 10 ¶ 17 (W. D. Wash. 2011).  However, as discussed in *Pilchuck*, this Court is required to apply Ute Tribal law in determining whether there has been a waiver of sovereign immunity. The court in *Pilchuck* noted that federal courts have readily deferred to tribal law, at least where tribal law provides explicit rules regarding sovereign immunity waivers, citing to *Memphis Biofuels, LLC v. Chickasaw Indian Indus., Inc.*, 585 F.3d 917 (6th Cir. 2009), and *Sanderline v. Seminole Tribe*, 243 F.3d 1282, 1288 (11th Cir. 2001).  *Pilchuck* concluded that "where tribal law includes specific provisions governing immunity waivers, federal courts respect those provisions."  *Pilchuck*, at p. 11 ¶ 9-10.  Unlike the tribe in *Pilchuck*, the Ute Tribe has a Law and Order Code that clearly delineates the procedure by which the Tribe's immunity is waived. Therefore, this Court should refer to Ute tribal law in determining whether there has been a waiver of the Tribe's sovereign immunity.

11

      b.  *The Ute Tribal Business Committee Must Clearly and Unequivocally Waive Tribal Sovereign Immunity.*

The Ute Indian Tribe's Law and Order Code explicitly describes the specific process that must be followed in order to effectuate a waiver of the Tribe's sovereign immunity. Section 1-8-5 provides:

> Except as required by federal law, or the Constitution and Bylaws of the Ute Indian Tribe, or as specifically waived by a resolution or ordinance of the Business Committee specifically referring to such, the Ute Indian Tribe shall be immune from suit in any civil action, and its officers and employees immune from suit for any liability arising from the performance of their official duties.

*See* U.L.O.C. §1-8-5. Therefore, under Tribal law, only the Ute Tribal Business Committee may waive immunity by passing a resolution or ordinance that specifically refers to the express waiver. The Tribe's sovereign immunity also extends to its officers and employees arising from the performance of their official duties. No resolution or ordinance waiving sovereign immunity exists to subject Tribal Defendants to suit in this action.  Thus, Plaintiffs have failed to meet their burden of proving an express, unequivocal waiver of sovereign immunity.  *See Kokkonen*, 511 U.S. 375 (1994).   As a result, the Court lacks subject-matter jurisdiction and must dismiss Plaintiffs' *Amended Complaint* with prejudice.

**2.  Facial Attack: The Plaintiff Fails To Sufficiently Plead A Proper Basis For Federal Subject-Matter Jurisdiction.**

A complaint must be dismissed under Rule 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise  under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by an jurisdictional statute.  *Baker v.*

*Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus. v. Tinnerman*, 626 F. Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant).   When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must accept well-pleaded factual allegations as true and must construe them in the light most favorable to the non-moving party.  *See Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007).  A federal court is presumed to lack subject-matter jurisdiction until the plaintiff establishes otherwise.  *Kokkonen*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Therefore, the plaintiff bears the burden of proving the existence of subject-matter jurisdiction.  Here, Plaintiffs have not met their burden and have not provided any evidence to support a finding of subject-matter jurisdiction.

### 3.  There Is No Federal Question Jurisdiction.

Article III, Section 2 of the U.S. Constitution limits federal court jurisdiction to cases "arising under" the Constitution and laws of the United States.  Federal question jurisdiction only exists if federal law is a direct element in the plaintiff's claim; it is not enough for federal law to be implicated indirectly or peripherally.  *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1267 (2009), *quoting Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

In *National Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845, 856 (1985), the Supreme Court held that the question of whether tribal courts have jurisdiction over non-Indians in civil cases should *first* be addressed in tribal court. The Supreme Court reasoned: "[o]ur cases have often recognized that Congress is committed to a policy of supporting tribal self-government and self-determination. That policy favors a rule that will provide the forum whose jurisdiction is being challenged the first opportunity to evaluate the factual and legal bases for

13

the challenge. Moreover the orderly administration of justice in the federal court will be served by allowing a full record to be developed in the Tribal Court before either the merits or any question concerning appropriate relief is addressed." *Id.* at 856-57.  The law of the Tenth Circuit is that a federal court should not hear a challenge to tribal court jurisdiction until tribal court remedies have been exhausted. *Tillett v. Lujan*, 931 F.2d 636, 640-41 (10th Cir. 1991); *Superior Oil Co. v. United States*, 798 F.2d 1324, 1328-29 (10th Cir. 1986). The Supreme Court has defined exhaustion of tribal court remedies to include appellate review within the tribal court system. *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 17 (1987).

