Edson Gardner, Attorney Pro-Se.
Lynda Kozlowicz, Attorney Pro-Se.
Athenya Slim, Attorney Pro-Se.
Johnny Slim Sr., Attorney Pro-Se.
Post Office Box 472
Fort Duchesne, Utah 84026
Telephone; (423) 722-8224 or 722-6707

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

OCT 1 6 2012

BY D. MARK JONES, CLERK

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| Honorable Clair M. Poulson, Judge of the Duchesne County Justice Court, and Derek Dalton, | Civil No. 212-CV-00497 |
| Plaintiff(s), | DEFENDANT INDIAN'S MEMORANDUM IN OPPOSITION TO DEFENDANT UTE TRIBE'S MOTION TO DISMISS |
| v. | |
| Edson Gardner, and Lynda Kozlowicz, and Athenya Swain, and Johnny Slim Sr., | |
| Defendant(s), | Judge, Bruce S. Jenkins |

## TABLE OF CONTENTS

A.   STATEMENT OF FACTS  ................................. 2

B.   STANDARD OF REVIEW  ................................ 3

1.   DEFENDANT INDIANS TO REAFFIRM FEDERAL
     STIPULATION AND FEDERAL COURT ORDER  ............... 3

2.   THE CIVIL ACTION FOR DEPRIVATION OF
     RIGHTS AND INDIAN CIVIL RIGHTS ACT  ............... 4

3.   PLAINTIFF DUCHESNE COUNTY JUSTICE COURT OFFICERS
     ACKNOWLEDGE DEFENDANT INDIAN'S U.S. CIVIL RIGHTS .... 5

4.   DEFENDANT UTE TRIBAL BUSINESS COMMITTEE OFFICERS
     ACKNOWLEDGE DEFENDANT INDIAN'S INDIAN CIVIL RIGHTS .. 6

C.   ARGUMENT  ......................................... 6

5.   THE UNITED STATES DISTRICT COURT HAS JURISDICTION
     OVER CIVIL RIGHTS AND ELECTIVE FRANCHISE PURSUANT
     TO RELIEF UNDER ANY ACT OF CONGRESS PURSUANT TO
     INDIAN CIVIL RIGHTS ACT  .......................... 5-6

6.   CONCLUSION  ....................................... 9

i

## TABLE OF AUTHORITIES

**CASES:**

Ute Indian Tribe v. Utah, 773 F. 2d 1087
(10th Cir. 1985)(en banc). cert. denied,
479 U.S. 994 (1986) .................................... 4

Ute Indian Tribe of the Uintah and Ouray
Indian Reservation v. State of Utah,
114 F. 3d 1513 (10th Cir. 1997) ....................... 4

Morris v. Noe, 572 F. 3d 1185, 1191 (10th Cir. 2012) ..... 4

United State v. Jewett,
438 F. 2d 495 (8th Cir. 1971) .......................... 4

Wilson v. Omaha Indian Tribe, 442 U.S. 653 (1979) ........ 5

Jones v. Mayer, 392 U.S. 409 (1968) ..................... 7

Johnson v. Lower Elwha Tribal Community,
484 F. 2d 200 (9th Cir. 1973) .......................... 7

Crowe v. Eastern Band of Cherokee Indians,
506 F. 2d 1231 (4th Cir. 1974) ......................... 7

Dry Creek Lodge, Inc. v. United States,
515 F. 2d 926 (10th Cir. 1975) ......................... 8

Santa Clara Pueblo v. Martinez,
436 U.S. 49 (1978) ..................................... 8

Osage Tribal Council v. U.S. Dept. of Labor,
187 F. 3d 1174 (10th Cir. 1999) ........................ 8

**STATUTE:**

Civil action for deprivation of rights,
42 U.S.C. 1983 .................................. 1, 4, 5

Civil rights and elective franchise,
28 U.S.C. 1343 ............................. 1, 3, 7, 8, 9

Indian Civil Rights Act, 25 U.S. 1301-1303 ..... 1, 3, 6, 10

Indian Country, 18 U.S.C. 1151 ........................ 2, 4

Trial of right of property; buren of proof,
25 U.S.C. 149 ........................................ 4, 5

