J. Preston Stieff, USB #4764
J. PRESTON STIEFF LAW OFFICES
136 East South Temple, Suite 2400
Salt Lake City, UT  84111-2221
Telephone:  (801) 366-6002
Facsimile:  (801) 366-6007
Email: jpslaw@qwestoffice.net

Frances Bassett (*Pro Hac Vice*)
Alvina L. Earnhart (*Pro Hac Vice*)
FREDERICKS PEEBLES & MORGAN, LLP
1900 Plaza Drive
Louisville, CO 80027
Telephone: (303) 673-9600
Facsimile: (303) 673-9155
Email: fbassett@ndnlaw.com
Email: aearnhart@ndnlaw.com

*Attorneys for Defendants Ute Indian Tribe of the Uintah and Ouray Reservation; Business Committee for the Ute Tribe of the Uintah and Ouray Reservation; Tribal Court for the Ute Tribe of the Uintah and Ouray Reservation; Irene C. Cuch; Ronald J. Wopsock; Frances M. Poowegup; Stewart Pike, Sr.; Richard Jenks, Jr.; Phillip Chimburas; and Honorable Smiley Arrowchis*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| HONORABLE CLAIR M. POULSON, in his official capacity as Judge of the Duchesne County Justice Court, and DEREK DALTON,<br><br>Plaintiffs,<br><br>v.<br><br>UTE INDIAN TRIBE OF THE UINTAH and OURAY RESERVATION; et al,<br><br>Defendants. | **REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' THIRD and FOURTH MOTIONS TO DISMISS**<br><br>Civil No. 2:12-cv-00497-BSJ-EJF<br><br>Judge Bruce S. Jenkins<br>Magistrate Judge: Evelyn J. Furse |

COMES NOW, Defendants Ute Indian Tribe of the Uintah and Ouray Reservation, Business Committee for the Ute Indian Tribe of the Uintah and Ouray Reservation, Tribal Court for the Ute Indian Tribe of the Uintah and Ouray Reservation, Irene C. Cuch, Ronald J. Wopsock, Frances M. Poowegup, Stewart Pike, Sr., Richard Jenks, Jr., Phillip Chimburas and Honorable Smiley Arrowchis (collectively referred to herein as "Tribal Defendants"), and file this *Reply* to *Plaintiffs' Memorandum in Opposition to Defendants' Third and Fourth Motions to Dismiss* ("*Response*") [Doc. 108].

## SUMMARY OF THE ARGUMENT

Tribal Defendants incorporate, but do not restate the facts set forth in the third and fourth *Motions to Dismiss and Memorandum in Support Thereof* [Doc. 98, 99, 101 and 102]. Dismissal is appropriate for lack of subject matter jurisdiction and lack of personal jurisdiction, which are essential requirements to proceed with any suit. Tribal Defendants are entitled to tribal sovereign immunity. Tribal Defendants seek dismissal of the claims against them for (1) lack of subject matter jurisdiction on the grounds of (*i*) Indian tribal sovereign immunity; (*ii*) lack of a ripe case or controversy under Art. III of the U.S. Constitution; *(iii)* lack of federal question jurisdiction under 28 U.S.C. § 1331; and *(iv)* lack of diversity jurisdiction under 28 U.S.C. § 1332; and (2) lack of personal jurisdiction on the grounds of (*i*) insufficient process; and (*ii*) insufficient service of process.

Tribal Defendants are entitled to sovereign immunity in the absence of a clear, express and unequivocal waiver of such immunity. Plaintiffs have provided no evidence to suggest that the Tribal Defendants have waived such immunity in accordance with the requirements of Tribal

law. The Court lacks subject matter jurisdiction over the Tribal Defendants in the absence of such a valid waiver.

