Edson Gardner, Attorney Pro-Se.
Athenya Swain, Attorney Pro-Se.
Post Office Box 472
Fort Duchesne, Utah 84026
Telephone; (423) 722-8224 or 722-6707

FILED
U.S. DISTRICT COURT

2012 OCT 30 ⊃ 12: 45

DISTRICT OF UTAH

BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| Honorable Clair M. Poulson, Judge of the Duchesne County Justice Court, and Derek Dalton, | Civil No. 212-CV-00497 |
| Plaintiff(s), | DEFENDANT INDIAN'S APPLICATION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER ON UINTAH COUNTY JUDGE |
| v. | |
| Edson Gardner, and Athenya Swain. | |
| Defendant(s), | Judge, Bruce S. Jenkins |

Defendant, Edson Gardner, and Athenya Swain, Attorney
Pro-Ses, files Application For Preliminary Injunction And
Temporary Restraining Order to cause of action, pursuant to
Violent Crime Control and Law Enforcement Act of 1994, Pattern
and Practice, 28 U.S.C. 14141, and pursuant to All Writs Act,
28 U.S.C. 1651(a) and rule 65 of Federal Rules of Civil
Procedure, as well as Local Rule 65(a)(1), (2) and 65
(b), within Indian Country, 18 U.S.C. 1151, joining as
Defendant Uintah County from undertaking any further efforts
to effectuate, maintain, or complete foreclosure, acquisition,

1

conveyance or sale of, or transfer of title to, Plaintiff Indians owned properties in Uintah and Ouray Reservation within Uintah County and from interfering in any way with Plaintiff Indian's ownership, possession and occupancy of said lands, unless restrained as required herein, the U.S. Supreme in, Soldal v. Cook County, 506 U.S. 56 (1992), reversing en banc and panel decisions of Seventh Circuit Court of Appeals within the Fourth Amendment search case holding, government participated in an illegal eviction amount to violation of tenants constitutional rights, and Fourth Amendment protects of property. In the Eighth district Court of Uintah County held hearing in which the Judge violated civil rights and U.S Constitutional rights and due process of Plaintiff Indians, whom files this action that has resulted in irreparable harm and deprivation of Plaintiff Indian's fundamental rights of ownership, possession, and occupancy of such property rights. Plaintiff Indian's possesses lands within Indian Country, 18 U.S.C. 1151, including lands to which Defendant Uintah County has assigned following property for illegal eviction. This is supported by Plaintiff Gardner and Swain v. Hon. McClellan (**attached herein**), In this federal action for Plaintiff Indians Motion For Temporary Restraining Order And Order To Show Cause On Defendant Eighth Judicial District Hon. Judge

2

Clark A. McClellan., Vernal Department Uintah County, State of Utah in, <u>GE Money Bank v. Swains</u>, No. 120800100 (Order Of Restitution Pursuant To: Hearing of October 23, 2012), dated Oct. 24, 2012 (**attached to TRO**) Defendant Hon. McClellan, and if permitted by U.S. District Court, Defendant Hon. McClellan to file and serve reply papers.

Respectfully submitted this day 29th of Oct. 2012.

_____
Edson Gardner, Attorney Pro-Se.

_____
Athenya Swain, Attorney Pro-Se.

Edson Gardner, Attorney Pro-Se.
Athenya Swain, Attorney Pro-Se.
Post Office Box 472
Fort Duchesne, Utah 84026
Telephone; (423) 722-8224 or 722-6707

---

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH CENTRAL DIVISION

---

Edson Gardner,
and Athenya Swain,                     Civil No. 212-CV-00497

        Plaintiff(s),              PLAINTIFF INDIANS COMPLAINT
v.                                      FOR TEMPORARY RESTRAINING
                                        ORDER AND ORDER TO SHOW
Honorable Clark A. McClellan,           CAUSE ON DEFENDANT
Judge of the Uintah County,

                                        Judge, Bruce S. Jenkins
        Defendant(s),

---

Plaintiff Edson Gardner, and Athenya Swain, Attorney
Pro-Se, files this Complaint For Temporary Restraining Order
And Order To Show Cause of action, pursuant to Violent Crime
Control and Law Enforcement Act of 1994, Pattern and practice,
28 U.S.C. 14141, and pursuant to All writs act, 28 U.S.C.
1651, and rule 65 of Federal Rules of Civil Procedure, within
Indian Country, 18 U.S.C. 1151, as follows;

