J. Preston Stieff, USB #4764
J. PRESTON STIEFF LAW OFFICES
136 East South Temple, Suite 2400
Salt Lake City, UT  84111-2221
Telephone:  (801) 366-6002
Facsimile:  (801) 366-6007
Email: jpslaw@qwestoffice.net

Frances Bassett (*Pro Hac Vice*)
Alvina L. Earnhart (*Pro Hac Vice*)
FREDERICKS PEEBLES & MORGAN LLP
1900 Plaza Drive
Louisville, CO 80027
Telephone: (303) 673-9600
Facsimile: (303) 673-9155
Email: fbassett@ndnlaw.com
Email: aearnhart@ndnlaw.com


Jeffrey S. Rasmussen (*Pro Hac Vice*)
FREDERICKS PEEBLES & MORGAN LLP
5401 Gamble Drive, Suite 280
Minneapolis, MN   55416
Telephone: (952) 681-7925
Facsimile: (952) 681-7945
Email: jrasmussen@ndnlaw.com

Attorneys for Defendants Tribal Court for the Ute Tribe of the Uintah and Ouray
Reservation; and Honorable Smiley Arrowchis

### UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HONORABLE CLAIR M. POULSON, in his official capacity as Judge of the Duchesne County Justice Court, and DEREK DALTON,<br><br>Plaintiffs,<br><br>v.<br><br>UTE INDIAN TRIBE OF THE | **REPLY IN SUPPORT OF MOTION TO DISMISS AS MOOT**<br><br><br><br>Civil No. 2:12-cv-00497-BSJ-EJF<br>Judge Bruce S. Jenkins |

1

UINTAH and OURAY RESERVATION; et al,

Defendants.

Magistrate Judge: Evelyn J. Furse

Judge Arrowchis and the Ute Court filed a motion to be dismissed from the claims against them because those claims are now moot.  In response, Plaintiffs filed a grossly offensive "argument" that the Tribe's Appellate Court is biased and would not decide any issue before it based upon the law; that instead "if this Court grants Tribal Defendants' Motion to Dismiss, the Ute Tribal Appellate Court will most certainly reverse the Ute Trial Court's dismissal . . . and remand for further proceedings."  Resp. at 4 n. 3.

As a matter of law, this Court must reject that argument.  Duncan Energy Co. v. Three Affiliated Tribes of Ft. Berthold Reservation, 27 F.3d 1294, 1301 (8th Cir. 1994) ("Absent any indication of bias, we will not presume the Tribal Court to be anything other than competent and impartial.").  As a matter of attorney ethics, the Tribe's Court requests that this Court admonish Plaintiffs' attorneys, who have clearly crossed a line.  Rule of Professional Conduct 8.2 states: "A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge."

Plaintiffs' attorney is entitled to whatever view he wants regarding tribes or their courts, but in public advocacy he is bound by decorum and Rule 8.2.  Tribal judges are judges under Rule 8.2, and therefore are to be accorded the protections from Rule 8.2.  Plaintiffs' assertion that the Tribe's judges will decide cases for improper reasons should be admonished.  Decorum and *respect* for judges, whether state, federal, or tribal, should be maintained.  It seems safe to

2

say that the Plaintiff would never make this type of unsupported accusation against a state or federal judge in a pleading, and this Court should not permit them to do it here.

Plaintiffs' "argument", while improper does encapsulate the error which caused them to add tribal officers as defendants to their suit.  They wrongly see the Tribe's Court as their adversary.  The Tribe's Court is not their adversary.  It is also not their friend.  It is a court—it is neutral.  When plaintiff's file suits, the Tribe's Court, like any other court, follows its procedures until the case is done.  Where the there is a threshold question of jurisdiction, that procedure is to promptly and lawfully exercise jurisdiction to determine if the court has jurisdiction.   In this matter, the Tribe's Court did that, and in fact Plaintiffs: 1) do not allege that the Tribal Court did anything procedurally or substantively wrong in any of the three underlying Tribal Court cases; and 2) Plaintiffs prevailed in the Tribal Court.  But even now, after prevailing, they continue to assert that the Tribal Court is their adversary.  The Tribe's Court must be dismissed because the claims against it are moot.  Plaintiffs should instead focus on remedies, whether in this Court or the Tribal Court (and we would suggest that their efforts would be better spent seeking those remedies in the Tribe's Court), which get at the acts of non-governmental parties which Plaintiffs perceive to be wrongful.

I.      THE CLAIMS AGAINST THE TRIBAL COURT BECAME MOOT WHEN THE TRIBAL COURT ORDERS OF DISMISSAL BECAME FINAL UPON THE RUNNING OF THE APPEALS PERIOD, AND EVENTS SUBSEQUENT TO THAT DO NOT RESURRECT JURISDICTION IN THIS COURT.

Plaintiff asserts, without any case citation, that this matter is not moot because two of the three parties filed time-barred notices of appeal in the Tribal Court.  This Court should reject Plaintiffs' legally unsupported assertion and should instead follow the undisputed analysis which the Tribal Court previously provided.  As the Tribal Court discussed and as Plaintiff's do not

dispute, as an issue of jurisdiction a federal court claim must be dismissed if, at any time it becomes moot.  And as the Tribe also discussed and as Plaintiffs do not dispute, the Tribal Court dismissed each of the three underlying Tribal Court suits and those orders of dismissal became final when the appeals period ran without any party filing a notice of appeal.  The claims against the Tribe's Court became moot at that point.  Subsequent events are immaterial, because this Court lost jurisdiction when the claims became moot.