The Tribal Court has yet to address the issues raised in the cases the Plaintiffs' have cited in their *Amended Complaint.* Plaintiffs have not attempted to appear in the tribal court system to present the arguments they are asserting here. Rather, Plaintiffs are attempting to circumvent the process by seeking federal court review before allowing the tribal court to address the issue of jurisdiction and hear the matters asserted in the tribal court cases at issue in this case. As stated in *National Farmers*, *Tillett*, and *Superior Oil*, jurisdictional arguments should first be heard in tribal court before the federal court can assert jurisdiction. Plaintiffs cannot simply assert that they are not subject to the Tribal Court's jurisdiction; rather, they must actually seek adjudication of this issue in Tribal Court. *Bank of Okla. v. Muscogee (Creek) Nation,* 972 F.2d 1166, 1169-1170 (10th Cir. 1992). It is premature for this Court to step in at this time to evaluate the question of whether the Tribal Court does in fact have jurisdiction over Plaintiffs if the Tribal Court has not taken any action. The Tribal Court must be given an opportunity to evaluate the factual and legal bases for the Tribal Court's jurisdiction.

In addition, the Declaratory Judgment Act, 28 U.S.C. § 2201 et al., does not confer federal question jurisdiction.  *E.g.*, *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950); *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25 n. 32 (1983); *see also Oklahoma City Assocs. v. Wal-Mart Stores, Inc.*, 923 F.2d 791, 793 (10th Cir. 1991). Because there is no federal question jurisdiction under 28 U.S.C. § 1331, the Court must dismiss the Plaintiffs' *Amended Complaint* with prejudice.

**4.   There Is No Diversity Jurisdiction.**

It is not enough to simply cite to 28 U.S.C. §1332 to establish diversity jurisdiction.  For purposes of diversity jurisdiction, Indian tribes are not citizens of any state. *Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993)(no diversity jurisdiction when there was no evidence that defendant entity was corporation separate from the Mescalero Apache Tribe). Therefore, Plaintiffs' *Amended Complaint* must be dismissed because there is no diversity jurisdiction under 28 U.S.C. § 1332.

**B.   THE COURT LACKS JURISDICTION BECAUSE THE CASE IS NOT RIPE FOR REVIEW.**

Article III of the Constitution limits the jurisdiction of federal courts to "cases and controversies," requiring that cases be "ripe" for adjudication.  It is a constitutional limitation on the power of federal courts, not just a statutory limitation as contained in 28 U.S.C. §§ 1331 and 1332.  *See New Mexicans for Richardson v. Gonzales*, 64 F.3d 1495, 1498-99 (10th Cir. 1995) (stating that the ripeness inquiry "bears on the court's subject matter jurisdiction under the case or controversy clause of Article III of the Constitution).

This case is not ripe for review. Designed to avoid "premature adjudication," ripeness is a justiciability doctrine that both implements Article III's case-or-controversy requirement and

reflects additional, prudential considerations that require the federal courts to refrain from premature intervention in a nascent legal dispute. *Nat'l Park Hospitability Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003) (citing *Abbott Labs v. Gardner,* 387 U.S. 136, 148-49 (1967)). Even in its prudential form, ripeness is a doctrine that the Court may invoke on its own initiative, regardless of whether it has been raised and decided below. *Id.*

"A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. U.S.*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.,* 473 U.S. 568, 580-81 (1985) (The purpose of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements.")) Where the likelihood of harm is speculative, the Supreme Court has found cases unripe. *See, e.g., Nat'l Park Hospitability Ass'n,* 538 U.S. at 811; *Reno v. Catholic Social Servs., Inc.,* 509 US. 43, 59 n. 20 (1993); *Poe v. Ullman,* 367 U.S. 497, 508 (1961). It cautions courts against adjudicating "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Regional Rail Reorg. Act Cases*, 419 U.S. 102, 580-81 (1974). And if "no irremediable adverse consequences flow from requiring a later challenge," judicial intervention may be premature. *Toilet Goods Ass'n v. Gardner*, 387 U.S. 158, 164 (1967).