Declaratory Judgments - Creation of remedy,
28 U.S.C. 2201 and 2202 ................................ 9

**EXHIBIT;**

Ute Tribe v. State of Utah, Stipulation,
September 2, 1992 (nunc pro tunc August
3, 1992). and District Court Order .....................3-4

Edson Gardner, Attorney Pro-Se.
Lynda Kozlowicz, Attorney Pro-Se.
Athenya Slim, Attorney Pro-Se.
Johnny Slim Sr., Attorney Pro-Se.
Post Office Box 472
Fort Duchesne, Utah 84026
Telephone; (423) 722-8224 or 722-6707

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| Honorable Clair M. Poulson, Judge of the Duchesne County Justice Court, and Derek Dalton, | Civil No. 212-CV-00497 |
| Plaintiff(s), | DEFENDANT INDIAN'S MEMORANDUM IN OPPOSITION TO DEFENDANT UTE TRIBE'S MOTION TO DISMISS |
| v. | |
| Edson Gardner, and Lynda Kozlowicz, and Athenya Swain, and Johnny Slim Sr., | |
| Defendant(s), | Judge, Bruce S. Jenkins |

Defendants, Edson Gardner, and Lynda Kozlowicz, and

Athenya Swain, and Johnny Slim Sr., Memorandum In Opposition

To Defendant Ute Tribe's Motion To Dismiss, pursuant to Civil

action for deprivation of rights, 42 U.S.C. 1983, and Civil

rights and elective franchise, 28 U.S.C. 1343, and Act of

Congress protection of civil rights, Indian Civil Rights Act,

25 U.S. 1301-1303, and Defendants herein do not represent Ute

Tribe, and Business Committee Members in any capacity, and

disclaim any and all arguments asserted to United States

1

District Court herein by party alleged to be brought forth herein, on following.

## A.  STATEMENT OF FACTS

1.  Defendants' State charges, were filed against Defendant Indians in Duchesne County Justice Court, filed by Duchesne County Sheriff, where Defendants herein filed to transfer to Ute Tribal Court before bringing actions in Tribal Court. Defendant Indians' filed Indian Country, 18 U.S.C. 1151, and were denied to transfer to Ute Tribal Court by Duchesne County Justice Court, Judge Poulson. Plaintiffs having filed in Federal Court for civil rights violation to enjoin Duchesne County Justice Court's right to prosecute for violation for Utah State laws by their local officers and refusing to have Bureau of Indian affairs Police present when making a traffic stop.

2.  Defendants motion for United States District Court to review and enforce Ute Tribal Court's jurisdiction and authority over Indian Defendants. Defendants motions in Opposition, that Ute Tribal Court's subject matter jurisdiction is being side stepped by State and County for claims brought by Indian Defendants based on federal rulings, against Utah State prosecuting charges or for State claims.

3.  The federal Courts determined Indian is under

2

federal and tribal jurisdiction. Indian Defendants are subject
to tribal and federal jurisdiction. The Ute Tribal Court
pursuant to Indian Civil Rights Act, 25 U.S.C. 1301-3, and
Civil rights and elective franchise, 28 usc 1343(4), now
Defendant Indians are asking for federal court order so as to
entitle Indian Defendants to full protection of Act of
Congress within Ute Tribal Court.

4.   Defendant as Indians was charged within boundaries
of Uintah and Ouray Reservation. The Defendant Indians by
concluding matter of law alleged charges occurred in Indian
Country. 18 U.S.C. 1151. The District Court has made ruling of
Indian country on record. Therefore we need not to address
additional contention of Defendants by District Court as
imposed.