Plaintiffs are required to exhaust their tribal court remedies for those cases that have not been addressed by the Tribal Court. The U.S. Supreme Court stated, "[o]ur cases have often recognized that Congress is committed to a policy of supporting tribal self-government and self-determination. That policy favors a rule that will provide the forum whose jurisdiction is being challenged the first opportunity to evaluate the factual and legal bases for the challenge. Moreover the orderly administration of justice in the federal court will be served by allowing a full record to be developed in the Tribal Court before either the merits or any question concerning appropriate relief is addressed." *National Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845, 856-857 (1985), emphasis added. The law of the Tenth Circuit is that a federal court should not hear a challenge to tribal court jurisdiction until tribal court remedies have been exhausted. *Tillett v. Lujan*, 931 F.2d 636, 640-41 (10th Cir. 1991); *Superior Oil Co. v. United States*, 798 F.2d 1324, 1328-29 (10th Cir. 1986). The Supreme Court has defined exhaustion of tribal court remedies to include appellate review within the tribal court system. *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 17 (1987). As the Tribal Court has yet to address the question of whether or not it has jurisdiction over cases identified and referenced in Plaintiffs' *Amended Complaint*, this Court lacks subject matter jurisdiction over those cases to assess whether or not the Tribal Court does in fact have such jurisdiction to proceed accordingly.

Despite Plaintiffs' assertions concerning insufficient proof of service, the burden for obtaining sufficient proof of service falls on the Plaintiffs. *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010); *Khan v. Khan*, 360 Fed. Appx. 202, 203 (2d Cir. 2010) ("On a Rule

12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient."); *In re Katrina Canal Breaches Litigation*, 309 Fed. Appx. 833 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 803 (2009); *Holly v. Metropolitan Transit Authority*, 213 Fed. Appx. 343 (5th Cir. 2007); *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383 (8th Cir. 1995).

Until the Tribal Defendants are properly served in accordance with (1) Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4(d)(1)(A) of the Utah Rules of Civil Procedure, which outlines the process for obtaining personal service of an *individual,* and (2) Ute tribal law, custom and usage, which require that a summons be issued by the Tribal Court; Tribal Defendants are not considered parties to this case.

Although Plaintiffs assert that the individually named Tribal Defendants have been properly served, Plaintiffs did not comply with the requirements of Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4(d)(1)(A) of the Utah Rules of Civil Procedure, which outlines the process for obtaining personal service of an *individual,* and (2) Ute tribal law, custom and usage. Tribal Defendants have not been properly served and as such, this suit must be dismissed as it relates to the claims asserted against the Tribal Defendants.

I. **PLAINTIFFS FAIL TO ACKNOWLEDGE OR REBUT THE CONTENTS OF TRIBAL DEFENDANTS' MOTIONS TO DISMISS.**

A. No Acknowledgement or Rebuttal for Lack of Personal Jurisdiction

Tribal Defendants cited to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4(d)(1)(A) of the Utah Rules of Civil Procedure, which outline the process for obtaining personal service of an *individual,* as authority for the insufficient service of process for individuals identified as Tribal Defendants by Plaintiffs. Tribal Defendants also cited to Ute tribal law,

custom and usage, which require that a summons be issued by the Tribal Court. Similar to the domestication of a court order, the summons and complaint in this case should have been filed with a petition requesting service of process in the Tribal Court and could not have been served unless the Tribal Court authorized such service upon the individual Tribal Defendants on the Uintah and Ouray Reservation. As the process server did not comply with the requirements of tribal law to effectuate proper service of process on the Uintah and Ouray Reservation, proof of service of the individually named Tribal Defendants is insufficient for purposes of establishing personal jurisdiction. Therefore, Plaintiffs have not met their burden of establishing personal jurisdiction over the individually named Tribal Defendants.

Furthermore, service of process on the Business Committee of the Ute Indian Tribe and the Ute Indian Tribe must be served on all six (6) members of the Business Committee. Service upon one member of the Business Committee does not constitute proper service. As the Business Committee of the Ute Indian Tribe and the Ute Indian Tribe were not properly served, proof of service of the Business Committee of the Ute Indian Tribe and the Ute Indian Tribe are insufficient for purposes of establishing personal jurisdiction. Therefore, Plaintiffs have not met their burden of establishing personal jurisdiction over the Business Committee of the Ute Indian and the Ute Indian Tribe.