    1.   Plaintiff Indians pursuant to Ute Indian Tribe of
the Uintah and Ouray Reservation v. State of Utah, 114 F. 3d
1513 (10th Cir. (10th Cir. 1997), pursuant to Injunctions,
Fed. R. Civ. P. 65 and Preliminary Injunction (a), and

1

Temporary Restraining Order, (b), because there is a case filed in Ute Tribal Court, Swain v. GE Money Bank prior to the action in Eighth District Court, which Plaintiff Indians now requests U.S. District Court to enter Temporary Restraining Order and Order to Show Cause directing Defendants to appear before this U.S. District Court to show cause, why preliminary injunction should not be issued in this matter enjoining Uintah County.

2.   Enjoining Defendant Uintah County Officials from imposing County as U.S. Supreme, Soldal v. Cook County, 506 U.S. 56 (1992), reversing of Eighth district court descision and Order on Fourth Amendment search case, holding government participation in an illegal eviction amount to violation of ownership, constitutional rights, and Fourth Amendment protects of property rights purporting to prevent Plaintiff Indians on Trust Property on illegal evictions by counties within Country Indian land located on  property within Uintah and Ouray Indian Reservation more specifically described hereto as Defendant Uintah County in Indian Country, 25 U.S.C. 1151. Which Plaintiff Indians property is in Indian Country property, held by Acquisition of lands, water rights or surface rights, appropriation; title to lands; tax exemption,

25 U.S.C. 465, and Federal regulations, Land Acquisition, 25 U.S.C. 151.

3.   Enjoining Defendant Uintah County from otherwise interfering, or causing interference with Plaintiff Indians property as illegal eviction, and use of such illegal evictions and structures of Indian Country land, and use of such illegal evictions and structure of Indian Country, 18 U.S.C. 1151.

This motion is based on following;

A.   The U.S. Department of Interior has transferred parcels of real property located in Uintah County into trust for benefits of Plaintiff Indians. As "Indian Trust property" the property is exempt from Utah State and Uintah County local regulation including illegal eviction regulation;

B.   The Ute Tribe V. 10th Cir. in 1997, has entered into Indian Country, 18 U.S.C. 1151 with land providing for construction as illegal evictions of property in Indian Country Land, or property by Plaintiff Indians.

C.   Defendant Uintah County has issued illegal eviction Order on basis that no illegal eviction permit have been granted by State of Utah, and preventing Plaintiff Indians from continuing to challenge illegal eviction, or exempt on construction and disregard Indian Country, 18 U.S.C. 1151 of

Federal Indian land status on Indian land property.

D. The illegal eviction Order creates ongoing immediate and irreparable harm by Defendant Uintah County continued interferes with Plaintiff Indians land, and prevents Plaintiff Indians from performance under illegal eviction in Indian Country Land; and denies Plaintiff Indians benefits of their Indian Country Land causing damages for which there is no remedy at law against Defendant Uintah County because of illegal evictions.

3. Plaintiff Indian's Complaint is further based in Indian Country, 18 U.S.C. 1151 in support of attached for Temporary Restraining Order filed.

Respectfully submitted this day 29th of Oct 2012.

Edson Gardner, Uintah
Attorney Pro-Se.

Athenya Swain,
Attorney Pro-Se.

4

*DATE 28 OCT 12*
*TIME 1700*
*UTAH COUNTY CLERK/RECORDER*
*SCOTT STANSON*
*801-262-8900*

Shelly Espinosa (USB No. 11658)
Scott Lundberg (USB No. 02020)
LUNDBERG & ASSOCIATES
Attorneys for Plaintiff
3269 South Main Street, Suite 100
Salt Lake City, Utah 84115
Telephone: (801) 263-3400
shelly.espinosa@lundbergfirm.com