Additionally, even if the Court were to look at the events subsequent to the claims becoming moot, those subsequent events simply reinforce that this case is moot.  Here, because the appeals period ran without an appeal being filed, the final order of dismissal remains, at this very moment, the binding and effective order.  The attempted belated filing of an appeal does not alter this fact.  If there is any change in this fact, we assume Plaintiffs will let the Court know, and at that point the Court might have a somewhat closer issue.  But at this time, Plaintiffs have no non-moot claims against the Tribal Court or its judge.

## II.   THIS COURT SHOULD NOT CONCLUDE ON THE CURRENT RECORD THAT THIS CASE IS "CAPABLE OF REPETITION YET EVADING REVIEW."

The general rule is that a federal court lacks jurisdiction to hear a moot case.  Plaintiffs ask this Court to decide this moot case based upon a narrow exception to the general rule.  That exception is for cases which are "capable of repetition yet evading review."  Plaintiffs accurately state the applicable two pronged test, but they misapply the test, broadening the narrow exception beyond its intended limits.

For both prongs of the test, the Court must look at the "challenged action."  But here there is <u>no challenged action</u> of the Tribal Court.[1]  Plaintiffs are not asserting that the Tribal Court did anything, either substantively or procedurally, wrong.  Based upon their own biases, they had predicted that the Tribal Court would, and they even after their prediction proved false, they continue to predict that the Tribe's Court will do something wrong someday.  But they are not challenging any action that the Tribal Court has actually taken.  Parties filed suits in the Tribal Court, and the Tribal Court exercised jurisdiction to determine its own jurisdiction, and it then dismissed the suits.

The claims against the Tribal Court and its judge do not fall within the narrow exception for claims capable of repetition yet evading review, and instead the general rule applies.  The moot claims must be dismissed.

**CONCLUSION**

For all of the reasons stated in the Tribal Court and Tribal Court Judge's motion to dismiss and this reply, the claims against them must be dismissed.

Respectfully submitted this 17th day of May, 2013.

FREDERICKS PEEBLES & MORGAN LLP

---

[1] Although this Court should not need to reach the issue, the Tribal Court also contends that the preferred exception to mootness does not apply because: 1) any conjectured future cases will not be repeats of the three cases which were just dismissed; 2) Plaintiff's argument that repetition is probable is based upon the remedies they are seeking against remaining defendants will not be effective.  This Court should reject that assumption, and therefore should reject the claim that repetition is sufficiently likely; 3) Plaintiffs have not met their burden to establish that future cases would similarly evade review.  In both this Court and the Tribe's Court, the plaintiffs in this court asserted that the Tribal Court lacked jurisdiction.  In these three cases, The Tribe's Court decided that question before this Court reached it, but that does not show that if the issue did repeat, the Tribe's Court would decide the issue faster the next time also; and 4) if in fact the issue is capable of repetition yet evades review, Plaintiffs have no cognizable complaint—instead it would show why Plaintiffs should not be running to this Court, why the doctrine of exhaustion of tribal court remedies would apply to such future cases.

/s/ Jeffrey S. Rasmussen
Jeffrey S. Rasmussen (*Pro Hac Vice*)
5401 Gamble Drive, Suite 280
Minneapolis, MN   55416
Telephone:  (952)681-7925
Facsimile:  (952)681-7945
Email: jrasmussen@ndnlaw.com


/s/ Alvina L. Earnhart
Frances Bassett (*Pro Hac Vice*)
Alvina L. Earnhart (*Pro Hac Vice*)
1900 Plaza Drive
Louisville, CO 80027
Telephone:  (303) 673-9600
Facsimile:  (303) 673-9155
Email: fbassett@ndnlaw.com
Email: aearnhart@ndnlaw.com


J. PRESTON STIEFF LAW OFFICES

/s/ J. Preston Stieff
(Signed by Filing Attorney with permission of Attorney)
J. Preston Stieff, USB #4764
136 East South Temple, Suite 2400
Salt Lake City, UT  84111-2221
Telephone:  (801) 366-6002
Facsimile:  (801) 366-6007
Email: jpslaw@qwestoffice.net

Attorneys for Defendants Tribal Court for the Ute Tribe of the Uintah and Ouray
Reservation; and Honorable Smiley Arrowchis

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2013, I electronically filed the foregoing REPLY IN SUPPORT OF MOTION TO DISMISS AS MOOT with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all parties of record as follows:

Jesse C. Trentadue
Carl F. Huefner
Noah M. Hoagland
Britton R. Butterfield
SUITTER AXLAND, PLLC
8 East Broadway, Suite 200
Salt Lake City, UT 84111
Attorneys for Plaintiff

Marea A. Doherty
Deputy Duchesne County Attorney
P.O. Box 346
Duchesne, UT 84021
Attorneys for Plaintiff

In addition, I hereby certify that service of the foregoing was effectuated upon the following via U.S. mail, postage prepaid, on this 17th day of May, 2013:

Edson Gardner
P.O. Box 472
Fort Duchesne, UT 84026
Defendant

Athenya Swain
P.O. Box 472
Fort Duchesne, UT 84026
Defendant

Lynda Kozlowicz
P.O. Box 472
Fort Duchesne, UT 84026
Defendant

Johnny Slim, Sr.
P.O. Box 472
Fort Duchesne, UT 84026
Defendant

Kozlowicz & Gardner Advocates, Inc.
P.O. Box 472
Fort Duchesne, UT 84026
Defendant

Dean Reed
c/o Janet Cuch
P.O. Box 404
LaPoint, UT 84039
Defendant

/s/ *Samirya Strong*
Samirya Strong

7