As the Tribal Court has not considered the arguments presented in the cases cited in the *Amended Complaint*, the outcome of the Tribal Court cases may not occur as Plaintiffs anticipate or may not occur at all and, the likelihood of harm is speculative. The claims Plaintiffs assert in the *Amended Complaint* are therefore not ripe for review by this Court and therefore, the Plaintiffs' *Amended Complaint* must be dismissed.

**C.  THE COURT LACKS PERSONAL JURISDICTION DUE TO INSUFFICENT PROCESS AND INSUFFICENT SERVICE OF PROCESS.**

The Court lacks personal jurisdiction over the Ute Indian Tribe, the Business Committee of the Ute Indian Tribe and individual members of the Business Committee because there has been no service of process on such Tribal Defendants and insufficient service of process by an individual not authorized to enter upon the Uintah and Ouray Reservation to effectuate service of process.

**1.  There Has Been No Service of Process on the Tribal Defendants.**

*a.  Service of Process Requirements for Serving an Individual.*

Rule 4(e) of the Federal Rules of Civil Procedure outlines the process for serving an *individual* within a judicial district of the United States and states in pertinent part as follows:

> Unless federal law provides otherwise, *an individual* – other than a minor, an incompetent person, or a person whose waiver has been filed – *may be served in a judicial district of the United States by*:
>
> (1)  *following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made*; or
> (2)  doing any of the following:
>   (A)  delivering a copy of the summons and of the complaint to the individual personally;
>   (B)  leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>   (C)  delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4(e), Fed. R. Civ. P (emphasis added).

Rule 4(d)(1)(A) of the Utah Rules of Civil Procedure outlines the process for obtaining personal service of an *individual* and states in pertinent part as follows:

Personal service shall be made as follows:

17

\* \* \*

*Upon any individual* other than one covered by subparagraphs (B), (C) or (D) below, *by delivering a copy of the summons and the complaint to the individual personally, or by leaving a copy at the individual's dwelling house or usual place of abode with some person of suitable age and discretion there residing, or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process.*

Rule 4(d)(1)(A), U.R.C.P. (emphasis added). Therefore, pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, which defers to the Utah Rules of Civil Procedure, service of an *individual* may be obtained by delivering a copy of the summons and the complaint to the individual personally, or by leaving a copy at the individual's dwelling house or usual place of abode with some person of suitable age and discretion there residing, or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process.

Defendants Irene C. Cuch, Ronald J. Wopsock, Frances M. Poowegup, Stewart Pike, Sr., Richard Jenks, Jr., and Phillip Chimburas are being sued in their official capacities. Therefore, they must be served in accordance with the requirements of Rule 4(e) of the Federal Rules of Civil Procedure, which defers to Rule 4(d)(1)(A) of the Utah Rules of Civil Procedure. Although personal service was made, it was made by Sargent J.C. Hansen, an individual whom lacked the authority to enter onto the Uintah and Ouray Reservation and lacked the authority to effectuate service of a summons on the Reservation. *See Summons Returned Executed for Ronald J. Wopsock* [Doc. 87], *Summons Returned Executed for Irene C. Cuch* [Doc. 91], *Summons Returned Executed for Phillip Chimburas* [Doc. 93], *Summons Returned Executed for Richard Jenks, Jr.* [Doc. 94], and *Summons Returned Executed for Frances Poowegup* [Doc. 95][2]. "As a

---

[2] No Summons Returned Executed has been filed for Stewart Pike, Sr. as of October 5, 2012.