## B.   STANDARD OF REVIEW

### 1.   DEFENDANT INDIANS TO REAFFIRM FEDERAL STIPULATION AND FEDERAL COURT ORDERS

5.   On September 2, 1992, (nunc pro tunc, August 3,
1992) this Court entered an Order incorporating Stipulation
had been entered by litigation. In pertinent part, the Federal
Court Order acknowledges State, on behalf of political
subdivision, had agreed:

> to refrain from .... exercising civil or criminal
> jurisdiction in a manner that conflicts with federal
> law within the exterior boundaries of the Uintah and

3

> Ouray Reservation, as those boundaries were set forth
> by the Tenth Circuit Court of Appeals in <u>Ute Indian
> Tribe v. Utah</u>, 773 F. 2d 1087 (10th Cir. 1985)(en banc).
> <u>cert. denied</u>, 479 U.S. 994 (1986); or from interfereing,
> in any way, with the Tribe's exercise of criminal, civil
> and regulatory jurisdiction .... within the exterior
> boundaries of the Uintah and Ouray Reservation, as
> those boundaries were set forth by the Tenth Circuit
> Court of Appeal in <u>Ute Indian Tribe</u>, <u>supra</u>.

Following issuance of decision by tenth circuit court of

appeals, in <u>Ute Indian Tribe of the Uintah and Ouray Indian</u>

<u>Reservation v. State of Utah</u>, 114 F. 3d 1513 (10th Cir. 1997),

and we request for a Federal Court Order.

## 2. THE CIVIL ACTION FOR DEPRIVATION OF RIGHTS AND THE INDIAN CIVIL RIGHTS ACT

6. Defendant Indians claims pursuant to <u>Civil action</u>

<u>for deprivation of rights</u>, 42 U.S.C. 1983. The burden shifts

to Plaintiff State of Utah to show how defendant Indians

violated their constitutional rights and constitutional rights

was clearly established. <u>Morris v. Noe</u>, 572 F. 3d 1185, 1191

(10th Cir. 2012). As this is an element of offense. The Utah

State government has burden to prove how crime was committed

in Indian Country. <u>United State v. Jewett</u>, 438 F. 2d 495, 497

(8th Cir. 1971). Indian Country includes all land within

limits of any Indian reservation under jurisdiction of United

States Government, notwithstanding issuance of any patent,

and, including right-of-way running through reservation

pursuant to <u>Indian Country</u>, 18 U.S.C. 1151(a). In <u>Trial of</u>

4

right of property; burden of proof, 25 U.S.C. 194, which
provides that in trials involving title to property where an
Indian is on one side and a White Person on the other, the
burden of proof shall rest upon the White Person, whenever the
Indian shall make out a previous possession or ownership. That
statute was applied by Supreme Court, in Wilson v. Omaha
Indian Tribe, 442 U.S. 653 (1979).

### 3. PLAINTIFF DUCHESNE COUNTY JUSTICE COURT OFFICER'S ACKNOWLEDGE DEFENDANT INDIAN'S U.S. CIVIL RIGHTS

7.  Defendant Indians have been resident of Uintah and
Ouray Indian Reservation, at all times relevent hereto, and
continuing through at time of action complained of herein.
Plaintiff Duchesne County Justice Court Judge and Sheriff, at
all times alleged herein, Plaintiffs acted under color of Utah
State law in scope of duties as Duchesne County Justice Court
Judge and Sheriff. At those times, Plaintiffs were decision-
makers and policy-makers for Duchesne County Justice Court
Judge and Sheriff Department and for Duchesne County in regard
to law enforcement matters. For purpose of Civil action for
deprivation of rights, 42 U.S.C. 1983, Plaintiffs were acting
under color of Utah State law, in connection with Defendant
Indians 1983 claims, and Plaintiff's action personally and in
official capacity as Duchesne County Justice Court Judge and

5

Sheriff. Plaintiffs were responsible for screening, hiring, training, monitoring, supervising and disciplining the subordinate employees of law enforcement, and enforcing Utah State law in Duchesne County.