Plaintiffs did not address these matters as they relate to the Tribal Defendants' argument for lack of personal jurisdiction, and therefore, dismissal is appropriate.

    B. <u>No Acknowledgement or Rebuttal for Lack of Subject Matter Jurisdiction in the Absence of a Valid Waiver of Sovereign Immunity</u>

Furthermore, Tribal Defendants cited to *Kiowa Tribe of Oklahoma v. Mfg. Tech., Inc.*, 523 U.S. 751, 760 (1998), which provides that waivers of immunity cannot be implied, but must

be unequivocally expressed. "Absent an effective waiver or consent, a state court may not exercise jurisdiction over a recognized Indian tribe." *Puyallup Tribe, Inc. v. Dept. of Game of the State of Washington,* 433 U.S. 165, 172 (1977). "State law has no bearing on who has the authority to waive the Tribe's sovereign immunity." *The Stillaguamish Tribe of Indians v. Pilchuck Group II, L.L.C.*, 2011 WL 4001088 at 6, Case No. C10-995RAJ at p. 10 ¶ 17 (W. D. Wash. 2011). However, as discussed in *Pilchuck*, this Court is required to apply Ute Tribal law in determining whether there has been a valid waiver of sovereign immunity.

The Ute Indian Tribe's Law and Order Code explicitly describes the specific process that must be followed in order to effectuate a waiver of the Tribe's sovereign immunity. Section 1-8-5 provides:

> Except as required by federal law, or the Constitution and Bylaws of the Ute Indian Tribe, or as specifically waived by a resolution or ordinance of the Business Committee specifically referring to such, the Ute Indian Tribe shall be immune from suit in any civil action, and its officers and employees immune from suit for any liability arising from the performance of their official duties.

*See* U.L.O.C. §1-8-5. Therefore, under Tribal law, only the Ute Tribal Business Committee may waive immunity by passing a resolution or ordinance that specifically refers to the express waiver. The Tribe's sovereign immunity also extends to its officers and employees arising from the performance of their official duties, which includes the members of the Business Committee and the Chief Judge of the Tribal Court. No resolution or ordinance waiving sovereign immunity exists to subject Tribal Defendants to suit in this action.

Plaintiffs have not refuted these dispositive cases nor have they provided any evidence to demonstrate that the Ute Tribal Business Committee has waived the Tribe's sovereign immunity, and therefore, dismissal is appropriate.

### C. No Acknowledgement or Rebuttal for Lack of Jurisdiction Because the Case is Not Ripe for Review

Tribal Defendants cited to Article III of the Constitution as authority that cases be "ripe" for adjudication. It is a constitutional limitation on the power of federal courts, not just a statutory limitation as contained in 28 U.S.C. §§ 1331 and 1332. *See New Mexicans for Richardson v. Gonzales*, 64 F.3d 1495, 1498-99 (10th Cir. 1995) (stating that the ripeness inquiry "bears on the court's subject matter jurisdiction under the case or controversy clause of Article III of the Constitution).

The cases at issue here are not ripe for review because they have not been adjudicated by the Tribal Court. As the Tribal Court has not considered the arguments presented in the cases at issue here, the outcome of the Tribal Court case may not occur as Plaintiffs anticipate or may not occur at all and, the likelihood of harm is speculative. Designed to avoid "premature adjudication," ripeness is a justiciability doctrine that both implements Article III's case-or-controversy requirement and reflects additional, prudential considerations that require the federal courts to refrain from premature intervention in a nascent legal dispute. *Nat'l Park Hospitability Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003) (citing *Abbott Labs v. Gardner,* 387 U.S. 136, 148-49 (1967)). Even in its prudential form, ripeness is a doctrine that the Court may invoke on its own initiative, regardless of whether it has been raised and decided below. *Id.*

Plaintiffs have not refuted these dispositive cases nor have they provided any evidence to demonstrate that the cases at issue here are ripe for judicial review, and therefore, dismissal is appropriate.