L&A Case No. 12-26927/JLS

*YOU MUST BE OUT BY 11-1-2012 3 PM.*

### EIGHTH JUDICIAL DISTRICT COURT, VERNAL DEPARTMENT
### UINTAH COUNTY, STATE OF UTAH

| | |
|---|---|
| GE MONEY BANK,<br><br>Plaintiff,<br><br>vs.<br><br>JEREMY D. SWAIN AND ATHENYA SWAIN AND SHANESA SWAIN AKA JOHN DOE and JOHN DOE/JANE DOE/OCCUPANT,<br><br>Defendants. | ORDER OF RESTITUTION PURSUANT TO: Hearing of October 23, 2012<br><br><br><br><br><br>Civil No. 120800100<br><br>Judge Clark A McClellan |

Pursuant to the hearing on October 23, 2012 before the Honorable Clark A McClellan, District Court Judge Presiding and based on review of the pleadings, hearing arguments of counsel and defendants, and, good cause appearing, it is hereby:

**ORDERED, ADJUDGED and DECREED AS FOLLOWS:**

Plaintiff shall be entitled to an Order of Restitution granting Plaintiff immediate possession of the premises during the pendency of this action or until further order of the Court:

Within 72 hours following the service of this Order of Restitution upon you, you must vacate the premises located at 661 North 5750 East, Fort Duchesne, UT 84026, more particularly described as follows:

Township 2 South, Range 1 East, Uintah Special Meridian Section 16: the South one-half of the Northeast Quarter of the Southwest Quarter of the Northwest Quarter.

Also, within 72 hours following the service of the Order of Restitution upon you, you must remove your personal property, and restore possession of the premises to the plaintiff, or be forcibly removed by a Sheriff or Constable.

Pursuant to Section §78B-6-812 of *Utah Code Annotated*, you are advised of your right to contest the terms of this order of restitution or the manner of its enforcement. To do so you must file a request for hearing within 72 hours service of this order.

If you fail to comply with this Order of Restitution within 72 hours following its service upon you, the Sheriff or Constable may, at the direction of the plaintiff, enter the premises by force using the least destructive means possible to remove you, your personal property, and any persons claiming a right to occupancy from you. This Order of Restitution does not preclude further orders of the Court regarding possession, not does it preclude any claims by the Plaintiff still pending before the Court.

## TO THE SHERIFF OR CONSTABLE OF UINTAH COUNTY:

An order was entered by the Court on the date below, for restitution to plaintiff of the premises located at 661 North 5750 East, Fort Duchesne, UT 84026, more particularly described as follows:

Township 2 South, Range 1 East, Uintah Special Meridian Section 16: the South one-half of the Northeast Quarter of the Southwest Quarter of the Northwest Quarter.

2

Therefore, you are commanded, as Sheriff or Constable, to restore to the plaintiff or its representative, the premises located at 661 North 5750 East, Fort Duchesne, UT 84026, by removing the defendants and any other unknown persons 72 hours following service of this order. You are hereby authorized to use appropriate force, if necessary, to restore said premises to the plaintiff.

DATED this 24th day of October, 2012.

BY THE COURT

_____
District Court Judge

3

## CERTIFICATION OF SERVICE

This is to certify true and correct copy of **DEFENDANT INDIAN'S APPLICATION FOR PRELIMINARY INJUNCTIOIN AND TEMPORARY RESTRAINING ORDER ON UINTAH COUNTY JUDGE,** foregoing document was delivered to following on this 29th day of Oct. 2012.

Uintah County Eighth Judicial
District Court
Hon. Clark A. McClellan
647 East 300 South
Vernal, Utah 84078

Edson Gardner, Attorney Pro-Se.

1

Edson Gardner, Attorney Pro-Se.
Athenya Swain, Attorney Pro-Se.
Post Office Box 472
Fort Duchesne, Utah 84026

RECEIVED CLERK

Oct. 29, 2012.

OCT 3 0 2012
U.S. DISTRICT COURT

U.S. District Court
Office of the Clerk
350 South Main Street, Suite 150
Salt Lake City, Utah 84101-2180

Re;   Poulson v. Ute Indian Tribe, Case No. 2;12-CV-00497

The following **DEFENDANT INDIAN'S APPLICATION FOR
PRELIMINARY INJUNCTION AND TEMPORARY RESTRASINING ORDER ON UINTAH
COUNTY JUDGE,** is submitted for filing and review with United
States District Court of Utah. Please stamp and file.

Respectfully submitted.

Edson Gardner, Attorney Pro-Se.

Athenya Swain, Attorney Pro-Se.

1