general matter, service of process pursuant to state law rules on a tribal member residing on-reservation may transgress the right of reservation Indians to make their own laws and be ruled by them, especially when tribal law restricts service." COHEN'S HANDBOOK OF FEDERAL INDIAN LAW, § 7.02[3], p. 607 (5th Ed. and 2009 Supplement). Under Ute tribal law, custom and usage, a summons must be issued by the Tribal Court. Similar to the domestication of a court order, the summons and complaint in this case should have been filed with a petition requesting service of process in the Tribal Court and could not have been served unless the Tribal Court authorized such service upon the individual Tribal Defendants on the Uintah and Ouray Reservation.

As the process server did not comply with the requirements of tribal law to effectuate proper service of process on the Uintah and Ouray Reservation, proof of service of the individually named Tribal Defendants are insufficient for purposes of establishing personal jurisdiction. Therefore, Plaintiffs have not met their burden of establishing personal jurisdiction.

    b. *Service of Process Requirements for Serving a Corporation, Partnership or Association.*

Service of process on the Business Committee of the Ute Indian Tribe and the Ute Indian Tribe must be served on all six (6) members of the Business Committee. Service of one member of the Business Committee does not constitute proper service. The Business Committee adopted a process for establishing a service of process upon the Business Committee, the Ute Indian Tribe and its officers and employees in the Ute Rules of Civil Procedure by Resolution in 1987, which stated in pertinent part as follows:

> All papers required to be served under this Rule upon the Ute Indian Tribe, the Uintah and Ouray Tribal Business Committee, and officers or employees of the Ute Indian Tribe who are being sued in their official capacities shall only be

> served by personally serving the Secretary of the Uintah and Ouray Tribal
> Business Committee at the Tribal offices at Ft. Duchesne during regular business
> hours and mailing a copy of such papers to the Tribal Attorney.

Resolution No. 87-153 (July 20, 1987).  However, this provision was later repealed by Ordinance No. 87-04 (Nov. 16, 1987). The purpose for repealing this provision was to require that all six (6) members of the Business Committee be served in order to effectuate service of the Business Committee of the Ute Indian Tribe and the Ute Indian Tribe. Therefore, under tribal law, service of the Business Committee and the Tribe can only be achieved by serving all six (6) members of the Business Committee.

The Return of Service forms presented to the Court as proof of service upon the Business Committee of the Ute Indian Tribe and the Ute Indian Tribe were served on Defendant Irene C. Cuch, Chairwoman of the Tribe. *See Summons Returned Executed for the Business Committee of the Ute Indian Tribe* [Doc. 90], *Summons Returned Executed for Irene C. Cuch* [Doc. 91] and *Summons Returned Executed for the Ute Indian Tribe* [Doc. 92]. However, such service was insufficient as Defendant Irene C. Cuch was personally served by Sargent J.C. Hansen, an individual whom lacked the authority to enter onto the Uintah and Ouray Reservation and lacked the authority to effectuate service of a summons on the Reservation. *Summons Returned Executed for Irene C. Cuch* [Doc. 91]. The other members of the Business Committee were also not properly served. *See Summons Returned Executed for Ronald J. Wopsock* [Doc. 87], *Summons Returned Executed for Irene C. Cuch* [Doc. 91], *Summons Returned Executed for Phillip Chimburas* [Doc. 93], *Summons Returned Executed for Richard Jenks, Jr.* [Doc. 94], and *Summons Returned Executed for Frances Poowegup* [Doc. 95][3]. With the exception of Stewart

---

[3] No Summons Returned Executed has been filed for Stewart Pike, Sr. as of October 5, 2012.

Pike, Sr., who has not been served in this case, other members of the Business Committee were also personally served by Sargent J.C. Hansen, an individual whom lacked the authority to enter onto the Uintah and Ouray Reservation and lacked the authority to effectuate service of a summons on the Reservation. *Id.*

As the Business Committee of the Ute Indian Tribe and the Ute Indian Tribe were not properly served, proof of service of the Business Committee of the Ute Indian Tribe and the Ute Indian Tribe are insufficient for purposes of establishing personal jurisdiction. Therefore, Plaintiffs have not met their burden of establishing personal jurisdiction.