**4. <u>DEFENDANT UTE TRIBAL BUSINESS COMMITTEE OFFICERS ACKNOWLEDGE DEFENDANT INDIAN'S INDIAN CIVIL RIGHTS</u>**

8. Defendant Ute Tribal Business Committee Members has responsibility over tribal law enforcement in Uintah and Ouray Indian Reservation, at all times relevant hereto were employed as Ute Tribal Business Committee Members, in Ute Tribe. At time of action complained of herein, Defendant Ute Tribal Business Committee Members, at all times alleged herein acting under color of law and within scope of their duties as Ute Tribal Business Committee Members as Federal corporation, for purpose of <u>Indian Civil Rights Act</u>, 25 U.S.C. 1301-03, and acting under color of tribal law. In connection with Defendant Indian's 1983 claims, Defendant Ute Tribal Business Committee Members' action personally and in official capacity as Ute Tribal Business Committee Members have suspended Defendants Gardner and Kozlowicz without a hearing of any violation of tribal laws or due process committed by them.

**C.   <u>ARGUMENT</u>**

**5.   <u>THE UNITED STATES DISTRICT COURT HAS JURISDICTION OVER CIVIL RIGHTS AND ELECTIVE FRANCHISE PURSUANT TO RELIEF UNDER ANY ACT OF CONGRESS PURSUANT TO</u>**

6

## INDIAN CIVIL RIGHTS ACT

9.  Applied <u>Jones v. Mayer</u>, 392 U.S. 409 (1968),
reasoning in Indian action, <u>Johnson v. Lower Elwha Tribal
Community</u>, 484 F. 2d 200 (9th Cir. 1973), brought action under
Indian Civil Rights Act and 28 U.S.C. 1343 to enforce due
process of ICRA. The Court found jurisdiction and waiver of
sovereign immunity through combination of 1343 and ICRA.

> **Appellee contends that the Act by itself is not
> jurisdictional. However, the pre-existing grant
> of jurisdiction under 28 U.S.C. 1343(4) serves
> as a basis upon which to enforce alleged violation
> of provisions of the Indian Civil Rights Act which
> would, if appellee's argument were accepted, be
> unenforceable and thus almost meaningless**

The Court also analogized between this case and <u>Jones v.
Mayer</u>, in determining whether there was cause of action under
statutes in question. The Supreme Court in situations similar
to this has implied an appropriate remedy (usually private
cause of action) to carry out Congressional purposes.

10.  In <u>Crowe v. Eastern Band of Cherokee Indians</u>, 506
F. 2d 1231 (4th Cir. 1974), tribal member brought an action
against tribe for violations of equal protection and due
process clause of ICRA, via 1343. Again, the Court upheld use
of 1343 jurisdiction, saying we agree with this jurisdictional
conclusion of Court below since section 1343(4) provides
logical and specific basis of jurisdiction and to hold

7

otherwise would render provision of Act unenforceable and an
exercise in Congressional futility. Id. at 1234.

11.  In Dry Creek Lodge, Inc. v. United States, 515 F.
2d 926 (10th Cir. 1975), dealt with jurisdiction over
individual tribal officers and against redress through ICRA
and 1343. The Court found that jurisdiction under 1343 does
not typically extend to individual tribal members. Of course,
to extent individuals are acting as agents for tribes or
Council. The Court does possess jurisdiction to extend
injunctive relief to individual agents. Though waiver of
sovereign immunity under ICRA for certain actions has been
precluded through Santa Clara Pueblo v. Martinez, 436 U.S. 49
(1978), jurisdiction under combination of 1343 and other
statutes relating to Indian rights has not been struck down.

12.  There have also been other abrogations of tribal
sovereign immunity absent specific enforcement provision in
federal statutes. For example, Osage Tribal Council v. U.S.
Dept. of Labor, 187 F. 3d 1174 (10th Cir. 1999), held Safe
Drinking Water Act abrogated sovereign immunity, despite
absence of any clause specifically stating tribal sovereign
immunity was waived. The Court reasoned statutes provides
cause of action against person violating act, that person is
defined to include municipalities, and municipalities is

8

defined to include Indian Tribes.