### D. No Acknowledgement or Rebuttal for Lack of Subject Matter Jurisdiction in the Absence of a Federal Question

7

Tribal Defendants cited to Article III, Section 2 of the U.S. Constitution as authority for limiting federal court jurisdiction to cases "arising under" the Constitution and laws of the United States. Federal question jurisdiction only exists if federal law is a direct element in the plaintiff's claim; it is not enough for federal law to be implicated indirectly or peripherally. *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1267 (2009), *quoting Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

In *National Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845, 856 (1985), the Supreme Court held that the question of whether tribal courts have jurisdiction over non-Indians in civil cases should <u>first</u> be addressed in tribal court. The Supreme Court reasoned: "[o]ur cases have often recognized that Congress is committed to a policy of supporting tribal self-government and self-determination. That policy favors a rule that will provide the forum whose jurisdiction is being challenged the <u>first opportunity to evaluate the factual and legal bases for the challenge. Moreover the orderly administration of justice in the federal court will be served by allowing a full record to be developed in the Tribal Court before either the merits or any question concerning appropriate relief is addressed</u>." *Id.* at 856-57, emphasis added.

The law of the Tenth Circuit dictates that a federal court should not hear a challenge to tribal court jurisdiction until tribal court remedies have been exhausted. *Tillett v. Lujan*, 931 F.2d 636, 640-41 (10th Cir. 1991); *Superior Oil Co. v. United States*, 798 F.2d 1324, 1328-29 (10th Cir. 1986). The Supreme Court has defined exhaustion of tribal court remedies to include appellate review within the tribal court system. *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 17 (1987).

8

Plaintiffs assert that tribal court exhaustion is not required pursuant to *National Farmers,* "where the action is patently violative of express jurisdiction prohibitions" and reference *Nevada v. Hicks,* 533 U.S., 353, 3639 (2001), as authority to assert that the U.S. Supreme Court has held that "tribal courts have no jurisdiction over state officials for causes of action arising out of their official duties." However, in *Hicks,* the U.S. Supreme Court's reasoning was based on violations which occurred off reservation and states in pertinent part as follows:

> We conclude today, in accordance with these prior statements, that tribal authority to regulate state officers in <u>executing process related to the violation, off reservation, of state laws</u> is not essential to tribal self-government or internal relations – to "the right to make laws and be ruled by them."

*Nevada v. Hicks*, 533 U.S. 353, 364 (2001). Thus, the determination that tribal courts have no jurisdiction over state officials is limited to actions occurring off reservation.

The U.S. Supreme Court further states in closing:

> [W]e acknowledge that tribal ownership [over lands] is a factor in the *Montana* analysis, and a factor significant enough that it "may sometimes be ... dispositive," *supra,* at 2310. <u>We simply do not find it dispositive in the present case, when weighed against the State's interest in pursuing off-reservation violations of its laws</u>. See *supra,* at 2312 (concluding that "[t]he State's interest in execution of process is considerable" enough to outweigh the tribal interest in self-government "even when it relates to Indian-fee lands").

*Hicks*, 533 U.S. at 370, emphasis added. The cases pending before the Tribal Court concern actions that allegedly occurred within the Tribe's jurisdiction. As such, the Tribal Court must be given the opportunity to assess whether or not such violations occurred within the Tribe's jurisdiction and determine whether or not the Tribal Court has jurisdiction over the parties in those cases.

Plaintiffs have not refuted these dispositive cases. The Tribal Court has yet to determine whether or not it does in fact have jurisdiction over the parties. The Tribal Court must be given

the opportunity to evaluate the factual and legal bases for the challenge, and therefore, dismissal is appropriate.

    E. <u>No Acknowledgement or Rebuttal for Lack of Subject Matter Jurisdiction in the Absence of Diversity</u>

It is not enough to simply cite to 28 U.S.C. §1332 to establish diversity jurisdiction. It is well settled that Indian tribes are not citizens of any state for purposes of diversity jurisdiction. *Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993) (no diversity jurisdiction when there was no evidence that defendant entity was corporation separate from the Mescalero Apache Tribe); *see generally* COHEN'S HANDBOOK OF FEDERAL INDIAN LAW, § 7.04[1][c], pp. 618-620 (5th Ed.). Furthermore, for purposes of diversity jurisdiction, the individually named Tribal Defendants are not citizens of a state other than the state of Utah.