## IV. <u>CONCLUSION</u>

Based on the facts and legal authorities cited herein, there is no waiver of tribal sovereign immunity in this case.  There is also no federal question jurisdiction under 28 U.S.C. § 1331, nor diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs have not met their burden of establishing subject-matter jurisdiction.

Based on the facts and legal authorities cited herein, Plaintiffs did not comply with the requirements of Rule 4(e) and (h) of the Federal Rules of Civil Procedure. There is proof of insufficient process and insufficient service of process. Plaintiffs have not met their burden of establishing personal jurisdiction.

WHEREFORE, the Tribal Defendants' respectfully request that this honorable Court dismiss the claims against them with prejudice under Federal Rule 12(b)(1), (2), (4) and (5).

Dated this 5th day of October, 2012.

FREDERICKS PEEBLES & MORGAN LLP


/s/ Alvina L. Earnhart
Alvina L. Earnhart (*Pro Hac Vice*)
1900 Plaza Drive
Louisville, CO 80027
Telephone:  (303) 673-9600
Facsimile:  (303) 673-9155
Email: aearnhart@ndnlaw.com


J. PRESTON STIEFF LAW OFFICES

/s/ J. Preston Stieff
(*Signed by Filing Attorney*)
J. Preston Stieff, USB #4764
136 East South Temple, Suite 2400
Salt Lake City, UT  84111-2221
Telephone:  (801) 366-6002
Facsimile:  (801) 366-6007
Email: jpslaw@qwestoffice.net

*Attorneys for Defendants Ute Indian Tribe of the Uintah and Ouray Reservation; Business Committee for the Ute Tribe of the Uintah and Ouray Reservation; Irene C. Cuch; Ronald J. Wopsock; Frances M. Poowegup; Stewart Pike, Sr.; Richard Jenks, Jr.; and Phillip Chimburas*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of October, 2012, I electronically filed the foregoing **MOTION TO DISMISS THE AMENDED COMPLAINT UNDER FED. R. 12(b)(1), (2), (4) AND (5) BY DEFENDANTS UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION, BUSINESS COMMITTEE FOR THE UTE TRIBE OF THE UINTAH AND OURAY RESERVATION, IRENE C. CUCH, RONALD J. WOPSOCK, FRANCES M. POOWEGUP, STEWART PIKE, SR., RICHARD JENKS, JR., AND PHILLIP CHIMBURAS,** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all parties of record as follows; service upon Pro Se parties effectuated by regular US Mail, postage pre-paid:

| | | |
|---|---|---|
| Jesse C. Trentadue | Edson Gardner | Athenya Swain |
| Carl F. Huefner | P.O. Box 472 | P.O. Box 472 |
| Noah M. Hoagland | Fort Duchesne, UT 84026 | Fort Duchesne, UT 84026 |
| Britton R. Butterfield | *Defendant* | *Defendant* |
| SUITTER AXLAND, PLLC | | |
| 8 East Broadway, Suite 200 | Lynda Kozlowicz | Johnny Slim, Sr. |
| Salt Lake City, UT 84111 | P.O. Box 472 | P.O. Box 472 |
| *Attorneys for Plaintiff* | Fort Duchesne, UT 84026 | Fort Duchesne, UT 84026 |
| | *Defendant* | *Defendant* |
| Marea A. Doherty | | |
| Deputy Duchesne County | Kozlowicz & Gardner | Dean Reed |
| Attorney | Advocates, Inc. | c/o Janet Cuch |
| P.O. Box 346 | P.O. Box 472 | P.O. Box 404 |
| Duchesne, UT 84021 | Fort Duchesne, UT 84026 | LaPoint, UT 84039 |
| *Attorneys for Plaintiff* | *Defendant* | *Defendant* |

*/s/ Alvina L. Earnhart*
Alvina L. Earnhart

23