## CONCLUSION

WHEREFORE, Defendant Indians pray for Judgment against Plaintiff Duchesne County Justice Court and Derek Dalton as follows, and for declaration under Declaratory Judgments - Creation of remedy, 28 U.S.C. 2201 and 2202 the Ute Tribal and Federal Court has subject matter jurisdiction over claims being made against Plaintiffs doing so under unlawful authority, or to bring this suit against Defendant Indians, and enjoin Plaintiff Duchesne County Justice Court for U.S. Constitutional violation. Defendant Indians' cases have been prejudiced for any request to transfer to Ute Tribal Court to prosecute the charges alleged by Plaintiffs, Duchesne County Justice Court and ask for Federal District to dismiss Defendant's cases in Duchesne Justice Court with prejudice. The District Court to determine Plaintiff Duchesne County Justice Court does not have subject matter jurisdiction over tribal and federal claims against Defendant Indians, by Plaintiffs Duchesne County Justice Court; And Defendant Indians request declaration under Declaratory Judgment - Creation of remedy, 28 U.S.C. 2201, and 2202 Plaintiff Duchesne County Justice Court as Federal Statute as Civil rights and elective franchise, 28 U.S.C. 1343(4), that stated;

9

> **to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote;**

as to entitle Defendants protections of Indian Civil Rights Act, 25 U.S.C. 1301-03, the U.S. Statute in proceedings before Plaintiffs Duchesne County Justice Court and for Order enjoining Defendants Ute Tribal Business Committee and Ute Tribal Court from denying Defendant Indians rights under Indian Civil Rights Act, and such other and further relief as District deems just and equitable under circumstance.

Respectfully submitted this day _15_ of Oct. 2012.

_(signature)_
Edson Gardner, Attorney Pro-Se.

_(signature)_
Lynda Kozlowica, Attorney Pro-Se.

_(signature)_
Atheyna Swain, Attorney Pro-Se.

_(signature)_
Johnny Slim Sr., Attorney Pro-Se.

# POULSON V UTE INDIAN TRIBE, ET AL

*Poulson v Ute Indian Tribe, et al*

Poulson et al. v. Ute Indian Tribe et al., Case No. 2:12-cv-00497, United States District Court, District of Utah.

This case was filed by State District Court Judge Clair M. Poulson and (former) Duchesne County Sheriff's Deputy Derek Dalton against the Ute Indian Tribe, Business Committee, Tribal Court, Business Committee members in their official capacities, Chief Judge Smiley Arrowchis in his individual official capacity, Athenya Swain, Dean Reed, Lynda Kozlowicz, Edson Gardner, Kozlowicz and Gardner Advocate, Inc., and Johnny Slim, Jr. The Plaintiffs are seeking to determine the extent of the Ute tribal court's jurisdictional power. The suit was filed on or about May 21, 2012.

This federal complaint brings to the forefront the jurisdictional issues created when lay advocates file suit against county officials in tribal court. The Poulson case suggests a number of frivolous and baseless lawsuits commenced by lay advocates, Kozlowicz

& Gardner Advocates, Inc., have been filed in Ute Tribal Court. The cases filed by Kozlowicz & Gardner Advocates, Inc. on behalf of tribal members in Ute Tribal Court may overstep the bounds of the Tribal Court's authority—not through the actions of the Tribe or its judges but through the repeated actions of Kozlowicz & Gardner Advocates, Inc. These issues must be decided by a law-trained judge to ensure that the jurisdiction of the Tribal Court is protected from challenges such as those raised in the Poulson case. Outside of the Reservation, after years and years of similar type lawsuits, the outside perception is that the Tribe is represented by Kozlowicz & Gardner Advocates, Inc. and supports their efforts. Kozlowicz & Gardner Advocates, Inc. do not reference themselves by their incorporated name, but rather as "Ute tribal advocates" which creates confusion as to whom they really represent. While the Tribe cannot control the actions of Kozlowicz & Gardner Advocates, Inc. in federal or state court, the Tribe's Executive Director of the Tribe, as the supervisor of lay advocates, can control

their actions as advocates in tribal court. To address this problem, the Business Committee amended the Tribe's law and order code to include penalties against any advocate who files baseless lawsuits. The Tribe's Executive Director also has taken action to curtail the practices of the lay advocates Kozlowicz & Gardner Advocates by suspending their ability to practice law for 90 days, until October 9, 2012.