Plaintiffs have not refuted this dispositive case nor have they provided any evidence to demonstrate that Tribal Defendants are citizens of a state other than the state of Utah, and therefore, dismissal is appropriate.

## **CONCLUSION**

Based on the facts and legal authorities cited herein, there is no waiver of tribal sovereign immunity in this case. There is also no federal question jurisdiction under 28 U.S.C. § 1331, no Article III jurisdiction for lack of a ripe case or controversy, and no diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs have not met their burden of establishing subject-matter jurisdiction.

Based on the facts and legal authorities cited herein, Plaintiffs did not comply with the requirements of Rule 4(e) and (h) of the Federal Rules of Civil Procedure. There is proof of

insufficient process and insufficient service of process. Plaintiffs have not met their burden of establishing personal jurisdiction.

WHEREFORE, the Tribal Defendants' respectfully request that this honorable Court dismiss the claims against them with prejudice under Federal Rule 12(b)(1), (2), (4) and (5).

Dated this 2nd day of November, 2012.

FREDERICKS PEEBLES & MORGAN, LLP

*/s/ Alvina L. Earnhart*
Frances Bassett (*Pro Hac Vice*)
Alvina L. Earnhart (*Pro Hac Vice*)
1900 Plaza Drive
Louisville, CO 80027
Telephone: (303) 673-9600
Facsimile: (303) 673-9155
Email: fbassett@ndnlaw.com
Email: aearnhart@ndnlaw.com

J. PRESTON STIEFF LAW OFFICES

*/s/ J. Preston Stieff*
*(Signed by Filing Attorney with permission of Attorney)*
J. Preston Stieff, USB #4764
136 East South Temple, Suite 2400
Salt Lake City, UT 84111-2221
Telephone: (801) 366-6002
Facsimile: (801) 366-6007
Email: jpslaw@qwestoffice.net

*Attorneys for Defendants Ute Indian Tribe of the Uintah and Ouray Reservation; Business Committee for the Ute Tribe of the Uintah and Ouray Reservation; Tribal Court for the Ute Tribe of the Uintah and Ouray Reservation; Irene C. Cuch; Ronald J. Wopsock; Frances M. Poowegup; Stewart Pike, Sr.; Richard Jenks, Jr.; Phillip Chimburas; and Honorable Smiley Arrowchis*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of November, 2012, I electronically filed the foregoing **REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' THIRD and FOURTH MOTIONS TO DISMISS,** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all parties of record as follows:

| | | |
|---|---|---|
| Jesse C. Trentadue<br>Carl F. Huefner<br>Noah M. Hoagland<br>Britton R. Butterfield<br>SUITTER AXLAND, PLLC<br>8 East Broadway, Suite 200<br>Salt Lake City, UT 84111<br>*Attorneys for Plaintiff* | Edson Gardner<br>P.O. Box 472<br>Fort Duchesne, UT 84026<br>*Defendant* | Athenya Swain<br>P.O. Box 472<br>Fort Duchesne, UT 84026<br>*Defendant* |
| Marea A. Doherty<br>Deputy Duchesne County Attorney<br>P.O. Box 346<br>Duchesne, UT 84021<br>*Attorneys for Plaintiff* | Lynda Kozlowicz<br>P.O. Box 472<br>Fort Duchesne, UT 84026<br>*Defendant*<br><br>Kozlowicz & Gardner Advocates, Inc.<br>P.O. Box 472<br>Fort Duchesne, UT 84026<br>*Defendant* | Johnny Slim, Sr.<br>P.O. Box 472<br>Fort Duchesne, UT 84026<br>*Defendant*<br><br>Dean Reed<br>c/o Janet Cuch<br>P.O. Box 404<br>LaPoint, UT 84039<br>*Defendant* |

*/s/ Alvina L. Earnhart*
Alvina L. Earnhart