Neither the Ute Indian Tribe, Business Committee, Tribal Court, Business Committee members or Chief Judge Smiley Arrowchis have been properly served with legal process at this time. The Tribe has filed a motion to dismiss the lawsuit on various grounds, including lack of Article III jurisdiction under the U.S. Constitution, lack of federal question or diversity jurisdiction, and lack of personal jurisdiction over the Tribe and its elected Business Committee members and other tribal officers.

A Status Report and Scheduling Conference has been scheduled for Wednesday, October 10 at 1:30pm.

## STIPULATION

This stipulation is made this 31st day of August, 1992, by and between the State of Utah [hereafter, "the State"], the County of Duchesne, the County of Uinta, the City of Roosevelt, the City of Duchesne [hereafter collectively referred to as "the local defendants"] and the Ute Indian Tribe of the Uintah and Ouray Reservation, Utah [hereafter, "the Tribe"], through the parties' legal counsel.

The Utah Supreme Court's decision in <u>State v. Perank</u>, No. 860243 (July 17, 1992) conflicts with the decision of the Tenth Circuit Court of Appeals in <u>Ute Indian Tribe v. Utah</u>, 773 F.2d (10th Cir. 1985) (<u>en banc</u>), <u>cert. denied</u>, U.S. (1986) insofar as each decision purports to set forth the boundaries of the Uintah Valley Reservation (now a part of the Uintah and Ouray Reservation). In order to avoid potential chaos and avoid jurisdictional uncertainty in the Uintah Basin, the State, local defendants and Tribe enter into the following stipulation.

1.   The State, local defendants, their officers, agents, employees and any person acting in their behalf shall refrain from enforcing the Utah Supreme Court's decision in <u>State v. Perank</u>, No. 8602433 (Utah July 17, 1992), and shall refrain from exercising criminal jurisdiction over Indians who are members of the Ute Indian Tribe or any other federally recognized Indian Tribe or civil jurisdiction over actions involving the Ute Indian Tribe or members of the Ute Indian Tribe, or interfering, in any way, with the Tribe's exercise of such civil or criminal jurisdiction within the exterior boundaries of the Uintah and Ouray Reservation, Utah,

Stipulation <u>Ute Indian Tribe v. Utah</u>
August 18, 1992
page 2

as those boundaries were set forth by the Tenth Circuit Court of Appeals in <u>Ute Indian Tribe v. Utah</u>, 773 F.2d 10, (10th Cir. 1985) (<u>en banc</u>), <u>cert. denied</u>, U.S. (1986).

2.    The Tribe shall exercise criminal jurisdiction over Indians who are members of the Ute Indian Tribe or any other federally recognized Indian Tribe and shall exercise civil and regulatory jurisdiction over Indians and non-Indians to the extent permitted by law within the exterior boundaries of the Uintah and Ouray Reservation, Utah, as those boundaries were set forth by the Tenth Circuit Court of Appeals in <u>Ute Indian Tribe v. Utah</u>, 773 F.2d 10 (10th Cir. 1985) (<u>en banc</u>), <u>cert. denied</u>, U.S. (1986).

3.    This stipulation shall expire on the date immediately following the date on which the Federal District Court for the District of Utah issues its decision on the Tribe's Renewed Motion for Injunctive Relief in Civil No. C-75-408 unless further extended in writing by the parties or by order of the Federal District Court for the District of Utah.

Stipulation <u>Ute Indian Tribe v. Utah</u>
August 18, 1992
page 3

    4.   Nothing contained herein shall prejudice or be deemed a

waiver of the claims or defenses of any party to this stipulation.

_____ asst. atty gen    _____
Paul Van Dam, Attorney General              Robert S. Thompson, III, General
State of Utah                               Counsel, Ute Indian Tribe

_____ (by MQ)           _____ (by MQ)
Harry Souvall, Attorney                     Herbert Gillespie, Attorney
Uinta County, Utah                          Duchesne County, Utah

_____ (by MQ)           _____ (by MQ)
Attorney, City of Roosevelt                 Attorney, City of Duchesne

SEP -- 1 1992

OFFICE OF CHIEF JUDGE
BRUCE S. JENKINS

THE UNITED STATES DISTRICT COURT DISTRICT OF UTAH

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTE INDIAN TRIBE of the Uintah and Ouray Reservation, Utah,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF UTAH,<br>Defendant in Intervention,<br>and<br><br>DUCHESNE COUNTY, a political subdivision of the State of Utah; UINTAH COUNTY, a political subdivision of the State of Utah; ROOSEVELT CITY, a municipal corporation; and DUCHESNE CITY, a municipal corporation,<br><br>Defendants.<br><br>UNITED STATES OF AMERICA and PARADOX PRODUCTION CORPORATION, a Utah corporation,<br><br>Amicus Curiae. | Civil No. C 75-408 J<br><br>ORDER<br><br>No. 860243 (Utah 1992) |

This matter came before the Court on the Motion of the Ute Indian Tribe for a Temporary Restraining Order or Preliminary Injunction. All parties to the proceeding received copies of the Tribe's pleadings in advance of a hearing held on Monday, August 3, 1992 at 3:30 p.m. and were represented by legal counsel at the hearing.

At the Court's request, attorneys for the Tribe had spoken with the State Attorney General's office prior to the hearing for the purpose of determining whether the parties could reach an agreement on the issue presented to this Court by the Tribe's motion for a preliminary injunction. A stipulation was reached, whereby the State agreed, on behalf of itself and its political subdivisions, to refrain from enforcing the Utah Supreme Court's

Dated this 2 day of ~~August,~~ 1992, **nunc pro tunc** August 3, 1992.

Bruce S. Jenkins, Chief Judge
United States District Court
District of Utah

3

## CERTIFICATION OF SERVICE

    This is to certify true and correct copy of **DEFENDANT INDIAN'S MEMORANDUM IN OPPOSITION TO DEFENDANT UTE TRIBE'S MOTION TO DISMISS**, foregoing document was delivered by mail first class, postage prepaid and addressed as follows on this _15_ , day of Oct. 2012.

Jesse C. Trentadue
Carl F. Huefner
Noah M. Hoagland
Britten R. Butterfield
SUITTER AXLAND, PLL
8 EAST BROADWAY, SUITE 200
Salt Lake City, Utah 84111

J. Preston Stieff
J. PRESTON STEFF LAW OFFICES
136 East South Temple, Suite 2400
Salt Lake City, UT 84111-2221

Alvina L. Earnhart
FREDERICKS PEEBLES & MORGAN LLP
1900 Plaza Drive
Louisville, CO  80027

Lynda Kozlowicz,
Attorney Pro-Se.

1

Edson Gardner, Attorney Pro-Se.
Lynda Kozlowicz, Attorney Pro-Se.
Athenya Swain, Attorney Pro-Se.
Johnny Slim Sr., Attorney Pro-Se.
Post Office Box 472
Fort  Duchesne, Utah 84026
Telephone; (423) 722-8224 or 722-6707

Oct. *15* , 2012.

U.S. District Court
Office of the Clerk
350 South Main Street, Suite 150
Salt Lake City, Utah 84101-2180

Re; Poulson v. Ute Indian Tribe, Case No. 2;12-CV-00497

The following attached herein is submitted for filing and
review with U.S. District Court. Please stamp and file.

I.   **DEFENDANT INDIAN'S MOTION IN OPPOSITION TO
DEFENDANT UTE TRIBE'S MOTION TO DISMISS**

II.  **DEFENDANT INDIAN'S MEMORANDUM IN OPPOSITION
TO DEFENDANT UTE TRIBE'S MOTION TO DISMISS**

Respectfully submitted.

_____
Edson Gardner, Attorney Pro-Se.

_____
Lynda Kozlowicz, Attorney Pro-Se.

_____
Athenya Swain, Attorney Pro-Se.

_____
Johnny Slim Sr., Attorney Pro-Se.

1